THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No. 2:08-MD-01919-MJP

Lead Case No. C07-1874 MJP

IN RE WASHINGTON MUTUAL, INC.
SECURITIES, DERIVATIVE & ERISA
LITIGATION

_____

IN RE WASHINGTON MUTUAL, INC.
ERISA LITIGATION

This Document Relates to:
ALL ACTIONS

DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED SECOND
AMENDED ERISA COMPLAINT

[**DD-04**]

*Note On Motion Calendar*: July 3, 2009

**ORAL ARGUMENT REQUESTED**

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 2

        A.      Parties.............................................................................................................. 2

        B.      The WaMu Savings Plan ................................................................................. 3

        C.      Plaintiffs' Allegations..................................................................................... 4

III.    ARGUMENT .............................................................................................................. 5

        A.      Plaintiffs Have Failed to Allege Facts That Could Plausibly Make the
                Director Defendants Fiduciaries ..................................................................... 6

                1.      The Director Defendants were not fiduciaries with respect to the
                        Plan investment options ...................................................................... 6

                2.      The Director Defendants' appointment of PIC members did not
                        make them responsible as fiduciaries for any decisions of the PIC
                        because the Director Defendants did not control the PIC....................... 10

        B.      Plaintiffs Fail to State a Claim Against the Director Defendants for Breach
                of the Duty to Monitor the PIC ...................................................................... 13

                1.      The Director Defendants had no duty to monitor the PIC's bases
                        for Plan investment decisions ............................................................. 14

                2.      The Director Defendants had no duty to provide information to the
                        PIC ...................................................................................................... 15

                3.      The Director Defendants had no duty to remove PIC members
                        because of the inclusion of WaMu stock as an investment option ......... 16

        C.      Plaintiffs Fail to State a Claim for Breach of Co-Fiduciary Liability.................. 17

IV.     CONCLUSION ......................................................................................................... 20

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874-MJP – i

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## **TABLE OF AUTHORITIES**

**Cases**

*Bannistor v. Ullman*, 287 F.3d 394 (5th Cir. 2002) ..................................................... 11

*Beauchem v. Rockford Prods. Corp.*, 2003 WL 1562561 (N.D. Ill. Mar. 24, 2003) .................... 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 5, 10, 18

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ......................................... 6

*Coyne & Delany Co. v. Selman*, 98 F.3d 1457 (4th Cir. 1996) ........................................... 6, 7, 16

*Crowley ex rel. Corning, Inc. Inv. Plan v. Corning, Inc.*, 234 F. Supp. 2d 222 (W.D.N.Y. 2002) ................................................................................ 8, 10, 11

*Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985) .................................... 8, 10, 14

*Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009) ................................................. 10

*Hull v. Policy Mgmt. Sys. Corp.*, 2001 WL 1836286 (D.S.C. Feb. 9, 2001) ......................... 14, 15

*Hunt v. Hawthorne Assocs., Inc*, 119 F.3d 888 (11th Cir. 1997) ...................................... 8

*In re Avon Prods., Inc. Sec. Litig.*, 2009 WL 848083 (S.D.N.Y Mar. 3, 2009) ......................... 18

*In re Bausch & Lomb Inc. ERISA Litig.*, 2008 WL 5234281 (W.D.N.Y. Dec. 12, 2008) .............. 8

*In re Calpine Corp. ERISA Litig.*, 2005 WL 1431506 (N.D. Cal. Mar. 31, 2005) ............... passim

*In re Dell Inc. ERISA Litig.*, 563 F. Supp. 2d 681 (W.D. Tex. 2008) ............................................ 6

*In re Duke Energy ERISA Litig.*, 281 F. Supp. 2d 786 (W.D.N.C. 2003) .................................... 13

*In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004) ......................... 14, 15, 16

*In re Huntington Bancshares Inc. ERISA Litig.*, 2009 WL 330308 (S.D. Ohio Feb. 9, 2009) ................................................................................ 5

*In re McKesson HBOC, Inc. ERISA Litigation*, 2002 WL 31431588 (N.D. Cal. Sept. 30, 2002) ................................................................................ 8, 16, 19

*In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646 (S.D. Tex. 2004) ................................ 15

*In re Take Two-Interactive Sec. Lit.*, 551 F. Supp. 2d 247 (S.D.N.Y. 2008) ................................ 5

*In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328 (N.D. Okla. 2003) .................. 14, 15, 19

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – ii

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

60225-0003/LEGAL16010801.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# **TABLE OF AUTHORITIES**
## **(continued)**

*In re WorldCom, Inc.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) ....................................................... 10

*Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506 (5th Cir. 1994) ...................................................... 18

*Kendall v. Visa, U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ........................................................ 5

*Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243 (5th Cir. 2008) ................................................ 7

*Lee v. Burkhart,* 991 F.2d 1004 (2d Cir. 1993) .............................................................................. 18

*Mellot v. ChoicePoint, Inc.*, 561 F. Supp. 2d 1305 (N.D. Ga. 2007) ............................... 13, 14, 16

*Pegram v. Herdrich*, 530 U.S. 211 (2000) ..................................................................................... 6

*Pohl v. Nat. Benefits Consultants, Inc.*, 956 F.2d 126 (7th Cir. 1992) .......................................... 9

*Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008) ....................................................................... 13

*Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793
    F.2d 1456 (5th Cir. 1986) ..................................................................................... 7, 10, 11

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ........................................... 5, 12

*Swartz v. Deutsche Bank*, 2008 WL 1968948 (W.D. Wash. May 2, 2008) .................................... 5

*Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004) ............................................... 6

*Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1094-95 (9th Cir. 2004) ............................... 6

**Statutes**

29 U.S.C. § 1102(a)(1) ................................................................................................................... 6

29 U.S.C. § 1102(a)(2) ................................................................................................................... 7

29 U.S.C. § 1105(a) ................................................................................................................. 17, 18

