The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL, INC. SECURITIES & ERISA LITIGATION

No. 2:08-md-1919 MJP

IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION

This Document Relates to: ALL CASES

Lead Case No. C08-387 MJP

DD-06

**LEAD PLAINTIFF'S OPPOSITION TO THE OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

*Note on Motion Calendar*: August 25, 2009

Oral Argument Requested



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

I. PRELIMINARY STATEMENT ........ 1

II. ARGUMENT ........ 2

A. The Applicable Legal Standards ........ 2

B. The Outside Directors Have Not Demonstrated That The Court's Prior Analysis Of Their Control Over WaMu Is Incorrect ........ 3

C. The Amended Complaint Adequately Pleads Section 11 Claims ........ 7

1. In Accordance With The May 15 Order, Rule 8(a) Applies To The Amended Complaint's Section 11 Claims ........ 7

2. Lead Plaintiff's Non-Fraud Securities Act Claims Should Be Sustained Even If They Are Found to Sound in Fraud ........ 10

III. CONCLUSION ........ 10



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Atlas v. Accredited Home Lenders Holding Co.*,
556 F. Supp. 2d 1142 (S.D. Cal. 2008)....................3

*Batwin v. Occam Networks, Inc*,
No. CV 07-2750 CAS (SHx), 2008 WL 2676364
(C.D. Cal. July 1, 2008)....................6

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007)....................2

*In re Countrywide Fin. Sec. Litig.*,
588 F. Supp. 2d 1132 (C.D. Cal. 2008)....................9

*In re Daou Sys., Inc.*,
411 F.3d 1006 (9th Cir. 2005)....................2, 8

*Eminence Capital, L.L.C. v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003)....................10

*Fouad v. Isilon Sys., Inc.*,
No. C07-1764 MJP, 2008 WL 5412397
(W.D. Wash. Dec. 29, 2008)....................4, 6

*In re GlenFed, Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994)....................10

*In re Gupta Corp. Sec. Litig.*,
900 F. Supp. 1217 (N.D. Cal. 1994)....................6

*Hollinger v. Titan Capital Corp.*,
914 F.2d 1564 (9th Cir. 1990)....................4

*Howard v. Everex Sys. Inc.*,
228 F.3d 1057 (9th Cir. 2000)....................4, 5

*Lilley v. Charren*,
936 F. Supp. 708 (N.D. Cal. 1996)....................6



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

*McGuire v. Dendreon Corp.*, No. 07-800MJP, 2008 WL 1791381 (W.D. Wash. Apr. 18, 2008) ........ 3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049 (9th Cir. 2008) ........ 3

*Moss v. United States Secret Serv.*, --- F.3d ----, 2009 WL 2052985 (9th Cir. July 16, 2009) ........ 2

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ........ 9

*In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096 (D. Nev. 1998) ........ 9

*In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2005 WL 5036360 (S.D. Cal. Jan. 3, 2005) ........ 9, 10

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ........ 2

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........ 8, 9

*In re Washington Mutual, Inc. Sec., Derivative & ERISA Litig.*, No. 08-MD-1919, 2009 WL 1393679 (W.D. Wash. May 15, 2009) ........ *passim*

*Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111, 2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ........ 5, 6

*Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987) ........ 5, 6

**STATUTES & OTHER AUTHORITIES**

Securities Act of 1933 §11, 15 U.S.C. § 77k ........ 1, 7, 9, 10

Securities Act of 1933 § 15, 15 U.S.C. § 77*o* ........ 3, 4, 6, 7

Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) ........ 1

Securities Exchange Act of 1934 § 20(a), 15 U.S.C. § 78t(a) ........ 3, 6, 7



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Fed. R. Civ. P. 8 ........................................ 10

