The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| | |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | Lead Case No. C08-0387 MJP |
| This Document Relates to: | **OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |
| *Solton v. Killinger*, No. C09-664-MJP; and | |
| *City of San Buenaventura v. Killinger*, No. C09-816-MJP. | ***Note for Motion: October 2, 2009*** |
| | **ORAL ARGUMENT REQUESTED** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

OPPOSITION TO MOTION
TO REMAND SOLTON AND
CITY OF SAN BUENAVENTURA
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ....................................................................................... 1

II.   BACKGROUND ............................................................................................................ 2

III.  ARGUMENT ................................................................................................................. 3

      A.    This Court Indisputably Has Jurisdiction Over Plaintiffs' Claims .......................... 3

            1.    Individual Defendants ................................................................................. 4

            2.    Deloitte ........................................................................................................ 6

      B.    This Court Should Exercise Its Lawful Jurisdiction over Plaintiffs' Claims ........... 8

            1.    Abstention ................................................................................................... 8

            2.    Equitable Remand ...................................................................................... 9

IV.   CONCLUSION ............................................................................................................. 12

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA – Page i
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Cases</u>

*A.H. Robins Co. Inc. v. Piccinin*,
  788 F.2d 994 (4th Cir. 1986)........................................................................ 4, 5

*Abbatiello v. Monsanto Co.*,
  2007 WL 747804 (S.D.N.Y. Mar. 8, 2007) .................................................. 4, 11

*ACI-HDT Supply Co. v. Kuhlman*,
  205 B.R. 231 (B.A.P. 9th Cir. 1997) .................................................................. 6

*Ankenbrandt v. Richards*,
  504 U.S. 689 (1992)............................................................................................ 8

*Baird v. Jones*,
  27 Cal. Rptr. 2d 232 (Cal. App. 4th Dist. 1993) ............................................... 6

*Brown v. Affiliated Computer Services, Inc.*,
  2008 WL 2856854 (W.D. Wash. Jul. 21, 2008).................................................. 8

*Building Material & Construction Teamsters' Union v. Farrell*,
  715 P.2d 648 (Cal. 1986) .................................................................................. 11

*Carpenters Pension Trust v. Ebbers*,
  299 B.R. 610 (C.D. Cal. 2003).............................................................4, 5, 6, 10

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995)............................................................................................ 3

*City of Ann Arbor Retirement System v. Citigroup Mortgage Loan Trust*,
  572 F. Supp. 2d 314 (E.D.N.Y. 2008) ............................................................... 4

*Executive Software North America, Inc. v. United States District Court*,
  24 F.3d 1545 (9th Cir. 1994).............................................................................. 7

*First State Insurance Co. v. Callan Associates, Inc.*,
  113 F.3d 161 (9th Cir. 1997) .............................................................................. 8

*Holmes v. McColgan*,
  110 P.2d 428 (Cal. 1941) .................................................................................. 11

*In re Adelphia Communications Corp. Securities & Derivative Litigation*,
  2003 WL 23018802 (S.D.N.Y. Dec. 23, 2003).................................................. 9

*In re Diversified Contract Services, Inc.*,
  167 B.R. 591 (Bankr. N.D. Cal. 1994) ............................................................. 11

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA – Page ii
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*In re Dow Corning Corp.*,
    86 F.3d 482 (6th Cir. 1996)........................................................................................ 4, 5

*In re El Paso Refinery, LP*,
    302 F.3d 343 (5th Cir. 2002) ......................................................................................... 4

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
    2002 WL 32107216 (S.D Tex. Aug. 12, 2002) ........................................................... 4, 10

*In re Federal-Mogul Global Inc.*,
    300 F.3d 368 (3d Cir. 2002) ........................................................................................... 5

*In re Feitz*,
    852 F.2d 455 (9th Cir. 1988)........................................................................................ 3, 7

*In re First Alliance Mortgage Co.*,
    269 B.R. 449 (C.D. Cal. 2001) ....................................................................................... 6

*In re Lazar*,
    237 F.3d 967 (9th Cir. 2001) .......................................................................................... 8

*In re Pegasus Gold Corp.*,
    394 F.3d 1189 (9th Cir. 2005) ..................................................................................... 6, 7

*In re Refco, Inc. Securities Litigation*,
    2008 WL 1827644 (S.D.N.Y. Apr. 21, 2008) ............................................................... 10

*In re Roman Catholic Bishop of San Diego*,
    374 B.R. 756 (S.D. Cal. 2007) ....................................................................................... 8

*In re Sizzler Restaurants Int'l, Inc.*,
    262 B.R. 811 (Bankr. C.D. Cal. 2001)......................................................................... 4, 6

*In re Tucson Estates*,
    912 F.2d 1162 (9th Cir. 1990) ........................................................................................ 8

*In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation*,
    536 F. Supp. 2d 1377 (J.P.M.L. 2008).......................................................................... 2, 12

