UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:

LEHMAN BROTHERS SECURITIES             09 MD 2017 (LAK)
AND ERISA LITIGATION

This Document Applies to:   09 Civ. 1238, 09 Civ. 1239
                            09 Civ. 1944, 09 Civ. 3474
                            09 Civ. 3475, 09 Civ. 3476
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 4/22/09

**PRETRIAL ORDER NO. 8**
(Motions to Remand)

LEWIS A. KAPLAN, *District Judge.*

These six actions were commenced in California state courts, removed to federal district courts and transferred here by the Multidistrict Panel. Plaintiffs, unlike other plaintiffs in California actions that are similar situated, move to remand to the state courts. They argue that the claims against Ernst & Young ("E&Y") were not properly removed because they are not related to the bankruptcy of Lehman Brothers Holdings, Inc. ("Lehman") and thus do not fall within 28 U.S.C. § 1452(a). They contend also that these six cases should be remanded in their entirety, pursuant to 28 U.S.C. § 1452(b), as a matter of discretion.

1.  Five of the six plaintiffs have filed claims against Lehman in the Lehman bankruptcy. To the extent they recover against E&Y in these actions, the amounts of those claims would be reduced. Further, E&Y has potential claims against the Lehman estate for contribution should plaintiffs prevail against it in these actions. As the outcome of any or all of these claims would have a "conceivable effect" on the Lehman bankruptcy, all are "related to" the Lehman bankruptcy case within the meaning of 28 U.S.C. § 1334(b) and therefore were properly removed under 28 U.S.C. § 1452(a). *E.g., Bondi v. Grant Thornton Int'l*, 322 B.R. 44, 47 (S.D.N.Y. 2005) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)); *In re Worldcom, Inc. Secur. Litig.*, 293 B.R. 308, 322-23 (S.D.N.Y. 2003).

2.  The predominant inquiry in determining whether to grant a request for permissive abstention or equitable remand is whether a case presents a "particularly unusual question of State law." *In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991) (internal quotation marks omitted). Courts consider also the so-called *Drexel* factors. *See The Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

Plaintiffs here rely principally on a contention that these cases center on an expansive, little interpreted and important statutory scheme. Without intending to denigrate in any

2

way the importance of the California statutes to which they refer, the moving plaintiffs are attempting to have the tail wag the dog. These are, first and foremost, federal securities cases. The state law issues that may arise are not predominant, unusual or difficult. The state law claims, moreover, overlap the federal claims to a significant degree. Nor do the other *Drexel* factors support plaintiffs, either individually or collectively.

\* \* \*

Accordingly, plaintiffs' motions to remand [09 MD 2017 docket item 54, 09 Civ. 1238 docket item 9, 09 Civ. 1239 docket item 8, 09 Civ. 1944 docket item 2 as well as the motions to remand on the transferor courts' docket sheets in 09 Civ. 3474, 09 Civ. 3975 and 09 Civ. 3976] all are denied.

SO ORDERED.

Dated:     April 22, 2009

_____
Lewis A. Kaplan
United States District Judge