

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] :
: Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Re: Docket No. 365
------------------------------------------------------------x

## ORDER MODIFYING AUTOMATIC STAY
## TO ALLOW ADVANCEMENT UNDER INSURANCE POLICIES

Upon the November 26, 2008 motion (the "Motion")[2] of Washington Mutual, Inc., ("WMI"), one of the debtors and debtors in possession (together with its debtor affiliate WMI Investment Corp., the "Debtors") in these jointly administered cases, for an order modifying the automatic stay, to the extent applicable, to allow the Debtors' present and former officers and directors named as defendants in the Lawsuits (the "Individual Defendants") to recover, in connection with the Lawsuits, payment of covered defense costs, advancement of covered defense costs, or both from the Debtors' third party insurance companies, and authorizing the Debtors' third party insurance companies to pay covered defense costs, advance covered defense costs, or both; the Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties-in-

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

RLF1-3350566-1

interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Individual Defendants to recover, in connection with the Lawsuits, payment of covered defense costs, advancement of covered defense costs, or both from the Debtors' third party insurance companies, and authorize the Debtors' third party insurance companies to pay covered defense costs, advance covered defense costs, or both.

3. The Debtors are authorized to execute all the documentation necessary to allow the Individual Defendants to recover, in connection with the Lawsuits, payment of covered defense costs, advancement of covered defense costs, or both from the Debtors' third party insurance companies, and authorize the Debtors' third party insurance companies to pay covered defense costs, advance covered defense costs, or both.

4. The Individual Defendants, through counsel, will provide on a confidential basis certain information regarding the Lawsuits (the "Litigation Information") to the Debtors' counsel and the Creditors' Committee's counsel, as described below. The Litigation Information is intended solely for the use of the Debtors and the Creditors' Committee in connection with the above-captioned proceeding, and counsel for the Debtors and Creditors' Committee agree, subject to the provisions of this Order, to maintain the confidentiality of and not to disclose the Litigation Information. At least ten days prior to any filing by the Debtors or the Creditors'

Committee in the above captioned proceeding which contains Litigation Information, the Debtors or the Creditors' Committee shall, as the case may be, provide notice to counsel for the Individual Defendants of the proposed filing and shall indicate what Litigation Information the Debtors' or Creditors' Committee intends to disclose in the proposed filing. A party may disclose Litigation Information in the context of court proceedings provided that the disclosing party has sought an order providing that such Litigation Information shall be filed under seal.

5. The Individual Defendants will provide the following Litigation Information on the timetables specified below:

> a. Litigation Fees and Costs Incurred by Individual Defendants
>
>> i. The Individual Defendants, through counsel for one designated Individual Defendant, will provide the Debtors and the Creditors' Committee, no more than 45 days after the close of each calendar quarter while the Lawsuits are pending, a joint report on behalf of all Individual Defendants briefly summarizing the fees and costs incurred by or on behalf of all the Individual Defendants in the Lawsuits during that quarter and for which the Individual Defendants have sought advancement under the Policies. The first joint report will be provided no later than February 15, 2009. The joint report will provide information as to the fees and the costs respectively for each Lawsuit. The joint report will not include any information which is subject to the attorney client privilege or the attorney work product doctrine. The Creditors' Committee, however, shall have the right to receive, upon reasonable notice to counsel for such Individual Defendant, copies of invoices redacted for privileged information and information subject to the attorney work product doctrine.
>
> b. Status of the Lawsuits
>
>> i. The Individual Defendants, through counsel for one designated Individual Defendant, will provide, at least once per quarter, and upon five business days' advance notice, a telephonic report on the status of the Lawsuits to counsel for the Debtors and the Creditors' Committee. This telephonic status report will not include any information which is subject to the attorney client privilege or the attorney work product doctrine.
>
> c. Notice of Proposed Settlement
>
>> i. The Individual Defendants will provide written notice to counsel of record for the Creditors' Committee of the proposed settlement of any Lawsuit no

3

later than two business days after any of the Individual Defendants who are parties to any such Lawsuit have entered into a Memorandum of Understanding ("MOU") with respect to any such proposed settlement and shall provide counsel to the Creditors' Committee with a copy of such MOU.

6. ~~The Debtor and Creditors Committee agree that the~~ Litigation Information shall be deemed confidential information ("Confidential Information") ~~as to the~~ and the Creditors' Committee, pursuant to this Order, may share such Confidential Information: (a) with Creditors' Committee members (each, a "Committee Member") and Creditors' Committee professionals (each, a "Committee Professional"); (b) with directors, executives, officers, employees, agents, partners, experts, consultants, legal counsel, auditors, financial and other advisors of the Creditors' Committee and Committee Members (collectively, the "Representatives") who (i) require such information in order to discharge the responsibilities of the Committee Member's institution as a member of the Creditors' Committee, or as part of their job responsibilities at such Committee Member's institution or with such Committee Professional and (ii) who are advised that by receiving such Confidential Information they are agreeing to be bound by the terms of this Order and to keep the Confidential Information confidential in accordance with the terms hereof; (c) where required by law, a governmental authority or court, in each case having appropriate jurisdiction, but only as to such portion of the Confidential Information as is required to be disclosed and is reasonably determined to be required to be disclosed by the disclosing Committee Member, in consultation with its own counsel and counsel to the Creditors' Committee; and (d) with any regulatory authority having appropriate jurisdiction (collectively, the "Regulators"), but only as to such portion of the Confidential Information as is required to be disclosed and is reasonably determined to be required to be disclosed by the disclosing Committee Member, in consultation with its counsel or counsel to the Committee.

4

7. Any advancement of defense costs in accordance with the terms and conditions of the Policies shall not be subject to challenge by the Debtors, their estates, their creditors, the Creditors' Committee or other parties-in-interest to this bankruptcy proceeding on any grounds including, but not limited to, any challenge that any advancement of defense costs improperly dissipated assets of the Debtors' estates or were in violation of the automatic stay.

8. This Order is entered without prejudice to any party-in-interest's position regarding whether the proceeds of the policies constitute property of the Debtors' estates, and all parties-in-interest reserve their rights with respect to that issue. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date. Nothing in this Order shall be deemed to represent an adjudication of (or to have res judicata or precedential value concerning) the question of whether the proceeds of the Policies are property of the Debtors' estates subject to 11 U.S.C. § 362(a). Further, this Order is entered without prejudice to the right of the Creditors' Committee in these cases to seek injunctive relief from this Court with respect to the Policies and any payments with respect thereto, including without limitation, seeking entry of an order reimposing the automatic stay under 11 U.S.C. § 362(a).

9. Nothing in this Order shall modify or alter the rights and obligations provided for under the terms and conditions of the Policies.

10. All parties to the Policies reserve all rights and defenses that they would otherwise have.

11. The ten day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

12. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: December 16, 2008
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE