The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. ERISA LITIGATION | Lead Case No. C07-1874 MJP |
| This Document Relates to:<br>ALL ACTIONS | COMMITTEE DEFENDANTS' RESPONSE TO PLAINTIFFS' FRCP 54(b) MOTION AND CONDITIONAL CROSS-MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)<br><br>**[ERISAPL-8 / OD-09]**<br><br>*Note on Motion Calendar:*<br>*October 23, 2009 (Response)*<br><br>*November 6, 2009 (Conditional Cross-Motion)* |

On October 5, 2009, the Court entered an order (Dkt. No. 362) granting in part and denying in part defendants' motions to dismiss plaintiffs' Consolidated Second Amended Complaint for Breaches of Fiduciary Duty (Dkt. No. 223). The Court dismissed all claims against

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 1
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

defendants Kerry Killinger and JPMorgan Chase ("Chase") and dismissed portions of the claims against the Plan Investment Committee ("PIC"), the Plan Administration Committee ("PAC"), and the Human Resources Committee of the Board of Directors (collectively, the "Committee Defendants"). (*See* Dkt. No. 362 at 26–27.) Three days later, the plaintiffs moved for entry of partial final judgment under FRCP 54(b) of all claims against Chase, hoping to facilitate an immediate appeal. (Dkt. No. 366).

The Committee Defendants take no position on the merits of plaintiffs' request for partial final judgment as to Chase. But, if the Court grants plaintiffs' motion for Rule 54(b) certification, the Committee Defendants respectfully request that the Court also certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), that portion of the Court's October 5, 2009 ruling that pertains to Count One of the Complaint. If the Court were to grant plaintiffs' motion, plaintiffs' ensuing appeal would place at issue defendants' legal challenges to Count One because Chase will be able to defend the Court's dismissal of Chase on the alternative ground that Count One—and thus the entire Complaint—fails as a matter of law. And with one portion of the case already before the Court of Appeals, the policy preference in favor of a single appeal following a single final judgment will not be materially impaired by certification of the core, dispositive issue.

## I.    COUNT ONE IS THE LINCHPIN OF THE ERISA CASE

All defendants—including Chase—joined the PIC's challenge to Count One because dismissal of Count One would mandate the dismissal of every other claim against every other defendant. Although the Court declined to dismiss Count One against the PIC, Chase can defend its dismissal in the Ninth Circuit "on any ground properly raised below," "whether or not that ground was relied upon, rejected, or even considered by the District Court . . . ." *Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 463, 478 n.20 (1979); *accord Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt."). Thus, if the Court grants plaintiffs'

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 2
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

Rule 54(b) motion, the core issue may be resolved by the Ninth Circuit—without the participation of the other defendants.

Courts frequently certify issues for interlocutory appeal under § 1292(b) in conjunction with partial final judgment under FRCP 54(b) for reasons of judicial economy. *See, e.g.*, *Nw. Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77, 85 (1981); *Cadillac Fairview/Cal., Inc. v. Dow Chem. Co.*, 840 F.2d 691, 693 (9th Cir. 1988); *Strandberg v. City of Helena*, 791 F.2d 744, 746 (9th Cir. 1986); *see also Taylor v. PPG Indus., Inc.*, 256 F.3d 1315, 1216 (Fed. Cir. 2001) ("Allowing the [Rule 54(b) and § 1292(b)] appeals to proceed simultaneously will promote judicial efficiency."); *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b).")  In *Las Vegas Sands, Inc. v. Culinary Workers Union, Local 226*, 2002 WL 32511175 (D. Nev. 2002), for example, Judge Pro entered partial final judgment under Rule 54(b) as to one claim and certified his denial of summary judgment as to another claim for interlocutory appeal, reasoning that the "overlap of legal issues" was such that "it will materially advance this litigation if the [two matters] are considered by the same panel at the Ninth Circuit." *Id*. at *3.

