UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation | Case No. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>C09-1718 MJP | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on the Defendants' motions to dismiss Plaintiffs' complaint. (Dkt. Nos.[1] 60, 61, 62 (Defendant Killinger's joinder), 63, 64.) Having reviewed the motions, Plaintiffs' response (Dkt. No. 75), the replies (Dkt. Nos. 79, 80, 81, 82), and all papers submitted in support of the parties' positions, and having heard oral argument on July 14, 2010, the Court GRANTS the motions to dismiss and DISMISSES the complaint.

**Background**

Plaintiffs pursue claims under Oregon law against the Officers and Directors of Washington Mutual, Inc. ("WaMu") in this third tag-along action in the WaMu MDL pending in this Court (08-md-1919). Plaintiffs are individuals, trusts, and closely held partnerships located in Southern Oregon and Northern California. (Dkt. No. 75 at 8.) Plaintiffs are former

---

[1] All references to the docket are to 09-1718 MJP unless otherwise indicated.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 1

shareholders of an Oregonian bank that was acquired by WaMu in the late 1990s. (Id.) As a result of WaMu's acquisition of the bank, Plaintiffs' holdings in the bank were converted into WaMu common stock. (Id.) Plaintiffs held this stock when WaMu went into bankruptcy. (Id.)

Plaintiffs label their complaint a "direct action" against the Officers and Directors of WaMu. (Complaint at 1.) They allege Defendants made false and misleading statements and omissions in SEC filings. (See id. ¶¶ 62-84.) They further allege the Officer Defendants "provided such false or misleading directly to local WAMU branch managers with the specific intent and direction that the information be passed along by these branch managers to Plaintiffs and other WAMU shareholders in Southern Oregon to assure shareholders that WAMU's financial standing remained solid." (Id. ¶ 98.) The complaint states that "[t]he Officer Defendants made these materially false and misleading statements and directed local WAMU branch mangers [sic], including those in areas of Southern Oregon, to pass the statements along to Plaintiffs and other WAMU shareholders by local WAMU branch managers with the specific intent that such statements would dissuade Plaintiff [sic] and other WAMU shareholders from (1) realizing the true extent of WAMU's problems; and (2) selling their shares in the company." (Id. ¶ 99.) Plaintiffs provide no detail as what the Officer Defendants' statements were to the branch managers, who the branch managers are, what statements were made by the branch managers to Plaintiffs on behalf of the Officer Defendants, or precisely when any of these statements were made. Plaintiffs do not allege the Director Defendants had any contact with the branch managers.

Plaintiffs filed their action in the Lane County Circuit Court of the State of Oregon. (Compl.) They pursue three claims: (1) negligent misrepresentation; (2) common law fraud; and (3) breach of fiduciary duty. Defendants removed the action to federal court, and then to the Judicial Panel on Multidistrict Litigation. The proceedings were transferred to this Court and consolidated with the WaMu MDL for pretrial purposes. Defendants filed for dismissal

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 2

1  on April 8, 2010 and noted the motions for May 21, 2010.  Defendants seek dismissal under

2  Rules 12(b)(1), 12(b)(2), and 12(b)(6).

**Analysis**

A.   Standard

When dealing with allegations of fraud, Rule 9(b) imposes a heightened standard, requiring that "the circumstances constituting fraud or mistake . . . be stated with particularity."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), a plaintiff must plead his claim with "particularized allegations of the circumstances constituting fraud," which should include "[t]he time, place, and content of an alleged misrepresentation" in addition to "the circumstances indicating falseness."  In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-48 (9th Cir. 1994) (emphasis omitted).  "[C]onclusory allegations of fraud . . . punctuated by a handful of neutral facts" are insufficient.  Id. at 1548 (quotation omitted).  Ultimately, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false."  Id. at 1548.  The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).  Rule 9(b) permits the plaintiff to plead intent and knowledge generally, but the plaintiff still has the obligation to "set forth facts from which an inference of scienter could be drawn."  Cooper v. Pickett, 137 F.3d 616, 628 (9th Cir. 1997) (quoting GlenFed, 42 F.3d at 1546).

