UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION<br><br>This Document Relates to:<br>ERISA Action | No. 2:08-md-01919-MJP<br><br>Lead Case No. C07-1874 MJP |

**NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PROPOSED NAMED PLAINTIFFS' SERVICE AWARDS**

**Your legal rights might be affected if you:**
Were a participant in or beneficiary of the WaMu Savings Plan ("Plan") at any time between October 19, 2005 and September 26, 2008, both dates inclusive, and your individual Plan account included investment in Washington Mutual, Inc. ("Washington Mutual") common stock during that period (collectively, all such participants and beneficiaries are referred to in this Notice as the "Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY.  A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION.  YOU HAVE NOT BEEN SUED.**

This notice advises you of a proposed settlement of a class action lawsuit brought by Gregory Bushansky, Dana Marra, and Marina Ware (collectively, "Named Plaintiffs") on behalf of themselves, the Plan (referred to above), and as representatives of the Settlement Class.  Named Plaintiffs and the Defendants are referred to as the "Parties."  The lawsuit is referred to as the "ERISA Action."  Other capitalized terms used in this notice and not defined in it have the meanings assigned to them in the Settlement Agreement.

The United States District Court for the Western District of Washington ("District Court") has preliminarily approved the settlement and has scheduled a hearing to evaluate the fairness and adequacy of the settlement.  At the hearing, the Court will consider Named Plaintiffs' requests for final approval of the settlement, for class certification, for approval of a proposed plan of allocation, for an award of attorneys' fees and costs, and for service awards to Named Plaintiffs.  The hearing has been scheduled for _____, 2010, at ___.m. in Courtroom ____, of the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington  98101-9906.

The terms of the settlement are contained in the Class Action Settlement Agreement ("Settlement Agreement"), a copy of which is available at www.erisafraud.com, www.Kellersettlements.com, and www.hbsslaw.com, or by contacting Plaintiffs' Class Counsel: Derek W. Loeser, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA  98101, or Andrew M. Volk, Hagens Berman Sobol Shapiro LLP, 1918 Eighth Avenue, Suite 3300, Seattle, Washington  98101.  You can also call a toll-free phone number, (___) ___-____, if you have questions or comments.  Plaintiffs' Class Counsel may also be contacted via email at _____.  Please do not contact the District Court or counsel for Defendants.  They will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED.  YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE.  IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING.  IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY TO RECEIVE PAYMENT. | If the settlement is approved and you are a member of the Settlement Class, you do not need to do anything in order to receive a payment. Any money to be allocated to your account will be calculated as part of the implementation of the settlement.<br>If you are a current participant in the JPMorgan Chase 401(k) Savings Plan ("Chase Plan"), any money to which you are entitled will be deposited into your Chase Plan account. If you are not a participant in the Chase Plan, the funds will be made available to you as a qualified distribution.<br>***If you did not receive this Notice by mail and you believe you should have, please contact Plaintiffs' Class Counsel to ensure that your current address is entered into the database that will be used to distribute money from the settlement.*** |
| YOU CAN OBJECT (NO LATER THAN _____ ____, 2010). | If you wish to object to any part of the settlement, you can write to the District Court and the lawyers identified below and explain why you do not like the settlement. |
| YOU CAN GO TO THE HEARING ON _____ ____, 2010 | If you have submitted a written objection to the District Court and the lawyers identified below, you can ask to speak in Court about the fairness of the settlement. |