ERISA § 3(21), 29 U.S.C. § 1002(21) .................................................................................... 4, 7, 11

ERISA § 409, 29 U.S.C. § 1109(a) ................................................................................................. 6

**Regulations and Rules**

ERISA Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8 ............................................................ 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 5, 6

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – iii

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

Fed. R. Civ. P. 9(b) ...................................................................................................................... 18

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – iv

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

I.        INTRODUCTION

Plaintiffs concede in their Consolidated Second Amended Complaint ("Complaint") that the outside, independent directors who served on the Human Resources Committee of the Board of Washington Mutual, Inc. ("WaMu") were not named fiduciaries of the WaMu Savings Plan (the "Plan") and lacked any authority with respect to the Plan's assets or investments. Nonetheless, in an ill-founded attempt to expand liability to non-fiduciaries, plaintiffs claim that these outside directors (the "Director Defendants") violated the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiffs' claims against the Director Defendants should be dismissed.

As persuasively argued in the Washington Mutual Plan Investment Committee and Plan Administration Committee Defendants' Motion to Dismiss the Second Amended ERISA Complaint ("Committee Defendants' Motion"), Defendant Kerry K. Killinger's Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint ("Killinger's Motion"), and JP Morgan Chase's Motion to Dismiss Plaintiffs' ERISA Complaint ("Chase's Motion"), plaintiffs fail to state an ERISA claim against any of the other defendants.  The Director Defendants join the Committee Defendants' Motion, and if the Court grants that motion – as it should – then it need not even consider the Director Defendants' motion.  But even if plaintiffs have sufficiently stated a claim against any of the other defendants – which they have not – their claim against the Director Defendants fails for the following reasons:

*First*, the Director Defendants were not members of the Plan Investment Committee ("PIC") or the Plan Administration Committee ("PAC"), had no authority over the Plan's assets or investment options, and consequently were not fiduciaries with respect to the investment choices offered to Plan participants.  Therefore, the Director Defendants cannot bear any fiduciary responsibility for the inclusion of WaMu stock as an investment option under the Plan.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 1

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Second*, the Director Defendants' sole responsibility under the Plan was to appoint the members of the PIC and the PAC.  Plaintiffs fail to allege any facts from which it would be plausible to infer that in carrying out their appointment function, the Director Defendants assumed control of the actions of the PIC.  Accordingly, plaintiffs' claim that the Director Defendants were *de facto* or functional fiduciaries fails.

*Third*, regardless of the labels they place on the Director Defendants' alleged breach – whether couched as a duty to investigate or to monitor or to remove the PIC members – plaintiffs' claims are deficient because plaintiffs fail to plausibly allege that the Director Defendants appointed incompetent or unqualified personnel, or were on notice of any misadventure or wrongdoing by these appointees.  The Director Defendants' duty to appoint the PIC members cannot be converted into a duty to oversee every decision of the PIC because the Director Defendants had no authority or discretion with respect to the Plan assets or investments.

*Finally*, plaintiffs fail to state a claim for co-fiduciary liability because they have not sufficiently alleged that the Director Defendants had actual knowledge of and participated in any alleged breaches of fiduciary duty by any other defendants.

The Complaint impermissibly attempts to expand ERISA liability well beyond its limits by seeking to hold the Director Defendants responsible for an allegedly imprudent investment option provided by the Plan.  Even if the claims against the Committee Defendants survive – which they should not – Plaintiffs' claims against the Director Defendants should be dismissed.

## II.      BACKGROUND

### A.      Parties

Plaintiffs are current or former participants in the Plan.  Compl. ¶¶ 14-16.  Plaintiffs have named five categories of defendants: JP Morgan Chase; members of the PIC; members of the PAC; Kerry Killinger, the former CEO of WaMu; and the Director Defendants.  Compl. ¶¶ 19-23.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 2

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**B.     The WaMu Savings Plan**

The PIC and the PAC were the named fiduciaries of the Plan.[1]  WaMu Savings Plan, as Amended and Restated Effective January 1, 2006 ("Plan Document") § 12.1(c); WaMu Savings Plan Summary Plan Description (Jan. 2007) ("SPD") at 32.

The PIC was the fiduciary responsible for selecting investment options consistent with the requirements of the Plan.  Plan Document § 10.1(a).  The PIC was charged with, among other responsibilities, the duty of reviewing, selecting, removing and monitoring pre-selected investment funds as well as interpreting and construing the Plan with respect to the investment and disposition of Plan assets.  *Id*. § 12.2(c).  The PIC was also responsible for directing the Plan Trustee regarding the investment, reinvestment and disposition of contributions made under the Plan.  *Id*. §§ 2.53, 12.2(c).  The fiduciary obligations of the PIC are summarized in the SPD, which states:

> The Plan Investment Committee is responsible for selecting investment options for the plan and for monitoring the performance of those investments.

SPD at 32 (emphasis omitted).  Additionally, the SPD explains to Plan participants:

> The investment fund options offered in WaMu Savings are monitored and evaluated for performance by the Plan Investment Committee.  The Plan Investment Committee may change investment funds at any time.

SPD at 18.  The PAC was the named fiduciary responsible for the administration of the Plan.  Plan Document §§ 12.1(c), 12.2(a).  The PAC's duties included determining the eligibility of WaMu employees to participate in the Plan, determining the value of retirement benefits for Plan participants and their beneficiaries and resolving administrative questions concerning the Plan.  *Id.* § 12.2(b).  The PAC established and maintained an account for each Plan participant which reflected earnings on their selected investments.  *Id.* § 9.1.  The PAC was also responsible for authorizing and directing the Plan Trustee to disburse benefits to Plan participants and their

---

[1]  The Director Defendants refer the Court to the Committee Defendants' Motion for a description and summary of the Plan and its operation.  *See* Committee Defendants' Motion at Section II A.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. C07-1874- MJP – 3

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

beneficiaries.  *Id.* § 12.2(b).  The fiduciary obligations of the PAC are summarized in the SPD, which states:

> [t]he [PAC] has complete discretionary authority to interpret and construe the terms of the plan and to decide factual and other questions relating to the plan and plan benefits, including, without limitation, eligibility for, entitlement to, and payment of benefits.