Fed. R. Civ. P. 8(a) ........................................ 2, 4, 7, 8, 9

Fed. R. Civ. P. 9 ........................................ 9-10

Fed. R. Civ. P. 9(b) ........................................ 1, 2, 8, 9, 10

Fed. R. Civ. P. 12(b)(6) ........................................ 2

Fed. R. Civ. P. 15(a) ........................................ 10



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

## I. PRELIMINARY STATEMENT

In its May 15, 2009 Order sustaining certain of Lead Plaintiff's claims under the Securities Act of 1933 (the "Securities Act") against the Outside Director Defendants (the "Outside Directors"), the Court addressed and rejected every one of the arguments presented in the Outside Directors' current motion to dismiss. *In re Washington Mutual, Inc. Sec., Derivative & ERISA Litig.*, No. 08-MD-1919, 2009 WL 1393679, at *15, *19-20 (W.D. Wash. May 15, 2009) ("May 15 Order").[1] Left without any new controlling authority or persuasive reasoning indicating that the Court's analysis was incorrect, the Outside Directors simply repeat the same arguments that were insufficient in their first motion to dismiss.[2] These arguments should again be rejected.

The Amended Consolidated Securities Complaint (the "Amended Complaint" or "Complaint") contains the same allegations of the Outside Directors' control over Washington Mutual, Inc. ("WaMu" or the "Company") that the Court has already found sufficient. These allegations demonstrate the Outside Directors' close involvement, through their membership on the WaMu Board of Directors and relevant committees, with activities that illustrate their control over WaMu and "affirmatively link board membership to WaMu's primary violation." May 15 Order at *20. The Outside Directors' arguments to the contrary are mere echoes of their previous unsuccessful motion.

Similarly, the Outside Directors again fail to demonstrate that the Complaint's allegations demonstrate a "unified course of fraudulent conduct" such that the Securities Act claims should be evaluated under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Consistent with the Court's previous findings, the Complaint carefully separates the negligence-based claims against the Outside Directors under § 11 of the Securities Act from the fraud-based claims against other Defendants under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). Thus, the § 11 claims against the Outside Directors (and the other Securities

[1] All subsequent "*" references to the May 15 Order are to the Westlaw version of the Order.

[2] This brief refers to the Outside Director Defendants' motion to dismiss as the "DD Mot."



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Act Defendants except Defendants Killinger and Casey) should be evaluated under Federal Rule of Civil Procedure 8(a)'s notice-pleading standard. However, even if the Court were to find that the Securities Act claims should be evaluated under Rule 9(b), the claims should be sustained.

For the reasons stated herein and in the Court's May 15 Order, the Outside Director's motion should be denied.[3]

## II. ARGUMENT

### A. The Applicable Legal Standards

In reviewing the Amended Complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the Plaintiffs' allegations as true and construe them in the light most favorable to the Plaintiffs. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005). Dismissal is appropriate only where, viewed in its totality, a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007); *see also Moss v. United States Secret Serv.*, --- F.3d ----, 2009 WL 2052985, at *6 (9th Cir. July 16, 2009) (to survive a motion to dismiss, a complaint "must be plausibly suggestive of a claim entitling the plaintiff to relief").

In deciding a motion to dismiss, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. May 15 Order at *2 (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). The Outside Directors seek judicial notice of three documents in support of their motion to dismiss, which were attached to a supporting declaration. DD Mot. at 9. These documents are audit committee charters of three companies unrelated to WaMu – DTS Inc., VirnetX Holding Corp., and Morgan Stanley – and have no connection with or relevance to this case. (The Morgan Stanley audit committee charter is totally unrelated to Morgan Stanley's status as an Underwriter Defendant in this case.) Thus, these documents are not any of the sorts of documents that could properly be the subject of judicial notice on this motion, such as *WaMu*

[3] To the extent the Outside Directors join other Defendants' arguments on the current motions to dismiss (DD Mot. at 4 n.2), Lead Plaintiff respectfully refers the Court to Lead Plaintiff's briefs in opposition to the other Defendants' motions.



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

SEC filings, *WaMu* conference call transcripts referenced in the Complaint, or other documents referenced in the Complaint. These three unrelated companies' documents do not become judicially noticeable simply because they were filed with the SEC. Cases holding that it is proper to take judicial notice of SEC filings on a motion to dismiss a securities complaint refer to filings by the issuer that is a defendant, not to unrelated companies' filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). The Court should not take judicial notice of the DTS, VirnetX, and Morgan Stanley documents, which are inappropriate for judicial notice and also are "not necessary to decide the issues presented" in the Outside Director Defendants' motion. May 15 Order at *2; *see also Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n.7 (S.D. Cal. 2008) (refusing to take judicial notice of documents concerning other companies). Should the Court elect to consider any of these documents, however, the Court has recognized that it should "draw no inferences in favor of defendants from judicially-noticed facts." May 15 Order at *2 (citing *McGuire v. Dendreon Corp.*, No. 07-800MJP, 2008 WL 1791381, at *4 (W.D. Wash. Apr. 18, 2008)).