*In re WorldCom, Inc. Securities Litigation*,
    293 B.R. 308 (S.D.N.Y. 2003) .................................................................................... 9, 10

*Kamen v. Lindly*,
    114 Cal. Rptr. 2d 127 (Cal. App. 6th Dist. 2001)...................................................... 10, 11

*Kennilworth Partners II LP v. Crisman*,
    2001 WL 30534 (N.D. Cal. Jan. 3, 2001) ...................................................................... 5

*Pacific Life Insurance Co. v. J.P. Morgan Chase & Co.*,
    2003 WL 22025158 (C.D. Cal. June 30, 2003)............................................................... 6

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA – Page iii
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*Pacor, Inc. v. Higgins*,
    743 F.2d 984 (3d Cir. 1984) ...................................................................................... 3

*Security Farms v. International Board of Teamsters*,
    124 F.3d 999 (9th Cir. 1997) ................................................................................. 6, 8

*Senorx, Inc. v. Coudert Bros.*,
    2007 WL 1520966 (N.D. Cal. May 24, 2007) ...................................................4, 11, 12

*Spencer v. U.S. District Court*,
    393 F.3d 867 (9th Cir. 2004) ...................................................................................... 5

*Williams v. Shell Oil Co.*,
    169 B.R. 684 (S.D. Cal. 1994) .................................................................................... 6

*Winstar Holdings, LLC v. Blackstone Group L.P.*,
    2007 WL 4323003 (S.D.N.Y. Dec. 10, 2007) ........................................................... 12

## **Statutes**

11 U.S.C. § 362 ............................................................................................................... 3

15 U.S.C. § 78 ............................................................................................................... 10

28 U.S.C. § 1334 .................................................................................................1, 3, 8, 10

28 U.S.C. § 1407 ............................................................................................................. 2

28 U.S.C. § 1446 ............................................................................................................. 2

28 U.S.C. § 1452 ............................................................................................................. 8

Cal. Civ. Proc. Code § 875 ............................................................................................. 6

Cal. Corp. Code § 25400 .............................................................................................. 10

Cal. Corp. Code § 25403 .............................................................................................. 10

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA – Page iv
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# I.    PRELIMINARY STATEMENT

*Solton* and *Ventura* are two of the dozens of lawsuits now pending in this Court against the former officers, directors and auditor of Washington Mutual, Inc. ("WaMu").  As in the other WaMu cases over which this Court is presiding, the plaintiffs in *Solton* and *Ventura* allege that they were "deceived" into investing in WaMu by false and misleading statements, and they seek recoupment of their claimed investment losses.  Nothing about *Solton* and *Ventura* is different in kind from the other cases sent to this Court for coordinated case management and disposition: they name the same defendants present in other cases; they seek recovery on the same basic premise ("fraud"); and they make essentially the same factual allegations made by other plaintiffs before the Court—which is why the United States Judicial Panel on Multidistrict Litigation (the "JPML") ordered *Solton* and *Ventura* transferred to this Court.

Plaintiffs ask this Court to remand *Solton* and *Ventura* to state court in California.  Aside from a wholly meritless argument that this Court lacks jurisdiction under the exceptionally broad "related to" jurisdictional grant of the Judicial Code, *see* 28 U.S.C. § 1334(b) (vesting federal district courts with "original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11," *i.e.*, bankruptcies), Plaintiffs' motion is addressed entirely to this Court's discretion.  Yet Plaintiffs offer no persuasive reason for exercising that discretion in favor of wasteful, duplicative proceedings in another forum, rather than the orderly, efficient proceedings envisioned by the JPML and effectuated by this Court's case management orders.  In particular, Plaintiffs make no claim that their two cases are different in kind from the nearly two dozen other cases centralized before this Court, or that they would in any way be prejudiced by having their claims heard as part of the comprehensive MDL docket.

The issues raised by the pending motion to remand are essentially identical to the remand motions filed in the *Lehman Brothers* litigation.  Lehman, like WaMu, is in bankruptcy.  And the collapse of Lehman, like the FDIC's seizure of WaMu, led to a cascade of civil cases that were ultimately centralized by the JPML before a single federal court.  (The *Lehman Brothers* cases are pending in the Southern District of New York before the Hon. Lewis A. Kaplan.)  In *Lehman*

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*-and-*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1   *Brothers*, the same California municipalities who are plaintiffs in *Solton* and *Ventura*—

2   represented by the same counsel—sought to proceed ahead of every other case in a different

3   forum (California state court), on the basis of the same arguments made in the pending motion to

4   remand.  In denying Plaintiffs' remand motion, Judge Kaplan rejected all of Plaintiffs'

5   arguments, reasoning that federal jurisdiction indisputably exists and that a discretionary remand

6   would amount to "hav[ing] the tail wag the dog."  Caplow Decl. Ex. A (Pretrial Order No. 8, *In*

7   *re Lehman Bros. Securities & ERISA Litigation*).  There is no reason for a different result here.