## II.   ALL REQUIREMENTS FOR CERTIFICATION ARE PRESENT

Section 1292(b) sets forth three prerequisites for certification of an issue for interlocutory appeal.  First, the issue must be "controlling," 28 U.S.C. § 1292(b), meaning that its resolution on appeal "could materially affect the outcome of litigation in the district court." *Microsoft Corp. v. Lindows.com, Inc.*, 2004 WL 329250, at *1 (W.D. Wash. 2004) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)).  Second, there must be "substantial ground for difference of opinion" on the issue, 28 U.S.C. § 1292(b), which "may be met when . . . there is conflicting authority on the issue [or] the issue is particularly difficult and of first impression for the . . . Circuit." *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008).  Finally, the Court must find that the issue's

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 3
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

resolution "may materially advance the ultimate termination of the litigation," 28 U.S.C. §1292(b), which is satisfied if reversal on appeal "would be dispositive of all of the claims currently before [the] court." *Employers Ins. of Wausau v. Musick, Peeler, & Garrett*, 948 F. Supp. 942, 947 (S.D. Cal. 1995).

Both challenges to Count One—the plan design challenge and the 404(c) affirmative defense—raise pure issues of law that satisfy the statutory criteria. Both challenges are "controlling," 28 U.S.C. § 1292(b), and would "materially advance the ultimate termination of the litigation," *id.*, because either challenge (if successful) would result in dismissal of all claims against all defendants. The Committee Defendants respectfully submit that there also is "substantial ground for difference of opinion," *id.*, given the "strength of the arguments in opposition to the challenged ruling. . . ." *Consub Del. LLC*, 476 F. Supp. 2d at 310; *see APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003) (discussing indicia of "substantial ground[s] for difference of opinion," including "a dearth of precedent within the controlling jurisdiction," "conflicting decisions in other circuits," and "conflicts with decisions of several other courts").

As to the plan design challenge, the Court's ruling notes the "other instances where courts have dismissed breach of fiduciary duty claims arising from plans whose language required a particular investment be offered," (Dkt. No. 362 at 10–11) (discussing, *inter alia*, *Crowley v. Corning, Inc.*, 2004 WL 763873 (W.D.N.Y. 2004); *In re McKesson HBOC, Inc. ERISA Litig.*, 391 F. Supp. 2d 812 (N.D. Cal. 2005); and *In re Citigroup ERISA Litig.*, 2009 WL 2762708 (S.D.N.Y. 2009)), and observes that "the Plan here specifically contemplates that employees will have the opportunity to purchase the company's securities." (Dkt. No. 362 at 12.) Given that the WaMu Plan was specifically *amended* to include an employee stock investment option (a settlor function), and given that Plan participants may well have sued if the PIC had eliminated WaMu stock as an investment option, *see, e.g.*, *Tatum v. R.J. Reynolds Tobacco Co.*, 392 F.3d 636, 640 (4th Cir. 2004) (plan participants stated ERISA claim where company stock option was eliminated

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 4
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

without plan amendment), the plan design argument presents a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

Similarly, as to the 404(c) affirmative defense, the Court held that plaintiffs placed the 404(c) affirmative defense "in play" by attempting to rebut the defense in their Complaint. (Dkt. No. 362 at 14–15.) The Court further held that defendants had established two of the three required elements of the 404(c) defense. (*See id*. at 13–15.) The method of establishing the sole remaining element—"access to sufficient information to make informed decisions," (*id*. at 13), presents a matter about which there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). As the Court recognized in rejecting the broad disclosure obligation posited by plaintiffs with respect to the PAC, ERISA fiduciaries have no "obligation to engage in a broad discussion of WaMu's stock health." (Dkt. No. 362 at 17.) Indeed, the Department of Labor's regulations concerning the 404(c) affirmative defense provide that "[a] fiduciary has no obligation . . . to provide investment advice to a participant or beneficiary under an ERISA section 404(c) plan." 29 C.F.R. § 2550.404c-1(c)(4); *see also id*. § 2550.404c-1(c)(2)(ii) (fiduciary has no obligation to disclose "material non-public facts regarding [an] investment . . . [if such disclosure] would violate any provision of federal law," such as rules prohibiting leaks of inside information). Where, as here, plan participants had the same information as every other WaMu investor, satisfaction of the third element of the 404(c) affirmative defense at least presents a close question.