When a plaintiff "allege[s] a unified course of conduct and rel[ies] entirely on that course of conduct as the basis of the claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  Vess, 317 F.3d at 1103.  Here, Plaintiffs' claims against all Defendants are based on the same course of conduct alleged to constitute fraud: that the Officer Defendants acted through certain branch managers in Oregon to mislead and deceive

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 3

Plaintiffs.  The Director Defendants are also alleged to have participated directly in the fraud. (Compl. ¶ 115.)  All three claims against all Defendants are subject to Rule 9(b).  <u>Id.</u>

B.   <u>Standing</u>

Plaintiffs lack standing as to all three of their claims because the action they pursue is derivative.  As pleaded, the claims must be brought on behalf of the corporation.

To have standing, a shareholder asserting a claim that a corporate officer defrauded or mismanaged the corporation must demonstrate that the shareholder suffered a "special injury" distinct from the injury suffered by all shareholders.  <u>Loewen v. Galligan</u>, 130 Or. App. 222, 228 (1994).  "A special injury is established where there is a wrong suffered by the shareholder not suffered by all shareholders generally or where the wrong involves a contractual right of the shareholders, such as the right to vote."  <u>Id.</u>  If the special injury is present, the action may proceed as a direct action against the officer, rather than a derivative action that must be brought on behalf of the corporation.

Plaintiffs' injury is no different from all other shareholders of WaMu at the time WaMu filed for bankruptcy.  Plaintiffs allege they lost "their opportunity to sell their [WaMu] securities at prices substantially above those prevailing in 2008 when the falsity of [WaMu's] financial condition was finally revealed. . . ."  (Compl. ¶ 113.)  As a result, they "incurred special injuries in that they lost virtually the entire value of their investment in WaMu. . ." (<u>Id.</u>; <u>see also</u> Compl. ¶¶ 119, 123.)  This is precisely the same injury suffered by all holders of WaMu stock: a drop in the value of the stock price.  It is not sufficient to show a special injury.  Plaintiffs lack standing to pursue this derivative claim.

Plaintiffs argue that the Officers Defendant's alleged communications to branch managers that were passed on to Plaintiffs satisfies the special injury requirement.  (<u>See</u> Compl. ¶ 98.)  Plaintiffs' argument relies on purely conjectural allegations that do not satisfy Rule 9(b). Plaintiffs provide no specific details as to the claimed relationship between the Officer Defendants and southern Oregonian WaMu branch managers.  They point to no

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 4

statements made by Defendants to the branch managers or statements made by the branch managers to the Plaintiffs. The only statements cited are those contained in SEC filings that were distributed to all shareholders. There is no detail as to when the statements were made, except that they occurred "[b]eginning in late 2007 and continuing through 2008. . . ." (Id.) There is no explanation of what statements Plaintiffs heard or how they heard them. Indeed, some of the Plaintiffs are not residents of Oregon and there is nothing in the complaint explaining how these individuals had contact with branch managers in Oregon. Plaintiffs' allegations of special injury fail Rule 9(b), and, lacking any plausibility, fall well shy of satisfying even Rule 8(a). See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding that claims must be plausible, not simply possible to satisfy Rule 8(a)).

Plaintiffs argue the Court should apply Delaware law, which has altered the "special injury" test, and reach a different result. See Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031 (Del. 2004). Although Plaintiffs highlight two Oregon decisions where the courts looked to Delaware law, there is no case adopting Tooley as a proper statement of Oregonian law. (Dkt. No. 75 at 12-13.) There is no basis to apply Tooley. That fatal defect aside, Plaintiffs fail to demonstrate how Tooley alters the outcome. Tooley set out the test to distinguish between direct and derivative actions as follows:

> [A] court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation.

Tooley, 845 A.2d at 1039. As explained above, the only properly alleged injury is the diminution of the share price of the stock as a result of Defendants' purported fraudulent and misleading statements. This injury is the same as suffered by the corporation and all shareholders. Plaintiffs cannot prevail even under Tooley.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 5

As alleged, Plaintiffs' claims are derivative and they lack standing to pursue them. The Court GRANTS Defendants' motions, and DISMISSES the complaint under Rule 12(b)(1).

C. <u>Personal jurisdiction</u>

Defendants move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Plaintiffs have failed to establish personal jurisdiction over each Defendant.

Plaintiffs must establish either general or specific jurisdiction over each individual Defendant within the limits of the Due Process Clause of the Fourteenth Amendment. <u>Tuazon v. R.J. Reynolds Tobacco Co.</u>, 433 F.3d 1165, 1168-69 (9th Cir. 2006). Plaintiffs make no argument in support of general jurisdiction. Instead, they focus on specific jurisdiction. The exercise of specific jurisdiction is proper where the defendant is alleged to have either purposefully availed himself of the forum state's protections or purposefully directed his actions at the forum state. <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). "Each defendant's contacts with the forum State must be assessed individually." <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984).