## WHAT THIS NOTICE CONTAINS

**SUMMARY OF SETTLEMENT** ............................................................................................................................3
**BASIC INFORMATION** .....................................................................................................................................3
    1.   Why did I get this notice? ..................................................................................................................3
    2.   What is the lawsuit about? What has happened so far? ...................................................................3
    3.   Why is this case a class action? .........................................................................................................4
    4.   Why is there a settlement? .................................................................................................................4
    5.   How do I know whether I am part of the settlement? .......................................................................5
    6.   What does the settlement provide?. ...................................................................................................5
    7.   What is the Bankruptcy Court's involvment? ...................................................................................5
    8.   How much will I get?.........................................................................................................................5
    9.   How can I get my portion of the recovery?.......................................................................................5
    10.  When can I expect to receive my payment?......................................................................................6
    11.  Can I exclude myself from the settlement? ......................................................................................6
**THE LAWYERS REPRESENTING YOU**...........................................................................................................6
    12.  Do I have a lawyer in the case?.........................................................................................................6
    13.  How will the lawyers be paid?...........................................................................................................6
**OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES** ............................................................6
    14.  How do I tell the District Court if I don't like the settlement? .........................................................6
**THE COURT'S FAIRNESS HEARING**..............................................................................................................7
    15.  When and where will the District Court decide whether to approve the settlement?........................7
    16.  Do I have to come to the hearing? .....................................................................................................7
    17.  May I speak at the hearing?...............................................................................................................7
**IF YOU DO NOTHING** ........................................................................................................................................7
    18.  What happens if I do nothing at all? ..................................................................................................7
**GETTING MORE INFORMATION**....................................................................................................................7
    19.  How do I get more information?........................................................................................................7

**QUESTIONS?  CALL (___) ___-____ TOLL FREE. OR VISIT WWW.ERISAFRAUD.COM, WWW.KELLERSETTLEMENTS.COM, OR WWW.HBSSLAW.COM**

2

This lawsuit asserts that certain Defendants breached fiduciary duties they owed to participants in the WaMu Savings Plan. A copy of some of the relevant documents filed with the District Court are available at www.erisafraud.com, www.Kellersettlements.com, and www.hbsslaw.com.

## SUMMARY OF SETTLEMENT

A Settlement Fund has been established consisting of $49 million in cash paid by insurers of certain Defendants. The Net Settlement Amount, which will consist of the Settlement Fund minus certain amounts described in the Settlement Agreement, including District Court-approved attorneys' fees and expenses and service awards, will be allocated among the Settlement Class in accordance with the Plan of Allocation to be approved by the District Court. (See Section 8 below for details about the Plan of Allocation).

The Settlement Class consists of all persons who were participants in or beneficiaries of the Plan at any time between October 19, 2005 and September 26, 2008, both dates inclusive, and whose individual Plan accounts included investment in Washington Mutual common stock; provided, however, that Defendants and their heirs, Successors-in-Interest, or assigns, to the extent they acquire an interest held by Defendants, are excluded from the Settlement Class.

As with any lawsuit, the Parties would face an uncertain outcome if the ERISA Action were not settled. Continued litigation of the ERISA Action could result in a verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. This litigation has been hotly contested from the outset. Named Plaintiffs and Defendants have disagreed about whether Defendants did anything wrong, and they do not agree on the amount that would be recoverable even if Plaintiffs were to win at trial. Defendants, among other things: (1) have denied, and continue to deny, the material allegations of the lawsuit; (2) have denied, and continue to deny, any wrongdoing or liability whatsoever; (3) believe that they acted at all times reasonably, prudently and lawfully with respect to the Plan, its participants and beneficiaries, and the Settlement Class; (4) would assert certain other defenses if the settlement is not consummated; and (5) are entering into the settlement solely to avoid the cost, disruption, and uncertainty of litigation.

Plaintiffs' Class Counsel will ask the District Court for an order awarding them fees not in excess of 25% of the amount recovered in the settlement, plus reimbursement of expenses. Named Plaintiffs will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class, except that, in addition, Named Plaintiffs will apply to the District Court for a service award of up to $5,000 each. Any service award granted to Named Plaintiffs by the District Court will be payable from the proceeds of the settlement.

## BASIC INFORMATION

### 1. Why did I get this notice?

Either you or someone in your family may have been a participant in or beneficiary of the Plan and may have invested a portion of your Plan account in Washington Mutual common stock during the Class Period (between October 19, 2005 and September 26, 2008, both dates inclusive). The Court has directed that this notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed settlement before the District Court decides whether to approve it. If the District Court and Bankruptcy Court overseeing Washington Mutual's bankruptcy approve the settlement, the net amount of the Settlement Fund will be allocated among the Settlement Class according to a Plan of Allocation, and the Defendants and related people and companies will be released from all Released Claims, as set forth in the Settlement Agreement.