SPD at 32.

The Director Defendants are outside, independent non-management directors of WaMu who served on the Human Resources Committee of the Board of Directors.  The Director Defendants did not serve on the PIC or the PAC and did not have any involvement in the decisions of the PIC and PAC.  The Director Defendants had a single duty with respect to the Plan:  to appoint the members of the PIC and the PAC.  Plan Document § 12.1(a).

## C.    Plaintiffs' Allegations

Plaintiffs broadly allege that the members of the PIC and the PAC acted imprudently by allowing Plan participants the freedom to choose to invest in WaMu stock – along with an extremely broad selection of other investment options – under the Plan.  Plaintiffs lump the Director Defendants into their assertions of fiduciary breach by claiming that the Director Defendants "were *de facto* fiduciaries of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21)."  Compl. ¶ 82.

The Director Defendants are named in three of six counts in the Complaint.  Count I alleges that the Director Defendants breached their fiduciary duty by allowing or not preventing the choice of WaMu stock under the Plan.  Compl. ¶¶ 391-410.  Count II alleges that the Director Defendants failed to provide information to the PIC[2] regarding WaMu stock, failed to ensure that the PIC was performing its fiduciary obligations properly, and should have removed PIC

---

[2]  Although the plaintiffs' allegations against the Director Defendants conflate the roles of the PIC and the PAC, for the reasons set forth in the Committee Defendants' Motion at Section C, the PAC had nothing to do with investment choices or the provision of investment information to participants and therefore has no business in this lawsuit.  In any event the rolf of the PAC has nothing to do with the claims against the Director Defendants, and this Motion will refer only to the PIC.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 4

60225-0003/LEGAL16010801.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

members because of their decision to include WaMu stock as an investment option.  Compl.
¶¶ 440-451.  Count V claims that all defendants are liable for supposed breaches of fiduciary
duty committed by other defendants because they were aware of the breaches and failed to
correct these breaches, knowingly participated in the breaches, and/or enabled the breaches.
Comp. ¶¶ 403-414.

## III.   ARGUMENT

To avoid dismissal, a complaint must present a claim that is plausible and not merely
"conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  *Twombly* makes
"plausibility" the touchstone for adequate pleading under Rule 12(b)(6).  *In re Take Two-
Interactive Sec. Lit.*, 551 F. Supp. 2d 247, 259 (S.D.N.Y. 2008).  In assessing plausibility, the
Court should reject labels, conclusions and formulaic recitations of the elements of the claims.
*Twombly*, 550 U.S. at 545; *see In re Huntington Bancshares Inc. ERISA Litig.*, 2009 WL 330308,
at *11 (S.D. Ohio Feb. 9, 2009) (quoting *Twombly* and stating that although "[p]laintiffs have []
set forth the appropriate labels and conclusions in their Amended Complaint, these allegations
are merely a "formulaic recitation of the elements of" this breach of fiduciary duty cause of
action and therefore cannot survive"); s*ee also Kendall v. Visa, U.S.A., Inc.*, 518 F.3d 1042, 1050
(9th Cir. 2008) (citing *Twombly* for the proposition that courts deciding Rule 12(b)(6)  motions
are "not required to accept as true conclusory allegations of law or legal conclusions couched as
factual allegations").  Moreover, the Court should not accept as true plaintiffs' conclusory
allegations that are contradicted by the documents referred to in the complaint.  *See, e.g.*,
*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Swartz v. Deutsche Bank*,
2008 WL 1968948, at *5 (W.D. Wash. May 2, 2008).

Although plaintiffs have bulked up the Complaint with allegations taken from complaints
in other lawsuits against some of these defendants and added assertions from news stories and
public filings, the alleged problems at WaMu and alleged failures of its management have
nothing to do with whether plaintiffs have stated an ERISA claim against the Director

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 5

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants.  The Court need only consider the Plan documents[3] to reach the conclusion that plaintiffs have failed to state an ERISA claim against the Director Defendants.

**A.     Plaintiffs Have Failed to Allege Facts That Could Plausibly Make the Director Defendants Fiduciaries**

Plaintiffs inappropriately seek to hold the Director Defendants liable as fiduciaries for the alleged imprudence of including WaMu stock as one of thousands of investment options under the Plan, even though the Director Defendants had no decision making authority or control over the Plan investment options, including the decision whether to include WaMu stock as such an option.

**1.     The Director Defendants were not fiduciaries with respect to the Plan investment options.**

To establish personal liability under ERISA § 409, 29 U.S.C. § 1109(a), "an individual or entity must be a 'fiduciary.'"  *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004).  Thus, the threshold question in a case charging breach of an ERISA fiduciary duty is whether a defendant was acting as a fiduciary when taking the action alleged in the complaint. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).  Fiduciary status under ERISA is not an "all-or-nothing concept."  *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996) (internal quotations and citation omitted).  An individual is an ERISA fiduciary in one of three circumstances:  (a) he or she is named as a fiduciary in the written plan document, 29 U.S.C. § 1102(a)(1); (b) he or she is identified as a fiduciary pursuant to a procedure specified in the

---

[3]  Plaintiffs conspicuously fail to attach the Plan documents to the Complaint.  For the Court's convenience, the Plan Documents are submitted as exhibits to the Declaration of Stephen M. Rummage filed with the Committee Defendants' Motion.  Because the Plan Documents are referenced and relied upon in the Complaint, the Court may appropriately consider them in their entirety in connection with resolving this motion to dismiss.  *See In re Dell Inc. ERISA Litig.*, 563 F. Supp. 2d 681, 686 (W.D. Tex. 2008) ("Documents not attached to the pleadings but to the motion to dismiss, may be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim . . . [because] in so attaching, the defendant merely assists the plaintiff in establishing the basis of the suits") quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)); *accord Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1094-95, 1096-97 (9th Cir. 2004) (relying on plan documents to find, on 12(b)(6) motion, that plan qualified for exemption from ERISA diversification requirement).