Furthermore, the Outside Directors purport to "incorporate their arguments in support of their motion to dismiss the § 20(a) claim in the Prior Complaint" without repeating those arguments in their current brief and refer the Court to their opening and reply briefs in support of their prior motion. DD Mot. at 4 n.1. Lead Plaintiff respectfully submits that this is an improper attempt to evade the page limits applicable to the Outside Directors' current motion (which includes 21 pages of text) and that the Court should not now reconsider the Outside Directors' prior briefs. If the Court chooses to reconsider those prior briefs, Lead Plaintiff respectfully refers the Court to Lead Plaintiff's brief in opposition to the Outside Directors' prior motion.

**B. The Outside Directors Have Not Demonstrated That The Court's Prior Analysis Of Their Control Over WaMu Is Incorrect**

Section 15 of the Securities Act and § 20(a) of the Exchange Act both provide that a person or entity can be held liable as a "control person" of a primary violator of the securities laws to the same extent as the primary violator. To state claims under both § 15 and § 20(a),



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Plaintiffs must simply allege that the defendant (1) exercised "control" over (2) a primary violator of the securities laws. *See Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *11 (W.D. Wash. Dec. 29, 2008) (citing *Howard v. Everex Sys. Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000)). The Rule 8(a) notice pleading standard applies to the Court's consideration of the "control" element of these claims. *Id*. at *12. The analysis of "control" for § 15 and § 20(a) is identical. *See Hollinger v. Titan Capital Corp*., 914 F.2d 1564, 1578 (9th Cir. 1990); *Fouad*, 2008 WL 5412397, at *11-12.

The Court previously and correctly held that, with regard to Lead Plaintiff's § 15 Claims for the October 2007 Offering, Lead Plaintiff had sufficiently alleged the Outside Directors' control over WaMu:

> Plaintiffs successfully state a claim for control person liability against all Outside Director Defendants by alleging that, in a 2008 SEC filing, WaMu stated that "our entire board are and have been actively engaged in formulating and overseeing management's implementation of risk management policies."

May 15 Order at *20. Lead Plaintiff repeats this allegation in the Complaint (¶670), along with the other allegations the Court previously held to be sufficient to allege the Outside Directors' control over WaMu. For example, the Complaint again alleges that the Outside Directors signed the Offering Documents for each Offering (as defined at ¶677) (¶863); that they served on the Board of Directors (¶863); and specifically how each Outside Director Defendant (except Stever and Wood) served on the Finance or Audit Committee. ¶¶29-39, 658-71, 685-95. Lead Plaintiff alleges that the Finance Committee members were responsible for establishing "a set of credit risk concentration limits" (¶668); had been "receiving reports on the housing market regularly since 2005" (¶669); and "the [Finance] Committee had heard from outside experts, such as BlackRock, Standard & Poors, and Goldman Sachs, on various matters, including mortgage servicing rights and credit losses" (*id*.). Similarly, the Complaint alleges that the Audit Committee members, among other things, "assisted with the oversight of the integrity of the Company's financial reporting process and financial statements and systems of internal controls . . . [and] approved and monitored the administration of policies addressing management of



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

operational risk" (¶661), and were responsible for reviewing "the adequacy of internal controls" (¶662). As the Court previously held, these allegations are sufficient to allege the Outside Director Defendants' control over WaMu. *See* May 15 Order at *20.