## II.    BACKGROUND

9        On February 21, 2008, the United States Judicial Panel on Multidistrict Litigation (the

10  "JPML" or "Panel") ruled that all Washington Mutual-related litigation "arising from alleged

11  misrepresentations or omissions concerning WaMu's financial condition with respect to its

12  subprime home loan portfolio" should be centralized before this Court.  *In re Washington*

13  *Mutual, Inc. Securities, Derivative & ERISA Litigation*, 536 F. Supp. 2d 1377, 1378 (J.P.M.L.

14  2008).  The Panel ruled that centralization was necessary and appropriate in order to "eliminate

15  duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class

16  certification; and conserve the resources of the parties, their counsel and the judiciary."  *Id.*

17  (citing 28 U.S.C. § 1407).

18      As it had done with prior "tag along" actions, the JPML recently transferred two new

19  cases to this Court:  *Solton v. Killinger*, Case No. C09-664-MJP ("*Solton*"), and *City of San*

20  *Buenaventura v. Killinger*, Case No. C09-816-MJP ("*Ventura*").  *Solton* and *Ventura* were

21  originally filed in California Superior Court in San Francisco on March 6, 2009 and April 17,

22  2009, respectively.  Each case was promptly removed to the U.S. District Court for the Northern

23  District of California less than 30 days after original commencement—well within the time limit

24  specified in the Judicial Code, *see* 28 U.S.C. § 1446(b), and prior to any action or expenditure of

25  judicial resources by the state court.  *See* Notices of Removal [Dkt. #2-2 in *Solton* and Dkt. #2-

26  10 in *Ventura*].  Thereafter, upon being notified of the existence of the actions, the JPML

27  reviewed the pleadings and found that both cases "involve[] questions of fact that are common to

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 2
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1  the actions preciously transferred to the Western District of Washington and assigned to Judge

2  Pechman."  Conditional Transfer Orders [Dkt. #1 in *Solton* and *Ventura*].

3        The allegations set out in each of the *Solton* and *Ventura* complaints are identical to each

4  other, and essentially track the same basic claims advanced in the 22 other Washington Mutual-

5  related cases centralized before this Court under the MDL docket number.  Specifically, the

6  *Solton* and *Ventura* plaintiffs allege that they invested in Washington Mutual in reliance on the

7  Company's risk management, underwriting, appraisal and accounting practices, and were

8  deceived because "WaMu senior management had secretly decided to dramatically increase the

9  level of risk assumed by the Company without informing investors and abandoned recognized

10 underwriting standards [such that] WaMu's allowances were under-reported by hundreds of

11 millions of dollars."  *Solton* & *Ventura* Compls. ¶¶ 1–3.  The *Solton* and *Ventura* plaintiffs could

12 not name WaMu itself as a defendant because WaMu is protected by the Bankruptcy Code's

13 automatic stay.  *See* 11 U.S.C. § 362.  However, every party that has been named as a defendant

14 in either case is alleged to be liable on account of actions taken for or on behalf of WaMu.

15 *Solton* & *Ventura* Compls. ¶¶ 12–25.

16                          **III.   ARGUMENT**

17 **A.     This Court Indisputably Has Jurisdiction Over Plaintiffs' Claims**

18       Plaintiffs' first argument—lack of "subject matter jurisdiction"—is without merit.  The

19 Judicial Code vests this Court with subject matter jurisdiction over any lawsuit "related to"

20 WaMu's bankruptcy proceedings.  28 U.S.C. § 1334(b).  Such "related to" jurisdiction exists so

21 long as the outcome of the suit "could conceivably have ***any*** effect on the estate being

22 administered in bankruptcy."  *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc.*

23 *v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis added).  Indeed, the Supreme Court has

24 clarified that an action is "related to" a bankruptcy proceeding even if the debtor is neither

25 named as a party nor claims any interest in the property in dispute.  *Celotex Corp. v. Edwards*,

26 514 U.S. 300 (1995).

27

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 3
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

### 1.    Individual Defendants

Plaintiffs' claims against the individual defendants in *Solton* and *Ventura* are unquestionably "related to" the WaMu bankruptcy.  These former officers and directors of WaMu are contractually entitled to indemnification for any judgment or settlement, as well as advancement/reimbursement of defense costs.  *See* Caplow Decl. Ex. B (bylaws of Washington Mutual, Inc.) Art. VIII (contractually obligating WaMu to indemnify its officers and directors "against all expense, liability and loss . . . in any actual or threatened action, suit or proceeding, whether civil, criminal, administrative or investigative"); *see also* Caplow Decl. Ex. C (Indemnification Agreement) (contractually obligating WaMu to indemnify recipient "against all expenses, liabilities and losses" incurred in "any actual, pending, or threatened action, suit or proceeding") (identical agreements exist for other defendants).  Well-settled case law from within the Ninth Circuit and around the country holds that the individual officers' and directors' contractual right to indemnification by WaMu suffices to confer "related to" jurisdiction.  *E.g.*, *Carpenters Pension Trust v. Ebbers*, 299 B.R. 610, 613 (C.D. Cal. 2003); *In re Sizzler Restaurants International, Inc.*, 262 B.R. 811, 818–19 (Bankr. C.D. Cal. 2001); *Senorx, Inc. v. Coudert Bros.*, 2007 WL 1520966, at *2 (N.D. Cal. 2007); *In re El Paso Refinery, LP*, 302 F.3d 343, 349 (5th Cir. 2002); *In re Dow Corning Corp.*, 86 F.3d 482, 494 (6th Cir. 1996); *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 1007 (4th Cir. 1986); *City of Ann Arbor Retirement System v. Citigroup Mortgage Loan Trust*, 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008); *Abbatiello v. Monsanto Co.*, 2007 WL 747804, at *2 (S.D.N.Y. 2007); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 2002 WL 32107216, at *6–*7 (S.D Tex. 2002).