Finally, if the Court enters partial final judgment as to Chase, the usual preference against certification of interlocutory appeals will not be implicated, as the Ninth Circuit will already have one portion of the case. *Cf. Grassmueck v. Bensky*, 2005 WL 1076533, at *1 (W.D. Wash. 2005) (Pechman, J.) (citing "basic policy of postponing appellate review until after the entry of a final judgment" as a ground for denying § 1292(b) certification); *cf. also United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 681 n.5 (9th Cir. 1976) (where original FRCP 54(b) partial final judgment failed to bring all issues before appellate court, case remanded for certification under 1292(b), which district court entered).

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 5
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

## III. CONCLUSION

For the foregoing reasons, the Committee Defendants respectfully submit that if the Court grants plaintiffs' Rule 54(b) motion for partial final judgment as to the claims against Chase, the Court should also certify the denial of defendants' motion to dismiss Count One of the ERISA complaint for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

Dated this 19th day of October, 2009.

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Barry R. Ostrager (*pro hac vice*)<br>Mary Kay Vyskocil (*pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.:   (212) 455-2500<br>Fax:   (212) 455-2502<br>Email: bostrager@stblaw.com<br>         mvyskocil@stblaw.com<br><br>-and-<br><br>Robert J. Pfister (*pro hac vice*)<br>Andrew B. Brettler (*pro hac vice*)<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067<br>Tel.:   (310) 407-7500<br>Fax:   (310) 407-7502<br>Email: rpfister@stblaw.com<br>         abrettler@stblaw.com | DAVIS WRIGHT TREMAINE LLP<br><br>By */s/ Stephen M. Rummage*<br>   Stephen M. Rummage, WSBA #11168<br>   Steven P. Caplow, WSBA #19843<br>   1201 Third Avenue, Suite 2200<br>   Seattle, Washington 98101-3045<br>   Tel.:   (206) 757-8108<br>   Fax:   (206) 757-7136<br>   E-mail: steverummage@dwt.com<br>            stevencaplow@dwt.com<br><br>*Attorneys for Todd Baker, Melissa Ballenger, David Beck, Curt Brouwer, Daryl David, Michelle McCarthy, Robert Williams, John Woods, Deborah Bedwell, John Berens, Tom Casey, Ron Cathcart, Michele Iversen, Pia Jorgenson, William Longbrake and Suzanne Krahling*<br><br>PERKINS COIE LLP<br><br>By:   */s/ Ronald L. Berenstain*<br>   Ronald L. Berenstain, WSBA #7573<br>   David F. Taylor, WSBA #25689<br>   S. Kate Vaughan, WSBA #35970<br>   1201 Third Avenue Suite 4800<br>   Seattle, WA 98101-3099<br>   Tel.:   (206) 359-8000<br>   Fax:   (206) 359-9000<br>   Email: rberenstain@perkinscoie.com<br>           dftaylor@perkinscoie.com<br>           kvaughan@perkinscoie.com<br><br>*Attorneys for Defendants Stephen I. Chazen, Stephen E. Frank, Charles M. Lillis, Phillip D. Matthews, Margaret Osmer McQuade, James H. Stever, and Willis B. Wood, Jr.* |

RESPONSE TO FRCP 54(b) MOTION & CONDITIONAL CROSS MOTION FOR § 1292(b) CERTIFICATION—Page 6
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax: (206) 757-7136

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 19th day of October, 2009.

        DAVIS WRIGHT TREMAINE LLP

        By */s/ Steven P. Caplow*
           Steven P. Caplow, WSBA # 19843
           1201 Third Avenue, Suite 2200
           Seattle, Washington  98101-3045
           Telephone: (206) 622-3150
           Fax: (206) 757-7700
           E-mail: stevencaplow@dwt.com

RESPONSE TO FRCP 54(b) MOTION
AND CONDITIONAL CROSS MOTION
28 U.S.C. § 1292(b) CERTIFICATION
Case No. 2:08-md-01919-MJP
Lead Case No. C07-1874-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 757-8108
Fax:  (206) 757-7136