Plaintiffs' argument in support of specific jurisdiction is flawed. First, Plaintiffs fail to demonstrate how each individual defendant had purposefully availed himself or herself of or directed his or her conduct at Oregon. <u>See</u> <u>Calder</u>, 465 U.S. at 790. Plaintiffs merely lump the Defendants together, which does not permit the Court to assess each Defendant's contacts individually. Second, Plaintiffs fail to provide sufficient support to sustain their allegations that the Officer Defendants worked in league with unnamed "branch managers" in southern Oregon to deceive Plaintiffs. As explained above, the allegations fail to satisfy either Rule 9(b) or Rule 8(a). These defective allegations are the only ones that could possibly satisfy personal jurisdiction as to the Officer Defendants—under either the purposeful availment or purposeful direction theory of personal jurisdiction. Plaintiffs have thus failed to provide any support for specific jurisdiction over the Defendants. The Court lacks personal jurisdiction.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 6

1   Plaintiffs request the opportunity to conduct discovery as to their allegations in
2   paragraph 98 in order to establish personal jurisdiction. (Dkt. No. 75 at 27-28.) This request
3   highlights the defects in Plaintiffs' claim. The allegations in paragraph 98 are indispensible to
4   Plaintiffs' ability to show personal jurisdiction over Defendants and to support their
5   substantive claims. Plaintiffs' request raises the strong possibility that Plaintiffs lack a valid
6   basis to have pleaded these facts in the first instance. The Court reminds Plaintiffs of their
7   obligations under Rule 11.

8   The Court GRANTS Defendants' motions to dismiss for lack of personal jurisdiction
9   and DISMISSES the complaint on this alternative basis under Rule 12(b)(2). Plaintiffs have
10  failed to establish personal jurisdiction as to any of the Defendants and the Court doubts
11  amendment will cure this defect.

12  D.   Special relationship

13  Defendants seek dismissal of Plaintiffs' breach of fiduciary duty and negligent
14  misrepresentation claims on the theory that there is no duty alleged to be owed by Defendants.
15  (Dkt. No. 63 at 19.) Plaintiffs must allege some special relationship between the parties, and
16  they have not.

17  A claim for negligent misrepresentation under Oregon law requires a special
18  relationship to exist between the parties where the plaintiff suffered only economic harm.
19  Conway v. Pac. Univ., 324 Or. 231, 236-37 (1996). "[F]or the duty to avoid making negligent
20  misrepresentations to arise, the parties must be in a 'special relationship,' in which the party
21  sought to be held liable had some obligation to pursue the interests of the other party." Id. at
22  237. Plaintiffs allege they suffered only economic loss—the drop in the value of WaMu's
23  common stock. As explained above, Plaintiffs have failed to make sufficient allegations of
24  any special relationship between them and the Defendants. The purported collusion between
25  the Officer Defendants and unnamed WaMu branch managers that targeted Plaintiffs is
    inadequately pleaded. No other allegations exist to support the finding of any special

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 7

relationship. As an alternative basis, the Court GRANTS Defendants' motions and DISMISSES Plaintiffs' negligent misrepresentation claim.

With regard to their breach of fiduciary duty claim, Plaintiffs admit they must plead that a special relationship exists between Plaintiffs and Defendants in order to establish they owed them any fiduciary duty. (Dkt. No. 75 at 37 (citing Baringa v. Ariel Wireless, 2002 U.S. Dist. LEXIS 25555, at *24 (D. Or. July 2, 2002)).) A special relationship exists "only when that relationship is of the type that, by its nature, allows one party to exercise judgment on the other party's behalf." Bennett v. Farmers Ins. Co. of Or., 332 Or. 138, 162 (2001). Again, Plaintiffs have not pleaded adequate facts to support a claim that the Defendants owed them any duty distinct from the duty owed to the corporation. Plaintiffs also admit that the cases they cite in support of finding a fiduciary duty are distinguishable. (Dkt. No. 76 at 39 n.9.) Those cases involve closely-held corporations and minority shareholder rights. Here, Plaintiffs are simply holders of common stock in a large, publically-traded corporation, not minority shareholders of a closely-held corporation. No properly alleged facts distinguish Plaintiffs from the mass of other WaMu shareholders. As an alternative basis for relief, the Court GRANTS Defendants' motions and DISMISS the breach of fiduciary duty claim.