This notice explains the ERISA Action, the settlement, your legal rights, what benefits are available, who is eligible for them, and how you may receive your portion of the benefits. The purpose of the notice is to inform you of a hearing ("Fairness Hearing") to be held by the District Court to consider the fairness, reasonableness and adequacy of the proposed settlement and to consider the application of Plaintiffs' Class Counsel for attorneys' fees and reimbursement of litigation expenses as well as an application for service awards to Named Plaintiffs.

The Fairness Hearing will be held at _:___ _.m. on ____ __, 2010 before the Hon. Marsha J. Pechman in the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101-9906, to determine:

(a) Whether the settlement should be approved as fair, reasonable, and adequate;
(b) Whether the lawsuit should be dismissed with prejudice pursuant to the terms of the settlement;
(c) Whether this Notice and the way it was disseminated constituted proper notice and met all applicable legal requirements;
(d) Whether the Settlement Class should be certified for the purposes of settlement only and whether Plaintiffs' Class Counsel should be appointed as Class Counsel;
(e) Whether the application for attorneys' fees and expenses filed by Plaintiffs' Class Counsel should be approved; and
(f) Whether the application for service awards for Named Plaintiffs should be approved.

If the District Court and Bankruptcy Court approve the settlement, payment to the Settlement Class will be made after all related appeals, if any, are favorably resolved. It is hard to tell whether such appeals will be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 2. What is the lawsuit about? What has happened so far?

Named Plaintiffs allege that Defendants (other than JPMorgan Chase Bank, N.A. ("Chase")) were fiduciaries of the Plan and violated fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") by allowing the Plan to invest in Washington Mutual common stock when it was allegedly an unsuitable and imprudent investment for the Plan. Named Plaintiffs further allege that Defendants (other than Chase) violated ERISA by failing to adequately monitor appointees, by failing to provide information pertinent to the Plan's investment in Washington Mutual common stock to other fiduciaries, by failing to provide Plan participants with complete and accurate information about Washington Mutual common stock, by failing to monitor the performance of other fiduciaries or otherwise prevent or remedy breaches of duty by other fiduciaries, and by knowingly participating in the breaches. Plaintiffs sought to recover from Defendants (other than Chase) losses to the Plan allegedly caused by those Defendants' alleged misconduct. Plaintiffs sought to recover from Chase on the theory that it was the successor to Washington Mutual, Inc.

Defendants deny that they have any liability to the Plan or its participants or beneficiaries. If the litigation were to continue, Defendants would raise numerous defenses to liability, including the following:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the ERISA Action;

- To the extent they were fiduciaries as to the matters at issue in the ERISA Action, they complied with all fiduciary duties;

- Even if they failed to comply with one or more of their ERISA fiduciary duties, any breach of fiduciary duty did not cause the losses alleged by Named Plaintiffs; and

- The relief sought by Named Plaintiffs is not permitted under ERISA.

Plaintiffs' Class Counsel have conducted an extensive investigation of Washington Mutual and of the alleged losses suffered by the Plan as a result of the breaches of fiduciary duty alleged in the ERISA Action. Through that investigation and through discovery of additional information in the ERISA Action, Plaintiffs' Class Counsel have obtained over 8 million pages of documents, including documents and materials governing the Plan, communications with Plan participants, internal Washington Mutual documents regarding the Plan, Washington Mutual's Securities and Exchange Commission filings, press releases, public statements, news articles and other publications. Class Counsel have reviewed and analyzed these materials and confirmed that the settlement is fair, reasonable and adequate and in the best interest of the Settlement Class.

The District Court granted in part and denied in part Defendants' motions to dismiss. The order allowed Plaintiffs to proceed with the lawsuit against the Plan Investment Committee ("PIC") Defendants, the Plan Administration Committee ("PAC") Defendants, and the Human Resources Committee ("HR") Defendants named in the Complaint. The District Court dismissed from the case Kerry K. Killinger and Chase.

This settlement is the product of intense, arm's-length negotiations between Plaintiffs' Class Counsel and Defendants' Counsel, during which the terms of the settlement were extensively debated and negotiated.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs, called "named plaintiffs," sue on behalf of people who have similar claims. All of the individuals on whose behalf Named Plaintiffs are suing are members of a "class" of certain participants and former participants in the Plan.