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 6

60225-0003/LEGAL16010801.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

written plan document, 29 U.S.C. § 1102(a)(2); or (c) he or she meets the definition of a functional or *de facto* fiduciary as set forth in 29 U.S.C. § 1002(21)(A).

The first two circumstances require that the individual be expressly designated as a fiduciary in the ERISA plan documents.  Plaintiffs do not allege that the Director Defendants are fiduciaries under an express designation.  Rather, plaintiffs allege that the Director Defendants are *de facto* fiduciaries.  Compl. ¶ 82.

A person is a functional or *de facto* fiduciary:

> ***to the extent*** (i) he [or she] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he [or she] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he [or she] has any discretionary authority or discretionary responsibility in the administration of such plan.

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)  (emphasis added).

ERISA provides that one is a fiduciary ***only*** "***to the extent***" that he or she has or exercises specified authority, discretion or control over a ***plan or its assets***.  29 U.S.C. § 1002(21)(A) (emphasis added); *Kirschbaum v. Reliant Energy, Inc*., 526 F.3d 243, 251 (5th Cir. 2008). Liability, therefore, lies only to the extent of that responsibility.  An ERISA fiduciary for one purpose is not necessarily a fiduciary for other purposes.  *Kirschbaum,* 526 F.3d at 251; *see also Coyne & Delany*, 98 F.3d at 1465 (the "inclusion of the phrase 'to the extent' in ERISA's definition of fiduciary means that a party is a fiduciary only as to the activities which bring the person within the definition") (internal quotations and citation omitted); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1459-60 (5th Cir. 1986) (same); *In re Calpine Corp. ERISA Litig.*, 2005 WL 1431506 at *2 (N.D. Cal. Mar. 31, 2005) ("*Calpine I*").

Guidance from the Department of Labor is the same: where members of a board are only responsible for the selection of plan fiduciaries "their responsibility, and consequently, their

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 7

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

liability, is limited to the selection and retention of fiduciaries."  ERISA Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8 (D-4); *see also id*., § 2509.75-8 (FR-16) (the personal liability of a fiduciary "is generally limited to the fiduciary functions, which he or she performs with respect to the plan").

Consistent with these principles, if a defendant, according to the express terms of plan documents, is responsible only for the appointment of plan fiduciaries and thus lacks any discretion or authority over the assets of the plan, plaintiff cannot establish a breach of ERISA duty against that defendant.  In *In re Bausch & Lomb Inc. ERISA Litig*., 2008 WL 5234281, at *11 (W.D.N.Y. Dec. 12, 2008), the court dismissed a "*de facto*" fiduciary duty claim against a corporation where plan documents demonstrated that it was the corporation's investment committee and not the corporation that was responsible for "overseeing the investment funds and choosing investment options for the Plan."  *See also Crowley ex rel. Corning, Inc. Inv. Plan v. Corning, Inc.*, 234 F. Supp. 2d 222, 229 (W.D.N.Y. 2002) ("Plaintiffs' first claim that defendants imprudently continued to offer participants the ability to invest their plan funds in Corning stock fails as to the Board, as is apparent from plaintiff's amended complaint, the Board did not control investment options."); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985) (holding it improper to bring a breach of fiduciary duty claim against a defendant who did not have discretionary control over the action at issue); *Calpine I*, 2005 WL 1431506, at *4 (same); *In re McKesson HBOC, Inc. ERISA Litigation*, 2002 WL 31431588, at *15 (N.D. Cal. Sept. 30, 2002) ("To the extent that a claim is made that [company stock] was an imprudent investment option, the claim is only assertable against the Administrative Committee.  The Board had no discretion in selecting investment options and therefore cannot be liable for any breach of fiduciary duty related to selecting investment options."); *Hunt v. Hawthorne Assocs., Inc*, 119 F.3d 888, 911 (11th Cir. 1997) (admonishing district court for reading ERISA plan to give fiduciary more authority than was explicit in the plan documents); *Pohl v. Nat. Benefits Consultants, Inc*., 956

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 8

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

F.2d 126, 129 (7th Cir. 1992) ("ERISA makes the existence of discretion a sine qua non of fiduciary duty").

Just as in the cases cited above, the Director Defendants had no discretion or authority under the Plan to make decisions with respect to Plan assets or Plan investment options and therefore had no fiduciary duty with respect to the inclusion or exclusion of WaMu stock as a participant investment choice.  To the extent that the Plan allowed for any discretion with respect to whether WaMu stock could be an investment option – which it did not – that authority was granted to the PIC:

> [t]he Plan Investment Committee may change the investment funds from time to time in its discretion.  The Plan Investment Committee **shall be the fiduciary responsible** for selecting the investment funds in the Plan.

Plan Document § 10.1(a) (emphasis added).  In addition, the SPD confirmed that:

> [t]he Plan Investment Committee is responsible for selecting investment options for the plan and for monitoring the performance of those investments.

SPD at 32; *see also id.* at 18 (providing that "[t]he investment fund options offered in WaMu Savings are monitored and evaluated for performance by the Plan Investment Committee.  The Plan Investment Committee may change investment funds at any time."); Compl. ¶¶ 87-88.  Plaintiffs' own allegations provide that the PIC was vested with complete control and authority over the investment options and assets of the Plan and was a fiduciary with respect to the investment options and assets of the Plan.  Compl. ¶¶ 66-73.  The Plan assigned *none* of this responsibility to the Director Defendants.