Defendants mainly rely upon their assertion that the imposition of control person liability here would result in liability for every outside director. DD Mot. at 4-12. The Court has already considered and rejected this concern. *See* May 15 Order at *20 ("Bare allegations of Outside Director status are not sufficient to establish control person liability, but *Plaintiffs' allegation goes beyond this to affirmatively link board membership to WaMu's primary violations*.") (citation omitted; emphasis added). As discussed in Section II.A, the Outside Directors ask the Court to consider the audit committee charters of three unrelated companies, which are not properly subject to judicial notice. DD Mot. at 9. These Defendants' argument that their responsibilities as members of the audit committee should not make them subject to control person liability because other companies also have audit committees should be rejected, because other companies' practices, even if properly before the Court, in no way excuse these Defendants from the legal consequences of their control over WaMu's financial reporting and internal controls. The Outside Directors' argument that holding them liable here would expose directors of other companies to liability also has no merit, because if directors of other companies control their companies at times when those companies publicly sell securities under registration statements containing material misstatements and omissions, Congress has decided that such directors should indeed be liable under the Securities Act.

The cases upon which Defendants rely (DD Mot. at 4-12) are actually in accord with the Court's reasoning in the May 15 Order and are readily distinguishable from the control allegations of the Complaint here. *See, e.g.*, *Howard*, 228 F.3d at 1060 (affirming grant of summary judgment where discovery demonstrated defendants did not have control); *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1442 n.9 (9th Cir. 1987) (allegations of director status, without more, insufficient to allege control); *Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111, 2009 WL 942182, at *10-11 (N.D. Cal. Apr. 6, 2009) (dismissing control



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

person claims where plaintiffs offered no allegations of control); *Batwin v. Occam Networks, Inc*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364, at *25 (C.D. Cal. July 1, 2008) (allegations of committee membership insufficient, without more, to show control); *Lilley v. Charren*, 936 F. Supp. 708, 716-17 (N.D. Cal. 1996) (conclusory allegations of director status insufficient); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) (same). Indeed, with the exception of *Wool* and *Westland* (which, as shown above, do not change the Court's analysis), the Outside Directors previously cited all of these authorities in their briefs in support of their first motion to dismiss, which the Court considered in finding "control" in its prior Order.

Similarly, the Outside Directors again attempt to distinguish the Court's previous decision in *Fouad v. Isilon* (DD Mot. at 10-12). Their efforts are again unavailing. The allegations of control here are even stronger than in *Fouad* – in addition to relying on Board committee membership, from which the Court inferred control in *Fouad*, the Complaint provides the Company's own admissions of the Board members' control. (¶¶659-70).

To the extent that the Outside Directors are relying upon the fact that certain of the allegations upon which the Court previously relied in finding control for purposes of § 15 appear under the § 20(a) claim of the Complaint and are not repeated wholesale in the § 15 claim (DD Mot. at 12-13), this argument should be rejected. In accordance with the Court's instructions to make Plaintiffs' pleading more concise, the Securities Act claims do not repeat all of the allegations about the specific duties of the Audit and Finance Committees that are in the Exchange Act claims. ¶¶658-71. However, Defendants simply misstate the allegations of the Complaint by stating that the Securities Act allegations "do not include or incorporate any of the Exchange Act allegations by reference." *See* DD Mot. at 13 (purporting to cite ¶675). Paragraph 675 of the Complaint makes clear that Plaintiffs "specifically disclaim any reference to or reliance upon *allegations of fraud* in these non-fraud claims." ¶675 (emphasis added). Because Plaintiffs' allegations of control by the Outside Directors in ¶¶658-71 do not relate to or rely upon their allegations of fraud, Plaintiffs did not disclaim the allegations relating to the Outside Directors' control under § 20(a), and the Court should consider those allegations in finding



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

control under § 15. At best, Defendants raise an issue that elevates form over substance, as those allegations could be repeated in the Securities Act section of the Complaint, if necessary.

In any event, the allegations in the Complaint's Securities Act claims are equally sufficient to indicate control over WaMu. The same facts that the Court found persuasive in demonstrating the Outside Directors' control over the misstatements in the Offering Documents – that all of them except Montoya signed the Registration Statement, all of them signed SEC filings incorporated by reference in the Prospectuses, and all of them served as directors at the time of the filing of the Offering Documents – are again alleged in the Amended Complaint's Securities Act allegations. ¶¶685-97, 838, 863.