In response to this extensive body of case law, Plaintiffs claim that "there is no right to indemnification for fraud and bad faith alleged in Plaintiffs' [complaints]" because public policy prohibits such indemnification.  Opening Br. at 6.  But this argument confuses mere *allegations* of fraud (which Plaintiffs claim to have pled in their complaints) with *proof* of fraud (required to defeat a corporate official's contractual right to indemnification).  *See* Caplow Decl. Ex. B (bylaws of Washington Mutual, Inc.) § 8.1 (eliminating indemnification rights only for

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 4
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1  individuals who have been "finally adjudged" to have committed "intentional misconduct").

2  Plaintiffs do not—because they cannot—claim that any defendant in either *Solton* or *Ventura* has

3  been "finally adjudged" liable to anyone for anything, let alone "intentional misconduct." These

4  officers and directors are therefore fully entitled to indemnification. "Related to" jurisdiction

5  therefore exists now and existed at the time both *Solton* and *Ventura* were removed.  *See Spencer*

6  *v. U.S. District Court*, 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction

7  require an inquiry into the circumstances *at the time the notice of removal is filed*.") (emphasis

8  added); *Carpenters Pension Trust*, 299 B.R. at 613 (denying motion to remand where plaintiffs

9  made the same argument concerning future limitations on indemnification: "The fact that

10  WorldCom may have some legal defenses against claims for indemnification does not alter that

11  such claims could conceivably have some effect on WorldCom's bankruptcy.").

12       Nor is there any merit in Plaintiffs' claim that indemnification rights are somehow

13  contingent or not yet accrued.  Opening Br. at 7–8 (relying on *In re Federal-Mogul Global Inc.*,

14  300 F.3d 368 (3d Cir. 2002)).  To the contrary, the bankruptcy court has entered an order

15  permitting advancement of defense costs from the Company's D&O insurance policies:

16          Pursuant to sections 105(a) and 362(d) of the Bankruptcy Code,
   the automatic stay, to the extent applicable, is hereby modified to,

17          and without further order of this Court, allow the Individual
   Defendants to recover, in connection with the Lawsuits, payment

18          of covered defense costs, advancement of covered defense costs, or
   both from the Debtors' third party insurance companies, and

19          authorize the Debtors' third party insurance companies to pay
   covered defense costs, advance covered defense costs, or both.

20

21  Caplow Decl. Ex. D (order entered December 16, 2008, by the Hon. Mary F. Walrath, U.S.

22  Bankruptcy Judge) ¶¶ 2 & 7.  The order from the Bankruptcy Court further confirms that this

23  case has a "conceivable effect" on the WaMu estate.  *See, e.g.*, *Dow Corning*, 86 F.3d at 494–95

24  (potential impact on the debtor's insurance policies supplies "related to" jurisdiction); *A.H.*

25  *Robins*, 788 F.2d at 1007 (same, where defendants were additional insureds under the debtor's

26  insurance policy); *Kennilworth Partners II LP v. Crisman*, 2001 WL 30534, at *3 (N.D. Cal.

27  2001) (same).  The cases Plaintiffs cite, by contrast, do not support their argument.  In *Williams*

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 5
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*–and–*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1  *v. Shell Oil Co.*, 169 B.R. 684, 690 (S.D. Cal. 1994)), the court found that "related to"

2  jurisdiction did in fact exist on grounds that the debtor, though not named in the proceeding, had

3  entered into a pre-petition indemnification agreement with the defendants. And *ACI-HDT*

4  *Supply Co. v. Kuhlman*, 205 B.R. 231, 237–38 (B.A.P. 9th Cir. 1997) did not address any

5  indemnification agreements at all.

6          **2.    Deloitte**

7          Plaintiffs' sole remaining argument concerns the claims against Deloitte, which (by

8  Plaintiffs' telling) does not have contractual indemnification rights vis-à-vis the WaMu

9  bankruptcy estate. But Deloitte has potential claims for contribution and indemnity that could

10  reduce the WaMu estate if Plaintiffs recover against Deloitte. *See, e.g.*, *Baird v. Jones*, 27 Cal.