E.  Reliance

Defendants seek dismissal of Plaintiffs' negligent misrepresentation and fraud claims for lack of adequately alleged reliance. (Dkt. No. 60 at 28-29.)

The Court has previously set forth the standard for pleading reliance under California law. (See 08-md-1919, Dkt. No. 581 at 10.) Neither Plaintiffs nor Defendants argue for application of any different standard. The Court therefore applies the same standard, which requires the plaintiff to allege that "he or she actually relied on the misrepresentation." Mirkin v. Wasserman, 5 Cal. 4th 1082, 1088 (1993). The plaintiff must allege "specific reliance on the defendants' representations: for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 8

1 plaintiff would have sold, and when the sale would have taken place." Small v. Fritz Cos.,
2 Inc., 30 Cal. 4th 167, 184 (2003). "The plaintiff must allege actions, as distinguished from
3 unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff
4 actually relied on the misrepresentations." Id.

5 Plaintiffs' allegations as to reliance are inadequate. Plaintiffs allege only that they
6 "reasonable and justifiably relied on Defendants' SEC filings and on the statements directed
7 to Plaintiffs through local WAMU branch managers in deciding to continue to hold their
8 WAMU securities." (Compl. ¶ 107; see also id. ¶ 117.) Plaintiffs provide no detail about
9 when they read the statements, who gave them the statements, or even what statements were
10 made to them by the branch managers on behalf of the Officer Defendants. Plaintiffs also
11 provide no detail about how many shares they would have sold or when the sale would have
12 taken place had they heard truthful information. Plaintiffs provide too little detail to satisfy
13 reliance. This is an alternative basis on which the Court GRANTS Defendants' motions and
14 DISMISSES Plaintiffs' fraud and negligent misrepresentation claims.

15 F.     Statements as to Director Defendants

16 Plaintiffs have not alleged that the Director Defendants made any statements.
17 Plaintiffs seek to invoke the group pleading doctrine to attribute certain statements to them.
18 (Dkt. No. 75 at 33.) The allegations in the complaint do not support application of the
19 doctrine. There are no details as to the Director Defendants roles or participation in the
20 wrongdoing, particularly with regard to the purported misrepresentations made to branch
21 managers in Oregon that were relayed to the Plaintiffs. The Court directs Plaintiffs to review
22 carefully the Court's previous orders on this very issue. (See 08-md-1919, Dkt. Nos. 581,
23 623.) This is an alternative basis on which the Court GRANTS the Director Defendants'
24 motion and DISMISSES the fraud and negligent misrepresentation claims against them.

25 G.     Defendants Corcoran and Woods

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 9

1   Defendant James Corcoran moves for dismissal of the allegations against him, which
2 Plaintiffs do not oppose. (Dkt. Nos. 61 & 75 at 8 n.1.) The Court GRANTS his motion and
3 DISMISSES the claims against him without prejudice. Defendant Willis Wood, Jr. moves to
4 dismiss the complaint against him because he is named in the caption only, and not in the
5 body of the complaint. (Dkt. No. 64.) The Court GRANTS his motion and DISMISSES the
6 claims against him without prejudice.

**Conclusion**

Plaintiffs' complaint fails to lay a plausible basis on which to find the Plaintiffs have standing or that the Court has personal jurisdiction over Defendants. The key allegations necessary to overcome both hurdles are substantially inadequate. The Court GRANTS Defendants' motions and DISMISSES the complaint. Plaintiffs have also failed to make adequate allegations of reliance of a "special relationship" necessary to proceed on all three claims. Plaintiffs' fraud and negligent misrepresentation claims against the Director Defendants are also improperly pleaded. On these alternative bases, the Court also GRANTS Defendants motions. The Court reserves ruling on Defendants' other arguments for dismissal.

Based on the complaint and the assertions made at oral argument, the Court doubts highly that Plaintiffs can amend their complaint in any fashion to make the complaint viable. In spite of these defects, the Court GRANTS leave to Plaintiffs to amend their complaint if Plaintiffs believe they truly can add colorable allegations to sustain their complaint. Plaintiffs must submit any amended pleading within 15 days of this order. Defendants must file any response to the pleadings within 30 days of the filing of Plaintiffs' amended complaint.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 15th day of July, 2010.

Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 10