### 4. Why is there a settlement?

In reaching a settlement, the Parties have avoided the cost, time and risk associated with a trial. As with any litigation, Named Plaintiffs would face an uncertain outcome if this case proceeded, including the risk of losing at trial. On the one hand, pursuing the case against Defendants could result in a verdict offering relief greater than this settlement. On the other hand, continuing the case against Defendants could result in a verdict for less money than Named Plaintiffs have obtained in this settlement, or even in no recovery at all. Based on these risks and an evaluation of the particular risks presented by this case, Named Plaintiffs and Plaintiffs' Class Counsel believe the settlement is in the best interests of all Settlement Class members.

**5. How do I know whether I am part of the Settlement Class?**

The District Court has preliminarily certified this ERISA Action as a class action. The Settlement Class consists of all persons who were participants in or beneficiaries of the Plan at any time between October 19, 2005 and September 26, 2008, both dates inclusive, and whose individual Plan accounts included investment in Washington Mutual common stock; provided, however, that Defendants and their heirs, Successors-in-Interest, or assigns, to the extent such persons acquire an interest held by Defendants, are excluded from the Settlement Class.

If you are a member of the Settlement Class, your share of the Net Settlement Amount, if any, will be determined by the District Court-approved Plan of Allocation, described in Section 8 below.

**6. What does the settlement provide?**

The Settlement Agreement provides for the payment of $49 million in cash, which will be deposited into the Settlement Fund. The Net Settlement Amount (including interest, but after payment of certain amounts as described in the Settlement Agreement, including District Court-approved attorneys' fees and Named Plaintiff service awards, taxes and other costs related to the administration of the Settlement Fund) will be paid to members of the Settlement Class according to a Plan of Allocation. Allocations will be made to plan accounts of current participants in the JPMorgan Chase 401(k) Savings Plan, as successor to the WaMu Savings Plan ("Chase Plan") and made available to former participants pursuant to the Plan of Allocation. Disbursement of the Net Settlement Amount to the Settlement Class will occur once the settlement has become final.

In exchange for the settlement payment and other consideration, all Settlement Class members and anyone claiming through them will fully release the Defendants and related persons and companies, as well as certain of their insurers, from the Released Claims, and will be barred from bringing any Released Claim against any Releasee. The specific Releasees are identified in the Settlement Agreement; generally they are Defendants and certain affiliated or otherwise related persons and entities. The Released Claims, also defined in the Settlement Agreement, generally include, subject to certain limitations set forth in the Settlement Agreement, all claims asserted in the ERISA Action, as well as any claims that could have been asserted in any forum by or on behalf of Settlement Class members which arise out of or are based on the allegations, transactions, facts, matters or occurrences, representations or omissions out of which the claims in the ERISA Action arise. This means that Settlement Class members will not have the right to sue the Releasees for any such claims if the settlement is approved. The Released Claims do not include the claims asserted in *In re Washington Mutual, Inc. Securities Litigation,* Lead Case No. 08-cv-0387, part of MDL No. 2:08-md-01919 (W.D. Wash.), pending in the United States District Court for the Western District of Washington, which is a separate lawsuit and which is not affected by this settlement.

**7. What is the Bankruptcy Court's involvment?**

On September 26, 2008, Washington Mutual, Inc. ("WMI") and WMI Investment Corp. filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court), and their cases are being jointly administered in the Bankruptcy Court as *In re Washington Mutual, Inc., et al.*, Case No. 08-12229 (MFW) (the "Chaper 11 Cases"). As a result of the Chapter 11 Cases, all claims against WMI in the ERISA Litigation were put on hold. Following the filing of the Chapter 11 Cases, Named Plaintiffs filed a claim against WMI in its Chapter 11 Case with respect to the claims asserted in the ERISA Litigation. Because WMI is in bankruptcy, and because the settlement includes the release of plaintiffs' claim in the bankruptcy case and involves the depletion of Washington Mutual insurance policies, the settlement needs to be approved by the Bankruptcy Court.