The Director Defendants did not have the discretionary authority or control to include or exclude WaMu stock as an investment option and therefore bear no fiduciary liability for the inclusion of WaMu stock as a Plan investment option.  The Director Defendants are not

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 9

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

fiduciaries with respect to Plan investment option decisions and therefore *could not have abused discretion they did not have.*[4]

**2.     The Director Defendants' appointment of PIC members did not make them responsible as fiduciaries for any decisions of the PIC because the Director Defendants did not control the PIC.**

Recognizing that the Director Defendants had no discretion with respect to investment options, plaintiffs make a gigantic leap and claim that the Director Defendants' obligation to appoint PIC members makes the Director Defendants liable as "functional fiduciaries" for the decisions made (or according to plaintiffs, should have been made) by the PIC.  *See* Compl. ¶¶ 78-82, 394.  These allegations do not make sense let alone do they pass *Twombly's* plausibility test.

The obligation under the Plan to appoint fiduciaries gave rise to a limited fiduciary duty coextensive with that specific authority.  *See, e.g.*, *Sommers Drug Store*, 793 F.2d at 1460-61; *Gelardi*, 761 F.2d at 1325.  Simply because the Director Defendants appointed the PIC members did not make the Director Defendants fiduciaries with respect to the decisions made (or not made) by the PIC.  *Gelardi*, 761 F.2d at 1325.  *See also Crowley*, 234 F. Supp. 2d at 229-30 (persons that have the power to appoint and remove fiduciaries who control investment decisions of a retirement plan are not liable as fiduciaries with respect to the actions of their appointees); *Hecker v. Deere & Co.*, 556 F.3d 575, 583-84 (7th Cir. 2009) (finding that corporate defendants with no responsibility for plan investment options could not be fiduciaries for that purpose); *Calpine I*, 2005 WL 1431506, at **3-4 (dismissing claim against directors regarding alleged imprudence of including company stock as an option in retirement plan; directors' fiduciary duties regarding appointing fiduciaries did not extend to actions of appointees); *In re WorldCom, Inc.,* 263 F. Supp. 2d 745, 760-761 (S.D.N.Y. 2003) (dismissing a *de facto* claim against

_____

[4]  Director Defendants also join in Chase's Motion, Section III.  Even if the Director Defendants could have directed the PIC to remove WaMu as a stock option under the Plan - and they could not - such an act would have required an amendment to the Plan terms, which act is a non-fiduciary, settlor act.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 10

60225-0003/LEGAL16010801.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

directors, stating that ERISA "does not purport to make supervisors of fiduciaries also fiduciaries").

Persons who appoint fiduciaries are not liable for the fiduciary breaches of their appointees unless they actually *control* the appointees' decisions. *See, e.g.*, *Sommers Drug Stores*, 793 F.2d at 1460; *Crowley*, 234 F. Supp. 2d at 229. In *Crowley*, the court held that claims similar to those made here against directors failed because (1) the plan's assets were controlled by an advisory committee appointed by the board, and (2) the complaint contained no factual allegations to support the assertion that the director defendants had "*de facto* control" over the appointed committee members. 234 F. Supp. 2d at 229. The court flatly rejected any *respondeat superior* argument. *Id*. (citing *Bannister v. Ullman*, 287 F.3d 394, 408 (5th Cir. 2002)). Similarly, in *Sommers Drug Stores*, the court held that the defendants could not be liable as fiduciaries for their appointees' acts in the absence of actual control over their appointees. 793 F.2d at 1460.

Here, plaintiffs have not and cannot come close to plausibly alleging that the Director Defendants, through the appointment process, caused the PIC (1) "to relinquish their independent discretion" concerning Plan investment options, and (2) "to follow instead the course prescribed" by the Director Defendants. *Sommers Drug Stores*, 793 F.2d at 1460. To allow an inference of control over an appointed fiduciary absent such alleged specific facts would essentially "vitiate the notion of limited fiduciary responsibility established by the 'to the extent' language in ERISA § 3(21)(A) ." *Id.* The Complaint contains no factual allegations, let alone the specific allegations necessary to plausibly support an inference that the Director Defendants controlled the PIC's decisions.

As part of the flawed attempt to allege that the Director Defendants controlled the PIC's decisions, plaintiffs allege that the Director Defendants requested a complete evaluation of the Plan's financial performance which resulted in a change to the Plan's investment structure. Compl. ¶ 358. Plaintiffs allege:

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 11

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> [a]ccording to the Form 11-K for 2007, upon the enactment of the
> Pension Protection Act of 2006, in order to ensure that Plan
> participants continue to have an appropriate range of investment
> choices in the Plan, the HR Committee 'requested a complete
> evaluation of fund performance and expenses.' 2007 Form 11-K
> at 13.  As a result of such evaluation, a new investment structure
> was implemented in March, 2008.

Compl. ¶ 77.  Even though on their face these allegations having nothing to do with the WaMu

stock option, when read together, plaintiffs' allegations that the Director Defendants "'requested a

complete evaluation of fund performance and expenses,'" and that, "[a]s a result of such

evaluation, a new investment structure was implemented in March, 2008" are intended to suggest

that the Director Defendants imposed the implementation of a new Plan structure and therefore

evidence control.  Compl. ¶ 77.  But, the publicly-filed Form 11-K on which these allegations are

based, plainly contradicts this proposed inference:

> [u]pon the enactment of the Pension Protection Act of 2006, the
> [HR] Committee requested a complete evaluation of fund
> performance and expenses to ensure that participants continue to
> have an appropriate range of investment choices.  ***In 2007, the PIC***
> ***engaged a nationally respected consulting firm to perform a***
> ***comprehensive review of the core investment options in the Plan.***
> ***In March 2008, based on this review, the PIC implemented a new***
> ***investment structure*** **featuring separate accounts and target**
> **date funds offered by a broad group of professional investment**
> **managers.**  The new investment options will continue to allow
> participants to sufficiently diversify their portfolios and tailor their
> plan investments to their financial objectives, while offering lower
> overall expenses.