**C. The Amended Complaint Adequately Pleads Section 11 Claims**

**1. In Accordance With The May 15 Order, Rule 8(a) Applies To The Amended Complaint's Section 11 Claims**

In the May 15 Order, the Court held that Rule 8(a)'s notice pleading standard applies to Lead Plaintiff's § 11 claims against all Securities Act Defendants except Killinger and Casey. May 15 Order at *13-14. The Complaint again carefully distinguishes between the negligence and fraud claims, expressly disclaims all allegations of fraud in the Securities Act claims, and separately pleads the fraud-based First, Second, and Third claims for relief under the Exchange Act and the negligence-based Fourth, Fifth, and Sixth claims for relief under the Securities Act. The Complaint also affirmatively pleads that the Outside Directors acted negligently with respect to the Offering Documents:

> *None of the other Section 11 Defendants [i.e., other than WaMu] made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were accurate and complete in all material respects.* Due diligence is a critical component of the issuing and underwriting process. Directors, officers, and underwriters are able to perform due diligence because of their expertise and access to the Company's non-public information. . . . At a minimum, due diligence for every public offering should involve: interviews of upper and mid-level management; a review of the auditor's management letters and a review of items identified there; a review of the company's SEC filings (particularly those incorporated by reference); a critical review of the company's financial statements, including an understanding of the company's accounting and conversations with the company's auditors without



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

> management present; a review of the company's internal controls; . . . and a review of critical non-public documents forming the basis for the company's earnings. Red flags uncovered through this process must be investigated. Officers and auditors must participate in the underwriters' due diligence, and non-officer directors are responsible for the integrity of the due diligence process in their capacity as the ultimate governing body of the issuer. *Had the non-issuer Section 11 Defendants exercised reasonable care, they would have known of the material misstatements and omissions alleged herein.*

¶845 (emphasis added). The Outside Director's motion, arguing that Lead Plaintiff's allegations "sound in fraud," fails even to address the Complaint's affirmative allegations detailing the manner in which these Defendants acted negligently, let alone offer any persuasive reason for disregarding these allegations and treating Lead Plaintiff's Securities Act claims against these Defendants as fraud-based.

As the Court previously observed, "because it is possible for a defendant to participate in the dissemination of fraudulent statements without awareness of the actual fraud, Rule 9(b) applies only to those defendants also accused in the underlying fraud." May 15 Order at *13; *see also Daou*, 411 F.3d at 1027 ("[W]here fraud is not an essential element of a claim . . . '[a]llegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a).'") (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)). Because the Outsider Directors are merely repeating arguments that the Court has already considered and found insufficient, their challenges to the May 15 Order should be rejected.

First, the Outside Directors argue that because the topics of the misrepresentations and omissions in the Offering Documents – WaMu's risk management, appraisals, underwriting standards, and financial condition and results and internal controls – form the basis of both the Securities Act claims and the Exchange Act claims, Lead Plaintiff's allegations against all Securities Act Defendants sound in fraud. DD Mot. at 12-19. As the Court previously recognized, the overlapping subject matter of these allegations does not mean that Lead Plaintiff alleges fraud-based claims against the Securities Act Defendants (other than Killinger and Casey, because they are also being sued for fraud under the Exchange Act). The court's observation in *In re Countrywide Financial Securities Litigation* remains persuasive:



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

> [I]t eviscerates § 11 to give all defendants Rule 9(b) protection when: (1) only certain defendants are expressly alleged to act fraudulently; (2) a complaint specifies unique, particularized facts as to those defendants; and (3) the particularized facts raise a scienter inference as to those defendants, but not all[.]