11  Rptr. 2d 232, 235 (Cal. App. 4th Dist. 1993) (comparative equitable indemnity as between

12  multiple tortfeasors to apportion loss in relation to relative culpability); Cal. Civ. Proc. Code

13  § 875. Courts have routinely found "related to" jurisdiction in such circumstances. *See, e.g.*,

14  *Carpenters Pension Trust*, 299 B.R. at 613 ("related to" jurisdiction existed as to all defendants,

15  including the auditor of debtor, based in part on "contributory rights"); *In re First Alliance*

16  *Mortgage Co.*, 269 B.R. 449, 454 (C.D. Cal. 2001); *Pacific Life Insurance Co. v. J.P. Morgan*

17  *Chase & Co.*, 2003 WL 22025158, at *1 (C.D. Cal. 2003); *In re Sizzler*, 262 B.R. at 818–19.

18  Indeed, in the *Lehman Brothers* litigation, Judge Kaplan rejected the very same arguments –

19  made by the very same plaintiffs' counsel – seeking remand of their claims against Lehman's

20  auditor, Ernst & Young. Judge Kaplan found that Ernst & Young had "potential claims against

21  the Lehman estate for contribution," and therefore, "the outcome of any or all of these claims

22  would have a 'conceivable effect' on the Lehman bankruptcy." Caplow Decl. Ex. A (Pretrial

23  Order No. 8, *In re Lehman Bros. Securities & ERISA Litigation*).

24          Aside from the question of "related to" jurisdiction under Section 1334, this Court has

25  supplemental jurisdiction over Plaintiffs' claims against Deloitte under Section 1367 of the

26  Judicial Code. *Security Farms v. International Board of Teamsters*, 124 F.3d 999, 1008 n.5 (9th

27  Cir. 1997) (district court had supplemental jurisdiction over state claims asserted against third

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 6
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1  party defendants on the basis of court's "related to" jurisdiction over claims against debtor

2  defendant); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194–95 (9th Cir. 2005) (same).  The

3  claims against Deloitte and the individual defendants derive from a "common nucleus of

4  operative facts" (Plaintiffs' claimed investment losses) and "would ordinarily be expected to be

5  resolved in one judicial proceeding." *Id.*  Indeed, the fact that Plaintiffs brought their claims

6  against Deloitte in the same lawsuits (*Solton* and *Ventura*) as their claims against the individual

7  defendants evidences Plaintiffs' recognition of this simple truth.

8          Moreover, keeping all of these claims together promotes the goals of efficiency,

9  convenience, and judicial economy that are critical to an MDL proceeding.  *Executive Software*

10  *North America, Inc. v. United States District Court*, 24 F.3d 1545, 1557-58 (9th Cir. 1994)

11  (finding a district court must undertake a case-specific analysis to determine whether declining

12  supplemental jurisdiction "comports with the underlying objective of most sensibly

13  accommodating the values of economy, convenience, fairness and comity").  If the claims

14  against Deloitte alone were remanded, Deloitte – as well as the individual defendants and other

15  parties involved in the MDL proceeding (who likely would be witnesses in any state action

16  against Deloitte) – would be subject to disparate discovery and pre-trial rulings occurring on

17  different timelines in multiple fora.  Such duplication and wastefulness would vitiate the primary

18  purpose of coordinating discovery and pre-trial proceedings via the MDL mechanism.  These

19  claims should remain in this Court along with the claims against the individual defendants.

20                           *       *       *

21          In sum, this Court unquestionably has subject matter jurisdiction over Plaintiffs' claims

22  in *Solton* and *Ventura* because those claims "could conceivably have any effect" on WaMu's

23  bankruptcy proceedings.  *Feitz*, 852 F.2d at 457.  Indeed, the claims are ***already*** manifesting an

24  "effect" on the bankruptcy insofar as WaMu's D&O insurers are advancing defense costs for

25  these claims.  The claims against Deloitte satisfy this "conceivable effect" test, too, given the

26  possibility for contribution or indemnity in the event of an adverse judgment, and in any event

27  they fall within this Court's supplemental jurisdiction.

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 7
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

**B.    This Court Should Exercise Its Lawful Jurisdiction over Plaintiffs' Claims**

As a general rule, "federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quotations omitted); *accord First State Insurance Co. v. Callan Associates, Inc.*, 113 F.3d 161, 163 (9th Cir. 1997). Plaintiffs nevertheless ask this Court to decline to exercise its indisputable jurisdiction over *Solton* and *Ventura*, and instead to remand them for piecemeal disposition in California state court. Plaintiffs offer two grounds for this result: "abstention" under Section 1334 of the Judicial Code and "equitable remand" under Section 1452 of the Judicial Code. *See* 28 U.S.C. §§ 1334(c)(1)–(2) & 1452(b). Neither ground has merit.