**8. How much will I get?**

On June 18, 2010, Class Counsel submitted a Plan of Allocation to the District Court for approval at or after the Fairness Hearing. The Plan of Allocation, which may be obtained at www.erisafraud.com, www.Kellersettlements.com, or www.hbsslaw.com, or by contacting Class Counsel, describes how the Net Settlement Amount will be distributed to Settlement Class members. In general terms, the Plan of Allocation will provide that each Settlement Class member's share of the Net Settlement Amount will be calculated as follows:

> The Net Settlement Amount will be distributed among Settlement Class members in proportion to their Net Losses. Each Settlement Class member's Net Loss will be the total of the member's Washington Mutual Common Stock Fund Net Loss, which will be, for each Settlement Class member, the greater of (a) zero, or (b) the result obtained by (i) taking the dollar amount of the Settlement Class member's Plan account invested in the Washington Mutual Common Stock Fund at the beginning of the Class Period; (ii) adding the dollar amount added to the Settlement Class member's Plan account invested in the Washington Mutual Common Stock Fund during the Class Period; (iii) subtracting the dollar amount credited to the Settlement Class member's Plan account resulting from sales from the Washington Mutual Common Stock Fund during the Class Period; and (iv) subtracting the dollar amount of the Settlement Class member's Plan account balance in the Washington Mutual Common Stock Fund immediately after the end of the Class Period.

> The Net Losses of the Settlement Class members will be added. Each Settlement Class member will be assigned a Net Loss Percentage, reflecting the percentage of the Settlement Class member's loss in relation to the losses incurred by all Settlement Class members. Each Settlement Class member's share of the Net Settlement Amount will be equal to the Net Settlement Amount multiplied by the Settlement Class member's Net Loss Percentage.

Chase will perform all calculations and determine whether you are entitled to a share of the Net Settlement Amount and your share amount. Chase will have access to all available records so you do not need to be concerned if you no longer have your Plan account statements. Chase will identify all Settlement Class Members whose Preliminary Dollar Recovery is less than $25. These Settlement Class Members will not receive money from the Net Settlement Amount, and the recovery otherwise allocable to them will be reallocated among the other Settlement Class Members.

**9. How can I get my portion of the recovery?**

You do not need to file a claim. If you are a Settlement Class member entitled to a share of the Net Settlement Amount and you are a

participant in the Chase Plan, your share will be deposited in your account in the Chase Plan. If you are a Settlement Class Member entitled to a share of the Net Settlement Amount and you are not a participant in the Chase Plan, your share will be made available to you as a qualified distribution. If you are a former participant and have not provided the Plan with your current address, please contact Plaintiffs' Class Counsel.

**10. When can I expect to receive my payment?**

Payment is conditioned on several things, including the District Court's and the Bankruptcy Court's approval of the settlement and those approvals becoming Final Orders and no longer subject to any appeals. Depending on the court process, distribution could take several months or more than a year; please be patient.

**11. Can I exclude myself from the settlement?**

No. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the ERISA Action for all claims that were asserted in the ERISA Action or otherwise included in the release under the settlement. Although you cannot opt out of the settlement, you can object to the settlement and ask the Court not to approve it. See Answer to Question No. 14, below.

The above description of the settlement is only a summary. The actual Settlement Agreement (including its exhibits) may be obtained at www.erisafraud.com, www.Kellersettlements.com, and www.hbsslaw.com.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

Yes. The District Court has appointed the law firms of Keller Rohrback L.L.P. and Hagens Berman Sobol Shapiro LLP as Class Counsel for Named Plaintiffs, the Plan, and the Settlement Class. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

Plaintiffs' Class Counsel will apply for an award of attorneys' fees and expenses. The application for attorneys' fees will not exceed 25% of the Settlement Fund. Any award of fees and additional expenses will be paid from the Settlement Fund prior to allocation and payment to the Settlement Class. The written application for fees and expenses, together with the application for service awards to Named Plaintiffs, will be filed on _____ (30 days before the Fairness Hearing), and the District Court will consider this application at the Fairness Hearing. A copy of the application will be available at www.erisafraud.com, www.Kellersettlements.com, and www.hbsslaw.com.