WaMu Savings Plan Form 11-K (filed June 30, 2008) at 13 (emphasis added).  *See* Declaration

of Ronald L. Berenstain, Exhibit A (attaching the document).

　　　Thus the "evaluation" refers to actions by the PIC not the Director Defendants and

provides no plausible basis to support a conclusion that the Director Defendants directed or

controlled any actions by the PIC or assumed control over the Plan's investment options.  *See,*

*e.g.*, *Sprewell*, 266 F.3d at 988 (in a motion to dismiss, a court need not accept as true allegations

contradicted by matters subject to judicial notice or by exhibit and is not required to accept as

true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 12

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

inferences).[5]  There are no allegations from which it can plausibly be inferred that the Director

Defendants played *any* role, direct or indirect, with respect to the discretionary authority of the

PIC.  Therefore plaintiffs' claim of functional fiduciary responsibility based on alleged control of

the PIC fails.[6]

**B.**   **Plaintiffs Fail to State a Claim Against the Director Defendants for Breach of the Duty to Monitor the PIC**

Relying on the same insufficient allegations from Count I, plaintiffs claim in Count II

that the Director Defendants breached their fiduciary duties by "failing to monitor" their

appointees, the members of the PIC and PAC.  Compl. ¶¶ 411-420.  But plaintiffs' attempt to

recast Count I's inadequate allegations with a "failure to monitor" label does not resolve Count I's

fatal flaws.  Count II should be dismissed because plaintiffs' "failure to monitor" allegations

simply repackage the insufficient allegations of Count I in an attempt to improperly expand the

Director Defendants' limited fiduciary duties with respect to their appointees.

First, as explained in the Committee Defendants' Motion, plaintiffs have failed to state a

claim against the PIC and PAC members, and therefore plaintiffs' "failure to monitor" claim

against the Director Defendants must also fail.[7]  *See, e.g.*, *Pugh v. Tribune Co.*, 521 F.3d 686,

702 (7th Cir. 2008); *Mellot v. ChoicePoint, Inc.*, 561 F. Supp. 2d 1305, 1316 (N.D. Ga. 2007)

("Because the Court found that Plaintiff cannot allege facts to show that Defendants acted

---

[5]  Plaintiffs embed within Count I an additional conclusory assertion that the Director Defendants breached their fiduciary duties by failing to avoid conflicts of interest with the Plan.  Compl. ¶¶ 403-404.  Plaintiffs' conflict of interest allegation concerns the compensation and tenure of the Director Defendants, which are allegedly tied to the performance of WaMu stock.  Compl. ¶¶ 403-404.  This conflict of interest assertion fails because plaintiffs have not alleged any facts that demonstrate how the alleged compensation and tenure of the Director Defendants conflicted with their limited fiduciary duty to appoint members of the PIC or PAC.  *See, e.g.*, *Calpine I*, 2005 WL 1431506 at *8 (dismissing conflict of interest claim with prejudice because plaintiff did not allege facts that demonstrated that stock sales by directors put them in conflict with their limited duties of appointing and reviewing the committee members who managed the plan).

[6]  Plaintiffs also allege in Count I that the Director Defendants breached their fiduciary duty by failing "to conduct an appropriate investigation of the merits of continued investment in WaMu stock."  Compl. ¶ 397.  But, this is just another way of asserting that the Director Defendants had responsibility for Plan investments, which they did not.

[7]  Counts II and V "do not provide independent grounds for relief, but rather depend upon the establishment of an underlying breach of fiduciary duty cognizable under ERISA."  *In re Duke Energy ERISA Litig.*, 281 F. Supp. 2d 786, 795 (W.D.N.C. 2003).

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 13

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

imprudently with regard to the offering of the Stock Fund, Plaintiff cannot maintain a claim of failure to monitor").  Even if plaintiffs have stated a claim for breach of a fiduciary duty against the PIC, plaintiffs have failed to state a claim that the Director Defendants violated the supposed duty to monitor arising from their obligation to appoint members of the PIC.

### 1.     The Director Defendants had no duty to monitor the PIC's bases for Plan investment decisions.

The obligation to appoint other fiduciaries does not carry with it a fiduciary duty to monitor the *bases for investment decisions* made by those appointees.  *Gelardi*, 761 F.2d at 1325. *See also Mellot*, 561 F. Supp. 2d at 1315-16 (collecting cases describing the limited duty); *Calpine I*, 2005 WL 1431506, at *6 (the duty of an ERISA fiduciary to review the performance of its appointees is a limited one); *In re Dynegy*, *Inc. ERISA Litig.*, 309 F. Supp. 2d 861, 901 (S.D. Tex. 2004); *In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328, 1339 (N.D. Okla. 2003) (dismissing failure to monitor claims against board because "the power of the Board under the Plan is limited to appointing, retaining, and removing members of the Benefits Committee"); *Hull v. Policy Mgmt. Sys. Corp.*, 2001 WL 1836286, at *7 (D.S.C. Feb. 9, 2001) (same); *Beauchem v. Rockford Prods. Corp.*, 2003 WL 1562561 at *1 (N.D. Ill. Mar. 24, 2003) (dismissing claim that employer failed to monitor plan fiduciaries because "[n]othing requires or allows [the company] control over the Plan Committee beyond appointing its members").