588 F. Supp. 2d 1132, 1163 (C.D. Cal. 2008) (*quoted in* May 15 Order at *13).

Second, contrary to the Outside Directors' assertions (DD Mot. at 15-16), the organizational changes to Lead Plaintiff's Exchange Act allegations in the Complaint should not affect the Court's analysis of the Securities Act claims. The new organization, far from demonstrating that Lead Plaintiff's allegations against the Securities Act Defendants are grounded in fraud, instead simply clarify the fraud allegations against Killinger, Casey, and the other WaMu Officer Defendants. Although the Outside Directors broadly claim that the new organization "effectively concedes" that Lead Plaintiff is alleging a common course of fraudulent conduct throughout the Amended Complaint, they are unable to offer a single example of how the amendments demonstrate fraud-based claims against the Outside Directors. The Outside Director Defendants again cite authorities from their previous motion that are just as off-point as they were before. *See, e.g.*, *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,1405 n.2 (9th Cir. 1996) (rejecting "nominal efforts" to disclaim fraud as a basis for § 11 claim where "no effort [was] made to show any other basis" for § 11 claim); *Vess*, 317 F.3d at 1104 ("To require that non-fraud allegations be stated with particularity merely because they appear in a complaint alongside fraud averments, however, . . . would impose a burden on plaintiffs not contemplated by the notice pleading requirements of Rule 8(a)."); *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1104 (D. Nev. 1998) (plaintiffs merely "insert[ed] boilerplate language into their Complaint stating that claims are based in negligence, not fraud"). The Outside Directors' new reliance on *In re Surebeam Corp. Securities Litigation*, No. 03 CV 1721JM(POR), 2005 WL 5036360 (S.D. Cal. Jan. 3, 2005), is misplaced. In *Surebeam*, the court found that plaintiffs' "minimal efforts" to disclaim fraud allegations were insufficient to avoid the application of Rule 9 to the majority of plaintiffs' claims. *Id.* at *7. Further, the court held that claims against defendants against whom plaintiffs had not alleged fraud would be evaluated under Rule 8. *Id.*



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

**2. Lead Plaintiff's Non-Fraud Securities Act Claims Should Be Sustained Even If They Are Found to Sound in Fraud**

If the Court finds that Rule 9(b) applies to Lead Plaintiff's § 11 claims against the Outside Director Defendants (which it did not before and should not now), these claims should still be sustained. As the Court previously held, the prior complaint's allegations of falsity (which have not changed substantially in the Amended Complaint) were sufficient to satisfy the Rule 9(b) standard as to Defendants Killinger and Casey. May 15 Order at *15-17. Although the Outside Directors claim that Lead Plaintiff must implicate the Outside Directors in the fraud-based claims (DD Mot. at 21), they are incorrect. At most, under Rule 9(b), the Court must evaluate whether the Complaint "set[s] forth an explanation as to why the statement or omission complained of was false or misleading." May 15 Order at *15 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). The sounds-in-fraud doctrine does not import any scienter requirement into § 11 claims to which the doctrine applies. Because the Complaint continues to meet the Rule 9(b) standard already utilized by the Court, the Securities Act claims should be sustained even under the heightened Rule 9(b) standard.

## III. CONCLUSION

For the foregoing reasons, the Outside Directors' motion to dismiss should be denied in its entirety. If the Court dismisses any of Lead Plaintiff's claims (and it should not), Lead Plaintiff requests leave to replead. *See* Fed. R. Civ. P. 15(a); *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).



Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Dated: August 14, 2009

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

By: /s/ *Chad Johnson*
Chad Johnson (*pro hac vice*)
Hannah Ross (*pro hac vice*)
Jerald Bien-Willner (*pro hac vice*)
Katherine M. Sinderson (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: chad@blbglaw.com
hannah@blbglaw.com
jerryb@blbglaw.com
katherine@blbglaw.com

***Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board and Lead Counsel for the Class***

BYRNES & KELLER LLP
Bradley S. Keller, WSBA# 10665
Jofrey M. McWilliam, WSBA# 28441
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

***Liaison Counsel for the Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses on the Court's Electronic Mail Notice list.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

By: /s/ *Chad Johnson*
Chad Johnson (*pro hac vice*)
Hannah Ross (*pro hac vice*)
Jerald Bien-Willner (*pro hac vice*)
Katherine M. Sinderson (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: chad@blbglaw.com
hannah@blbglaw.com
jerryb@blbglaw.com
katherine@blbglaw.com

***Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board and Lead Counsel for the Class***

BYRNES & KELLER LLP
Bradley S. Keller, WSBA# 10665
Jofrey M. McWilliam, WSBA# 28441
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
Email: bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com

***Liaison Counsel for the Class***