**1.    Abstention**

Ninth Circuit law forecloses Plaintiffs' abstention argument. In *Security Farms v. International Board of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997), the Ninth Circuit squarely held that "[a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendant state action in favor of which the federal court must, or may, abstain." *Id*. Where, as here, the underlying state proceedings (*i.e.*, the state court lawsuits captioned *Solton* and *Ventura*) were removed to federal court, "[n]o other related proceeding thereafter exists" and there is nothing to which the Court can "abstain" in favor of. *Id*. at 1010; *accord In re Lazar*, 237 F.3d 967, 981–82 (9th Cir. 2001).

*Security Farms* is dispositive of Plaintiffs' arguments for both "permissive" abstention, 28 U.S.C. § 1334(c)(1), and "mandatory" abstention, *id*. § 1334(c)(2), as courts in this district and throughout the Ninth Circuit have recognized. *E.g.*, *Brown v. Affiliated Computer Services, Inc.*, 2008 WL 2856854, at *1 (W.D. Wash. 2008) ("[R]emoval effectively extinguishes state court jurisdiction and the application of Section 1334(c)(2) unless there exist parallel (pendant) state court proceedings. Accordingly, the notice of removal made the mandatory abstention provision inapplicable to the instant action."); *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756 (S.D. Cal. 2007) ("Debtor's removal of these actions from the state court means there is no longer a parallel state court proceeding," making abstention inapplicable).

OPPOSITION TO MOTION TO REMAND SOLTON AND CITY OF SAN BUENAVENTURA– Page 8 Case No. 2:08-md-01919-MJP Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

### 2. Equitable Remand

Plaintiffs next argue that this Court should equitably remand these actions to state court based upon the five elements for mandatory abstention, the elements for discretionary abstention under 28 U.S.C. 1334(c)(1) and a number of other factors, including "(1) effect on bankruptcy estate, (2) extent state law issues predominate, (3) difficulty of state law, (4) comity, (5) remoteness of action to bankruptcy case, (6) right to a jury trial, and (7) prejudice to removed party."  Opening Br. at 11.  But these factors weigh heavily against equitable remand:

***Effect on Efficient Administration of the Bankruptcy Estate***:  As in other cases where the JPML centralized large numbers of cases related to pending bankruptcies, the very fact of MDL centralization is among the strongest reasons for denying requests to remand individual transferred cases.  Judge Cote denied similar requests for equitable remand related to the then-pending WorldCom bankruptcy, stating:

> [I]f this Court were to abstain [and] remand the litigation originally filed in state court, motion practice and discovery would proceed separately in many jurisdictions.  The litigation that would ensue in the various fora would be entirely duplicative and wasteful.  It would eat into the funds available to pay the alleged victims identified in this litigation.  As deep as some of the pockets in this action may be, they are in all likelihood not limitless.  A remand would encourage a race for assets, a race that may deprive many victims of the alleged fraud of their fair share of any recovery.

*In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 333–34 (S.D.N.Y. 2003).

Judge Cote's reasoning was endorsed by Judge McKenna in denying a request for abstention or equitable remand of cases related to the Adelphia bankruptcy.  *See In re Adelphia Communications Corp. Securities & Derivative Litigation*, 2003 WL 23018802, at *2 (S.D.N.Y. 2003) ("Retaining the cases as a part of the multidistrict litigation will have some beneficial effect on the administration of the Adelphia estate in that retention will permit consolidation (at least for pretrial proceedings) . . . with many other[] [cases] similar in nature."); *see also id.* at *3 (citing *WorldCom*, 293 B.R. at 333–34).

Most recently, Judge Lynch endorsed Judge Cote's reasoning in denying a request to abstain from exercising jurisdiction over a case transferred to him by the MDL Panel and related

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF BUENAVENTURA– Page 9
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1    to the Refco bankruptcy.  After quoting Judge Cote's statement of her reasoning in the

2    *WorldCom* litigation, Judge Lynch noted: "Given the scores of other Refco-related actions

3    consolidated by the MDL Panel and currently pending before this Court, [plaintiff] has advanced

4    no persuasive reason why a different outcome should result here [than in *WorldCom*]."  *In re*

5    *Refco, Inc. Securities Litigation*, 2008 WL 1827644, at *13 (S.D.N.Y. 2008).

6        And while the Enron bankruptcy proceeded in the Bankruptcy Court of the Southern

7    District of New York, litigation against Enron-related defendants was centralized by the MDL

8    Panel before Judge Harmon in the Southern District of Texas.  In denying a request for

9    abstention under § 1334(c)(1), Judge Harmon reasoned that "[f]or the same reasons that . . . the

10   Multi-District Litigation Panel designated this Court as the site for the Enron multi-district

11   litigation, and to avoid duplicative efforts in the state court and interference with the orderly

12   proceeding of a massive MDL litigation, this Court finds that [abstention should be denied and]

13   the suit should proceed here."  *Enron*, 2002 WL 32107216, at *10; *see also Carpenters Pension*

14   *Trust*, 299 B.R. at 615 ("[G]iven the potential judicial economy of consolidating this action in

15   the MDL court, the Court declines to remand on equitable grounds.").  The reasoning of these

16   decisions is fully applicable here, and calls for denial of the Remand Motion.