To date, neither Plaintiffs' Class Counsel nor any additional Plaintiffs' counsel has received any payment for their services in prosecuting this ERISA Action on behalf of the Settlement Class, nor has counsel been reimbursed for their out-of-pocket expenses. The fee requested by Plaintiffs' Class Counsel would compensate them for their efforts in achieving the settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingent basis. The Court will determine the actual amount of any award.

## OBJECTIONS

**14. How do I tell the District Court if I don't like the settlement?**

Any member of the Settlement Class may appear at the Fairness Hearing and explain why they think the settlement should not be approved, why attorneys' fees and expenses should not be awarded, in whole or in part, or why Named Plaintiffs should not be awarded a service award, in whole or in part. But no member of the Settlement Class can contest these matters unless they file with the District Court a timely written objection, providing all reasons for the objection.

To object, you must send a letter or other written statement saying that you object to the settlement, the attorneys' fee award, and/or the service awards in *In Re Washington Mutual, Inc. Securities, Derivative and ERISA Litigation*, No. 2:08-md-01919-MJP, Lead Case No. C07-1874 MJP. Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the settlement. **Your written objection must be filed with the District Court, and sent to the lawyers listed below by _____, 2010:**

**File with the Clerk of the Court:**

> Clerk of the Court
> United States District Court for Western District of Washington
> 700 Stewart Street, Seattle, Washington 98101-9906
> Re: Lead Case No. C07-1874 (MJP), part of MDL No. 2:08-md-01919

**And, by the same date, send copies of all such papers to each of the following:**

**ERISA PLAINTIFFS' CLASS COUNSEL:**

| | |
|---|---|
| Derek Loeser | Andrew M. Volk |
| KELLER ROHRBACK L.L.P. | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 1201 Third Avenue, Suite 3200 | 1918 Eighth Avenue, Suite 3300 |
| Seattle, WA 98101 | Seattle, WA 98101 |

**COUNSEL FOR DEFENDANTS:**

> Ronald L. Berenstain
> PERKINS COIE LLP
> 1201 Third Avenue, Suite 4800
> Seattle, WA 98101

**UNLESS OTHERWISE ORDERED BY THE DISTRICT COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM OBJECTING TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS.**

QUESTIONS? CALL (___) ___-____ TOLL FREE. OR VISIT WWW.ERISAFRAUD.COM, WWW.KELLERSETTLEMENTS.COM, OR WWW.HBSSLAW.COM

**THE DISTRICT COURT'S FAIRNESS HEARING**

**15. When and where will the District Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at ___ .m. on _____, at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington  98101-9906.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS, YOU DO NOT NEED TO ATTEND THE FAIRNESS HEARING.**

At the hearing, the District Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the District Court will consider them.  After the Fairness Hearing, the District Court will decide whether to approve the settlement and certify the Settlement Class.  The District Court will also consider the motions for attorneys' fees and expenses and service awards to Named Plaintiffs, as well as the proposed Plan of Allocation.  We do not know how long these decisions will take.

**16. Do I have to come to the hearing?**

No, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to District Court to talk about it.  As long as you mailed your written objection on time, it will be before the District Court when the District Court considers whether to approve the settlement.  You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not mandatory.

**17. May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present.

The Fairness Hearing may be rescheduled by the District Court without further notice to the Class.  If you wish to attend the Fairness Hearing, you should confirm the date and time with Class Counsel.

**IF YOU DO NOTHING**

**18. What happens if I do nothing at all?**

If you do nothing and you are a Settlement Class member, you will participate in the settlement as described in this notice if the settlement is approved, and you will be deemed to have released all Released Claims against all of the Releasees.

**GETTING MORE INFORMATION**

**19. How do I get more information?**

This notice summarizes the proposed settlement.  Full details about the settlement are in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by making a written request to a member of Plaintiffs' Class Counsel listed above on Page 6.  Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement Agreement and the Preliminary Approval Order, may also be viewed at www.erisafraud.com, www.Kellersettlements.com, www.hbsslaw.com, or www.kccllc.com.

Plaintiffs' Class Counsel have established a toll-free phone number to receive your comments and questions, (____) ___-_____, and may also be contacted via email at www.erisafraud.com, www.Kellersettlements.com, www.hbsslaw.com, or www.kccllc.com.

DATED: _____, 2010.                                                                                         By Order of the Court