Plaintiffs have failed to adequately state a claim against the Director Defendants for failure to monitor the PIC because the Director Defendants' discretionary obligation required appointment of fiduciaries, not any discretionary involvement in decisions made (or not made) by these fiduciaries.  Plaintiffs cannot convert a duty to appoint into a duty to make or direct investment decisions by adding a 'duty to monitor' label.  No monitoring activity could have resulted in the Director Defendants making or directing investment decisions because that discretionary power did not rest with the Director Defendants.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 14

60225-0003/LEGAL16010801.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.       **The Director Defendants had no duty to provide information to the PIC.**

In a similar vein, plaintiffs claim that the Director Defendants breached a supposed fiduciary obligation to provide information to the PIC regarding WaMu's allegedly inappropriate business practices, which presumably would have led the PIC to remove the WaMu stock option as part of the Plan.  Putting aside that such allegations are based on pure speculation, this claim is as legally flawed as the general failure to monitor claims because the Director Defendants had no duty to provide any information to the PIC in connection with the exercise of the PIC's discretionary authority.  The Director Defendants' obligation to appoint the PIC did not impose on the Directors an obligation to provide to the PIC information potentially relevant to the PIC's decisions.

In *In re Dynegy*, the plaintiff asserted that the directors breached their fiduciary duty by, among other actions, failing to disclose to their appointees "material information bearing on Dynegy stock," including the company's allegedly inappropriate business practices and failing to ensure that their appointees "took the appropriate action with [respect to] the accurate information."  309 F. Supp. 2d at 901.  The court rejected this attempt to expand the limited duties of directors who appoint fiduciaries, concluding that these alleged failures were not related to the directors' limited fiduciary responsibilities to appoint fiduciaries.  *Id.* at 901-902.  The act of appointing a fiduciary does "not give rise to the expansive duty to disclose all allegedly pertinent information to the Plan fiduciaries."  *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 659 (S.D. Tex. 2004).  *See also In re Williams*, 271 F. Supp. 2d at 1339 (dismissing claim against directors for alleged breach of duty to monitor and to "issue, directly or indirectly, corrective disclosures" because "the power of the Board under the Plan is limited to appointing, retaining, and removing members of the Benefits Committee"); *Hull*, 2001 WL 1836286, at *8 (finding no duty "to keep the committee informed of what can only be characterized as 'inside information' for use in the making of its investment decisions").  Plaintiffs fail to allege a breach

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 15

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

by the Director Defendants based on the nonexistent and unsupportable duty to provide information to the PIC.

### 3. The Director Defendants had no duty to remove PIC members because of the inclusion of WaMu stock as an investment option.

In yet another attempt to equate the duty to appoint PIC members with responsibility for discretionary decisions regarding Plan assets and investments, plaintiffs claim that the Director Defendants breached a fiduciary duty by failing to remove PIC members solely because the PIC allowed WaMu stock as an investment option. These allegations fail to state a claim against the Director Defendants because plaintiffs' charge of wrongdoing relates solely to the inclusion of WaMu stock as a Plan option, and the Director Defendants had no authority to remove PIC members based solely on the PIC members' decision – if they even had the power to make that decision – to include WaMu stock as an investment choice under the Plan.

In *Dynegy*, the plaintiff similarly alleged that the directors "fail[ed] to replace the members of the . . . [investment committee] with persons who would act to protect the participants and beneficiaries of the Plan from making inappropriate investments in Dynegy stock." 309 F. Supp. 2d at 903. The court dismissed this claim because the complaint did not allege that the directors had failed to remove any specific appointees for incompetence, breach of fiduciary duties, or any other wrongdoing. *Id.* at 904. The court also noted the plaintiff's failure to allege that the directors "had notice that any specific appointees were incompetent or otherwise subject to replacement for cause." *Id.* Other courts agree with the *Dynegy* court's analysis. *See, e.g.*, *Coyne & Delany*, 98 F.3d at 1466 n.10 (holding that to find liability for duty to monitor when allegations do not identify breach of the duty to appoint qualified appointees, directors must generally be put "on notice of possible misadventure by their appointees") (internal quotations and citation omitted); *Mellot*, 561 F. Supp. 2d at 1316 (dismissing failure to

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. C07-1874- MJP – 16

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

monitor claim because "[p]laintiff has not alleged that Defendants had notice of any appointee conduct that would warrant removal.").[8]

Plaintiffs do not and cannot allege that the Director Defendants appointed incompetent or unqualified persons to the PIC or the PAC, nor do they allege that the Director Defendants had any notice regarding misconduct or misadventure of their appointees. The alleged "red flags" identified in the Complaint at ¶¶ 345-46 did not plausibly put the Director Defendants on notice regarding any improper conduct by the members of the PIC. Rather, these alleged "red flags" related to the overall mortgage and credit crises, not allegedly improper conduct by PIC members in connection with the Plan.

Without any allegations regarding specific bases to remove the members of the PIC, plaintiffs have failed to state a plausible claim that the Director Defendants breached their discretionary duty regarding appointment of PIC members. At bottom, the claim regarding a breach of fiduciary duty for failure to remove PIC members is based on the same failed allegations which make up all the claims against the Director Defendants – that the Director Defendants had discretionary control over the PIC's actions, which they did not under the Plan.

## C.    Plaintiffs Fail to State a Claim for Breach of Co-Fiduciary Liability

In a last ditch attempt to impose liability on the Director Defendants, plaintiffs allege that the Director Defendants are "co-fiduciaries" and are therefore liable under ERISA for contributing to other defendants' alleged fiduciary breaches. A person is liable as a "co-fiduciary" under ERISA *only* if he or she has knowledge of another fiduciary's breach and fails to make reasonable efforts to remedy the breach, knowingly participates in or conceals a breach by

---

[8]    And even if the appointment obligation carries with it some duty to evaluate appointees, here plaintiffs allege no facts from which it is reasonable to infer that the Director Defendants did not in fact evaluate or monitor the PIC. *See* Compl. ¶¶ 416, 418 ("In the absence of a sensible process for monitoring their appointees, the appointing fiduciaries *would have no basis* for prudently concluding that their appointees were faithfully and effectively performing their obligations") (emphasis added). *See Calpine I*, 2005 WL 1431506, at *6 (dismissing claim where no factual allegation supported the claim that defendants failed to review the performance of their appointees); *In re McKesson*, 2002 WL 31431588, at *16 (same).