17       ***State Law Issues Do Not Predominate***:  Each of the complaints in these cases asserts

18   four claims: fraud and deceit, negligent misrepresentation, breach of fiduciary duty and

19   California Corporations Code §§ 25400 and 25403.  In addition to three straightforward

20   common-law causes of action, Plaintiffs bring a statutory claim that California courts analyze by

21   following federal precedents construing the nearly identically worded Section 9 of the federal

22   Securities Exchange Act of 1934 (the "Exchange Act").  As noted by a California Court of

23   Appeal:  "[California] Corporations Code sections 25400 and 25500 are modeled on subsection

24   (a) and (e) of section 9 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*i*(a) & (e))."

25   *Kamen v. Lindly*, 114 Cal. Rptr. 2d 127, 131 (Cal. App. 6th Dist. 2001).  The *Kamen* court

26   continued: "Where, as here, California law is modeled on federal laws, federal decisions

27   interpreting substantially identical statutes are unusually strong persuasive precedent on

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 10
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
–and–
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1   construction of our own laws." *Id.* at 132 (citing *Building Material & Construction Teamsters'*

2   *Union v. Farrell*, 715 P.2d 648 (Cal. 1986); *Holmes v. McColgan*, 110 P.2d 428 (Cal. 1941)).

3        Indeed, even in cases that assert *only* state law claims, this factor should be given weight

4   only in proportion to the degree to which any state law claims are difficult. *See, e.g.*, *Abbatiello*,

5   2007 WL 747804, at *4 ("Although Plaintiffs' Complaint relies on tort, warranty, and products-

6   liability causes of action rooted in state law, these causes of action are not novel or complex and

7   therefore not necessarily best resolved in state court."); *Senorx*, 2007 WL 1520966 at *3; *In re*

8   *Diversified Contract Services, Inc.*, 167 B.R. 591, 596–97 (Bankr. N.D. Cal. 1994) (case with

9   "causes of action . . . based solely on state law" did not present predominately state law issues).

10       Plaintiffs' claims do not present difficult questions of California law. Judge Kaplan put it

11  best in his April 22, 2009 Order in *Lehman Brothers* denying a remand motion by these same

12  Plaintiffs based on identical legal arguments: "Plaintiffs here rely principally on a contention

13  that these cases center on an expansive, little interpreted and important statutory scheme.

14  Without intending to denigrate in any way the importance of the California statutes to which they

15  refer, the moving plaintiffs are attempting to have the tail wag the dog." Caplow Decl. Ex. A

16  (Pretrial Order No. 8, *In re Lehman Bros. Securities & ERISA Litigation*). Here, the heart of the

17  matter revolves around allegations of violations of securities laws to be resolved according to

18  federal law, and Plaintiffs' claims will rise or fall on those allegations. Hence, state law does not

19  "predominate" in these cases and this factor weighs against remand.

20       ***Any State Law Issues Are Not Difficult***: Plaintiffs make no effort to explain why any of

21  the four causes of action present difficult questions of state law that would weigh in favor of

22  equitable remand. Plaintiffs instead devote a large measure of their memorandum of law to a

23  description of what they call the "*unique California statutory scheme*, applicable to cities and

24  counties in California." Opening Br. at 4. This lengthy discussion is a red herring. The so-

25  called "unique California statutory scheme" imposes restrictions on ***Plaintiffs'*** investment

26  decisions. Nowhere do Plaintiffs suggest that the provisions of this scheme can give rise to civil

27  liability on the part of any third party, let alone on the part of defendants in these actions. The

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 11
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

"unique California scheme" is not relevant to Plaintiffs' state law claims, which focus on "factual questions arising from alleged misrepresentations or omissions concerning WaMu's financial condition with respect to its subprime home loan portfolio," which the JPML has already determined should be heard by this Court. *Washington Mutual*, 536 F. Supp. 2d at 1378.

*Comity*:  Comity considerations do not weigh against the exercise of federal jurisdiction if "the state law claims are straightforward common-law claims that do not involve arcane or idiosyncratic provisions of [state] law" and if "the case was promptly removed" so that "the [state] courts have invested no effort in th[e] case." *Winstar Holdings, LLC v. Blackstone Group L.P.*, 2007 WL 4323003, at *5 (S.D.N.Y. 2007); *Senorx*, 2007 WL 1520966 at *3.  Here, not only are there no novel questions of state law, but all of the cases at issue were removed promptly and before any California state court invested any time, resources or effort in the actions.  By contrast, this Court has invested significant resources in the WaMu cases.