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 17

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

another person, or enables such a breach by any active failure to comply with his own fiduciary

obligations under the Plan.  29 U.S.C. § 1105(a).

First, because plaintiffs have failed to sufficiently plead a primary breach on the part of

any defendant, there can be no claim for co-fiduciary liability.  *See* Committee Defendants'

Motion; *Calpine I*, 2005 WL 1431506, at *8; *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1525

n.34 (5th Cir. 1994) ("Because there was no breach of fiduciary duty on the part of the Rexene

defendants, it goes without saying that the Bank cannot be liable as a co-fiduciary for the same

conduct."); *In re Avon Prods., Inc. Sec. Litig.*, 2009 WL 848083, at *18 (S.D.N.Y Mar. 3, 2009)

(same).

Even if plaintiffs have succeeded in pleading a breach by some defendant, they fail to

sufficiently allege specific facts required by Fed. R. Civ. P. 9(b) or even plausible facts required

by Fed. R. Civ. P. 8 that the Director Defendants (1) had knowledge of a specific breach by any

fiduciary, and (2) knowingly participated in or concealed that breach, or enabled that breach by

an active failure to comply with their own fiduciary duties.  29 U.S.C. § 1105(a).

Plaintiffs make only group-pled boilerplate allegations in support of their claim for co-

fiduciary liability that are plainly insufficient to "raise a right to relief above the speculative

level."  *Twombly*, 550 U.S. at 545 (providing that "formulaic recitation of the elements of a cause

of action" is insufficient to withstand a motion to dismiss); *see In re McKesson*, 2002 WL

31431588 at *17 (providing that conclusory allegations that state that all defendants "either had

knowledge of the fiduciary breaches committed and failed to take reasonable efforts to remedy

breaches, or by acts or omissions, concealed relevant information, which constituted breaches of

fiduciary duty" without specification regarding each defendant are insufficient); *Lee v. Burkhart,*

991 F.2d 1004, 1011 (2d Cir. 1993) (dismissing claim for failure to allege defendant's actual

knowledge of purported breach of fiduciary duty that formed the basis for the co-fiduciary

claim).  Plaintiffs generally allege that the Director Defendants, along with all other defendants,

knew of the alleged breaches by the other fiduciaries and made no efforts to remedy those

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 18

60225-0003/LEGAL16010801.2

breaches.  Compl. ¶ 407.  Such allegations are inadequate.  *In re McKesson*, 2002 WL 31431588, at *17.  Plaintiffs fail to allege specific facts which were supposedly known by each Director Defendant regarding other alleged breaches, and they fail to allege facts concerning the supposed failed efforts by the Director Defendants to remedy the breaches of other defendants.  Moreover, plaintiffs' allegations of the Director Defendants' "knowing participation" lack any specific facts and are purely conclusory.

Plaintiffs also claim that the Director Defendants' alleged failure to monitor the PIC and the PAC "enabled" the PIC and the PAC to breach their fiduciary duties.  This "enabling" allegation is essentially the same as the deficient "failure to monitor" claim and does not provide a sufficient basis for a co-fiduciary duty claim.  Even if the Director Defendants had knowledge of a breach of fiduciary duty by another defendant, they could not have knowingly participated nor been in a position to remedy any such alleged breach because the Director Defendants had no discretion with respect to investment decisions under the Plan.  *See In re Williams*, 271 F. Supp. 2d at 1338 (granting motion to dismiss co-fiduciary claim because defendant "did not control investment decisions").

The allegations that the Director Defendants contributed to or enabled the fiduciary breaches of other defendants are inadequate because they fail to specifically or even plausibly allege any basis for holding the Director Defendants responsible for the alleged breaches of others.  The co-fiduciary claim against the Director Defendants should be dismissed.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 19

60225-0003/LEGAL16010801.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

### IV.    CONCLUSION

For all the reasons set out above, the Director Defendants respectfully request that

plaintiffs' claims against them be dismissed.


DATED:  April 27, 2009                          /s/Ronald L. Berenstain
                                                Ronald L. Berenstain, WSBA 7573
                                                David F. Taylor, WSBA No. 25689
                                                S. Kate Vaughan, WSBA No. 35970
                                                **Perkins Coie LLP**
                                                1201 Third Avenue, Suite 4800
                                                Seattle, WA  98101-3099
                                                Telephone:  206.359.8000
                                                Facsimile:  206.359.9000
                                                RBerenstain@perkinscoie.com
                                                DFTaylor@perkinscoie.com
                                                KVaughan@perkinscoie.com

                                                Attorneys for Defendants Stephen I. Chazen,
                                                Stephen E. Frank, Charles M. Lillis, Phillip D.
                                                Matthews, Margaret Osmer McQuade,
                                                James H. Stever, and Willis B. Wood, Jr.

DIRECTOR DEFENDANTS' MOTION TO DISMISS THE
CONSOLIDATED SECOND AMENDED ERISA COMPLAINT [DD-04]
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP – 20

60225-0003/LEGAL16010801.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**CERTIFICATE OF SERVICE**


I hereby certify that on April 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

Dated at Seattle, Washington, this 27th day of  April, 2009.

s/Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
David F. Taylor, WSBA No. 25689
S. Kate Vaughan, WSBA No. 35970
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
DFTaylor@perkinscoie.com
KVaughan@perkisncoie.com

Attorneys for Defendants Stephen I. Chazen, Stephen E. Frank, Charles M. Lillis, Phillip D. Matthews, Margaret Osmer McQuade, James H. Stever, and Willis B. Wood, Jr.

CERTIFICATE OF SERVICE
(CASE NO. 2:08-MD-01919-MJP) LEAD CASE NO. CO7-1874- MJP - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000