*Remoteness of Action to Bankruptcy Case*:  As stated in the Notices of Removal for these actions, Plaintiffs' claims may impact and already have impacted the bankruptcy estate by giving rise to, *inter alia*, claims against the WaMu estate for contribution, contractual indemnification and advancement of defense costs, and claims for proceeds of the D&O insurance policies issued by WaMu's insurers.  These two cases therefore bear a very close relationship to the WaMu bankruptcy, and this factor therefore weighs against remand.

*Other Factors*:  Nowhere do Plaintiffs mention that they might be deprived of a jury trial or otherwise prejudiced by having their cases heard before this Court.  No party is seeking to put these cases before a bankruptcy judge, and Defendants have stated in their Notices of Removal that they do not consent to entry of final orders or judgment by any bankruptcy judge.  Hence, these two factors weigh against equitable remand.

## IV.    CONCLUSION

For the reasons set out above, the Defendants respectfully request that the Court deny Plaintiffs' Motion to Remand.

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA– Page 12
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Dated:   September 21, 2009

SIMPSON THACHER & BARTLETT LLP

Barry R. Ostrager (*pro hac vice*)
Mary Kay Vyskocil (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Tel.:   (212) 455-2500
Fax:    (212) 455-2502
Email:  bostrager@stblaw.com
        mvyskocil@stblaw.com

*-and-*

Robert J. Pfister (*pro hac vice*)
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Tel.:   (310) 407-7500
Fax:    (212) 407-7502
Email:  bostrager@stblaw.com
   *Attorneys for Thomas Casey, Ronald Cathcart, Stephen Rotella and David Schneider*

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Stephen M. Rummage*
      Stephen M. Rummage, WSBA #11168
      Steven P. Caplow, WSBA #19843
      1201 Third Avenue, Suite 2200
      Seattle, Washington 98101-3045
      Tel.:   (206) 757-8108
      Fax:    (206) 757-7136
      Email:  steverummage@dwt.com
              stevencaplow@dwt.com

PERKINS COIE LLP

By:   */s/ Ronald L. Berenstain*
      Ronald L. Berenstain, WSBA #7573
      David F. Taylor, WSBA #25689
      Sean C. Knowles, WSBA #39893
      S. Kate Vaughan, WSBA #35970
      1201 Third Avenue, Suite 4800
      Seattle, Washington 98101-3099
      Tel.:   (206) 359-8000
      Fax:    (206) 359-9000
      Email:  rberenstain@perkinscoie.com
              dftaylor@perkinscoie.com
              sknowles@perkinscoie.com
              kvaughan@perkinscoie.com

*Attorneys for Stephen Frank, Thomas Leppert, Phillip Matthews, Michael Murphy, William Reed, Jr. and Orin Smith*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Barry M. Kaplan*
      Barry M. Kaplan, WSBA #8661
      Douglas W. Greene, WSBA #22844
      Daniel W. Turbow, (*pro hac vice*)
      Claire L. Davis, WSBA #39812
      701 Fifth Avenue, Suite 5100
      Seattle, Washington 98104-7036
      Tel.:   (206) 883-2500
      Fax:    (206) 883-2699
      Email:  bkaplan@wsgr.com
              dgreene@wsgr.com
              dturbow@wsgr.com
              cldavis@wsgr.com

*Attorneys for Defendant Kerry Killinger*

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*-and-*
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

LATHAM & WATKINS LLP

James J. Farrell (*pro hac vice*)
355 South Grand Avenue
Los Angeles, California 90071-1560
Tel.:   (213) 485-1234
Fax:   (213) 891-8763
Email:  james.farrell@lw.com

-and-

Peter A. Wald (*pro hac vice*)
Matthew D. Harrison (*pro hac vice*)
Wendy P. Harper (*pro hac vice*)
Samuel B. Lutz (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Tel.:   (415) 391-0600
Fax:   (415) 395-8095
Email:  peter.wald@lw.com
         matt.harrison@lw.com
         wendy.harper@lw.com
         samuel.lutz@lw.com

YARMUTH WILSDON CALFO PLLC


By:   */s/ Richard C. Yarmuth*
     Richard C. Yarmuth, WSBA #4990
     Matthew A. Carvalho, WSBA #31201
     818 Stewart Street, Suite 1400
     Seattle, Washington 98101
     Tel.:   (206) 516-3800
     Email:  yarmuth@yarmuth.com
             mcarvalho@yarmuth.com

*Attorneys for Deloitte & Touche LLP*

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via United States first-class mail, postage prepaid, to the non-CM/ECF participants indicated on the Manual Notice List.

DATED this 21st day of September, 2009.

Davis Wright Tremaine LLP


By /s/ Steven P. Caplow
Steven P. Caplow, WSBA # 19843
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
Telephone: (206) 757-8018
Fax:    (206) 757-7018 – *direct fax*
          (206) 757-7700 – *main fax*
E-mail: stevencaplow@dwt.com

OPPOSITION TO MOTION TO
REMAND SOLTON AND CITY
OF SAN BUENAVENTURA
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700