UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation | CASE NO. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |
| This document relates to: | |
| 09-cv-1756 | |

This matter comes before the Court on the Officer and Director Defendants' motions to dismiss in which Defendant Kerry Killinger joins, and the Initial Purchaser Defendants' (Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, and Morgan Stanley & Co. Inc.) motion to dismiss. (Dkt. Nos. 97, 104, 108, 109.[1]) Having reviewed the motions, Plaintiffs' response (Dkt. No. 110), the replies (Dkt. Nos. 112, 113, 114, 115), and all related papers, the Court DENIES the Director Defendants' and the Initial Purchaser Defendants' motions and

_____

[1] All references are to the docket in 09-1756, unless otherwise noted.

1   GRANTS in part and DENIES in part the Officer Defendants' motion.  The Court finds this

2   matter suitable for decision without oral argument.

3   **Background**

4   Plaintiffs are several Flaherty & Crumrine trust funds, which are closed-end management

5   investment companies collectively referred to as the Funds or Plaintiffs.  (Second Amended

6   Complaint ("Compl." or "¶") ¶ 24.[2])  Flaherty & Crumrine, Inc. ("F&C") is the investment

7   adviser/portfolio manager of the Funds, and while it is not a party to the case, it had the "full

8   investment authority and discretion" over Plaintiffs' portfolio and "managed the day-to-day

9   investment decisions for Plaintiffs."  (¶¶ 24, 144)  Plaintiffs purchased Preferred Trust Securities

10  issued by Washington Mutual, Inc. ("WaMu") on March 7, 2006 and October 25, 2007.  (Id.

11  ¶¶ 2-4, 24.)  Plaintiffs pursue claims against the Officer and Director Defendants, Kerry

12  Killinger, and the Initial Purchaser Defendants under California common and statutory law and

13  federal law.

14  The Court previously dismissed Plaintiffs' amended complaint on the grounds that

15  Plaintiffs failed to provide adequate allegations as to reliance to sustain claims of fraud,

16  negligent misrepresentation, and § 10(b) Securities Act violations.  (Dkt. No. 97 at 7-11.)  The

17  Court dismissed Plaintiff's § 18 Exchange Act claim as barred by the statute of limitations and

18  dismissed the § 20(a) Exchange Act claims.  (Id. at 11-12.)  The Court did not dismiss Plaintiffs'

19  California Corporations Code claims.  (Id. at 12-14.)

20  Plaintiffs filed a second amended complaint, which includes a new section detailing the

21  facts relating to reliance.  (Dkt. No. 102.)  Plaintiffs allege that their agent, F&C, had the "full

22  investment authority and discretion" over Plaintiffs' portfolio.  (¶ 144.)  F&C "managed the day-

23

24  [2] The allegations are accepted as true solely for the purpose of deciding the pending motions.  Nothing should be construed as acceptance of these allegations as proven fact.

1   to-day investment decisions for Plaintiffs through a combination of quantitative analysis, credit

2   research and pragmatic trading strategies." (Id.) F&C is comprised of a "dedicated credit

3   research team of money management professionals" including Messrs. Ettinger, Chadwick,

4   Stone, and Crumrine. (Id.) F&C "had a pattern and practice of always reading and reviewing

5   such available offering documents, SEC filings and analyst and credit rating agencies' report

6   prior to making investments." (¶ 149.) Plaintiffs allege their agent actually read the offering

7   documents and other SEC filings:

8         F&C's specific actions to ensure it read and reviewed available offering
          documents, SEC filings and analyst and credit rating agencies' reports prior to
9         making an investment decision applied with equal force to its decision to purchase
          the Preferred Trust Securities, and F&C did in fact read and review available
10        offering documents, SEC filings and analyst and credit rating agencies' reports.

11  (Id.) Plaintiffs allege "F&C received the Offering Circulars on behalf of Plaintiffs in California

12  after being solicited by Goldman Sachs" and then "read and reviewed the Offering Circulars

13  upon receiving them on or about February 24, 2006 and October 18, 2007." (¶ 150.) F&C also

14  read historic WaMu SEC filings, analyst reports and other data. (Id.)

15        Plaintiffs also allege that F&C reviewed the allegedly false and misleading statements "in

16  assessing whether Washington Mutual was, among other things, supposedly creditworthy." (¶

17  151.) They then allege that:

18        Messrs. Ettinger and Chadwick read and reviewed Defendants' false and
          misleading statements alleged herein, and/or relied upon another F&C employee's
19        analysis of Defendants' false and misleading statements alleged herein, prior to
          participating in F&C's decision to cause Plaintiffs to purchase the Preferred Trust
20        securities.

21  (¶ 152.) Plaintiffs allege that "[h]ad F&C and/or Plaintiffs read a truthful account of WaMu's

22  creditworthiness and underlying business activities alleged herein, F&C and Plaintiffs would not

23  have decided to purchase any of the Preferred Trust Securities." (¶ 154.) Plaintiffs also allege

24

that "F&C and Plaintiffs reasonably and justifiable relied on Defendants' false and misleading statements in deciding whether to purchase the Preferred Trust Securities." (¶ 155.)

**Judicial Notice**

The Initial Purchaser Defendants ask the Court to take judicial notice of the two Offering Circulars that are tied to the securities Plaintiffs purchased. (Dkt. No. 106.) Because the second amended complaint expressly refers to and attached portions of the circulars, the Court takes judicial notice of them in the form submitted by Defendants. Rosenbaum Capital, LLC v. McNulty, 549 F. Supp. 2d 1185, 1189 (N.D. Cal. 2008).

**Analysis**

A.   Standard

The Court previously held the Rule 9(b) applies to all of Plaintiffs' claims against the Director and Officer Defendants and Kerry Killinger, but that Rule 8(a) applies to the claims against the Initial Purchaser Defendants. (Dkt. No. 97. at 5-6.) The Court applies these same rules as it did before.

The Initial Purchaser Defendants argue again that the claims against them must meet Rule 9(b), even though the Court already rejected this very argument in the first round of motions to dismiss. (Dkt. No. 104; Dkt. No. 97 at 6.) These Defendants claim that the Plaintiffs' negligent misrepresentation claim "is now grounded in allegations of fraud" because Plaintiffs no longer expressly disclaim the Initial Purchaser Defendants were knowing participants in the fraudulent scheme. (Id. at 9.) It is true the Plaintiffs removed one allegation that the Initial Purchaser Defendants were not knowing participants. (Compare Amended Complaint ¶ 50 with Second Amended Complaint ¶ 50.) However, as Plaintiffs point out, they continue to allege that "the Initial Purchaser Defendants . . . participated in the dissemination of fraudulent statements without awareness of the actual fraud." (¶ 5.) This was the exact same allegation upon which

1    the Court previously determined Rule 8(a) to apply.  (Dkt. No. 97 at 6.)  The Court continues to

2    apply Rule 8(a) to the claims against the Initial Purchaser Defendants.

3    B.    Reliance

4          Plaintiffs have successfully alleged reliance sufficient to survive dismissal of their fraud,

5    negligent misrepresentation, § 10(b), and § 20(a) claims.

6          First, Plaintiffs expressly allege that their agent, F&C, actually read the Offering

7    Circulars and various SEC filings shortly before Plaintiffs purchased the WaMu securities.  (¶¶

8    149-50.)  They also pepper their complaint with allegations stating F&C read specific SEC

9    filings containing purportedly false and misleading information.  (¶¶ 159, 171, 177, 192, 200,

10   206, 213, 22, 241.)  They allege specifically that Messrs. Chadwick and Ettinger read false and

11   misleading statements.  (¶ 152.)  Second, the allegations of reliance are thorough and adequate.

12   Plaintiffs allege that F&C performed various analyses based on the misrepresentations made in

13   the documents they reviewed.  (¶ 151.)  They also allege that F&C reviewed the Offering

14   Circulars and SEC filings as part of its due diligence shortly before making the purchases.  (¶

15   149.)  Plaintiffs allege that they "reasonably and justifiably relied on Defendants false and

16   misleading statements in deciding to purchase the Preferred Trust Securities."  (¶ 155.)  They

17   also allege that this was the pattern and practice of F&C in making any securities purchase.  (¶

18   149.)  Taken together, these allegations adequately show what and when Plaintiffs read, the

19   importance of the documents in making the decision, and the reliance placed on the statements

20   contained in the documents reviewed.  Plaintiffs may pursue their fraud, negligent and

21   misrepresentation claims.  Because the allegations of reliance are adequate, Plaintiffs may also

22   pursue their § 10(b) Securities Act claim and the dependent § 20(a) Exchange Act claims.  The

23   Court DENIES the motions to dismiss these claims.

24

1    The Officer Defendants argue that Plaintiffs only show indirect reliance on a non-agent's

2    research, which is insufficient to state a claim.  (Dkt. No. 107 at 12-13.)  The Officers highlight

3    one allegation that states "Messrs. Ettinger and Chadwick read and reviewed Defendants' false

4    and misleading statements alleged herein, and/or relied upon another F&C employee's analysis

5    of Defendants' false and misleading statements alleged herein, prior to participating in F&C's

6    decision to cause Plaintiffs to purchase the Preferred Trust Securities."  (¶ 152.)  While the

7    allegation is somewhat obtuse, it is not the only allegation as to reliance, as explained above.

8    Defendants selectively cite the complaint, which is inadequate to obtain dismissal where the

9    complaint itself alleges much more than Defendants chose to acknowledge.  This particular

10    allegation shows that Ettinger and Chadwick actually read the documents containing false

11    statements.  The Court DENIES the Officer Defendants' motion on this issue.

12    The Director Defendants argue that Plaintiffs have not alleged actual reliance.  (Dkt. No.

13    108.)  As explained above, the Court disagrees.  The Director Defendants also argue that F&C is

14    not a person and cannot read documents.  However, Plaintiffs specifically state that two F&C

15    employees, Chadwick and Ettinger, read and reviewed the false and misleading statements.

16    They also explain that various individuals compose a team within F&C that read the documents.

17    (¶¶ 144, 149.)  Plaintiffs also detail F&C's pattern and practice of reviewing such documents.  (¶

18    149.)  These allegations are adequate to show that F&C, composed of humans, actually read the

19    relevant documents.

20    The Director Defendants also challenge the allegation as to who purchased the securities,

21    suggesting that purchaser never had information about the false and misleading statements at the

22    time of purchase.  (Dkt. No. 108 at 14-15.)  The complaint states that the Plaintiffs purchased the

23    securities.  (¶¶ 4, 24.)  Plaintiffs explain further that F&C made the decision to purchase the

24

securities and that F&C had authority and discretion to manage Plaintiffs' portfolio in this way. (¶ 144, 154.)  The allegations show that F&C's knowledge of the allegedly misleading and false statements was directly tied to the decision to purchase the securities.  As the Court previously held, a party may demonstrate reliance if its agent read and relied on the statement.  (Dkt. No. 97 at 7 (citing <u>Mirkin v. Wasserman</u>, 5 Cal. 4th 1082, 1098 (1993).)  The allegations are not defective, contrary to the Director Defendants' argument.

The Director Defendants lastly argue that the Complaint fails to show that Defendants' statements caused Plaintiffs to purchase the securities.  (Dkt. No. 108 at 15-16.)  Reading the allegations together, Plaintiffs have alleged the importance of the false and misleading statements in making the decision to acquire the securities.  They detail the analysis performed, the importance of the misleading information, and they allege squarely that "Plaintiffs would not have decided to purchase any of the Preferred Trust Securities" had the known the truth about "WaMu's creditworthiness and underlying business activities. . . ." (¶ 154.)  Plaintiffs have alleged actual reliance.  The Court DENIES the Director Defendants' motion.

The Initial Purchaser Defendants argue that Plaintiffs have failed to allege that they relied on statements made by the Initial Purchaser Defendants.  (Dkt. No. 104 at 10-19.)  The Defendants cite to a disclaimer of liability that the Initial Purchasers made in the Offering Circulars as evidence of non-reliance.  However, the Court previously held the disclaimer was void and Defendants have failed to show why the outcome here should be any different given the Court's previous ruling.  (Dkt. No. 97 at 9.)  The Court rejects the successive motion on this issue.  The Initial Purchasers also argue that Plaintiffs have not stated who read the Offering Circulars and what actions were taken in response thereto.  The Director Defendants raised the same arguments, which, as explained above, are without merit.  The allegations in the Complaint

1  detail the importance of the Offering Circular in convincing Plaintiffs' to buy the securities.  (See

2  ¶¶ 143-55.)  The Complaint also explains the importance of Goldman Sachs' direct solicitation

3  of Plaintiffs in the decision to buy the securities.  (¶¶ 47, 150.)  These allegations are sufficient

4  under Rule 8(a), which governs the analysis of the claims against the Initial Purchaser

5  Defendants.  The Court DENIES the Initial Purchaser Defendants' motion.

6  C.      California Corporations Code Claims

7          The Officer Defendants argue that Plaintiffs' California Corporations Code § 25400 and

8  § 25500 claims fail because Plaintiffs have not alleged the Defendants acted with a willful intent.

9  (Dkt. No. 107 at 16-18.)  The argument is without merit.

10         Plaintiffs argue first and foremost that Defendants waived these arguments by not raising

11  them in the first round of motions to dismiss.  The Court agrees that Defendants should have and

12  could have raised the issues earlier.  Rule 12(g)(2) bars successive motions to dismiss, such as

13  this one.  However, it is permissible to bring a successive motion to dismiss for failure to state a

14  claim if it is brought as a Rule 12(c) motion.  Fed. R. Civ. P. 12(h)(2)(B).  The Officer

15  Defendants did not bring this as a 12(c) motion.  The pleadings have not closed.  Despite this

16  oversight, the Court exercises its discretion and considers the arguments.  Aetna Life Ins. Co. v.

17  Alla Med. Servs. Inc., 855 F.2d 1470, 1474 (9th Cir. 1988).  The Court considers the arguments

18  in order to expedite a final disposition on the issue, rather than wait for Defendants to file an

19  answer and then a Rule 12(c) motion.  See Larson v. Johnson, 2007 WL 3390883, at *3 (D. Ariz.

20  Nov. 13, 2007).

21         Culpability under § 25400(d) requires a showing of recklessness—that "the danger of

22  misleading buyers or sellers is so obvious that the defendant must have been aware of it."  Cal.

23  Amplifier, Inc. v. RLI Ins. Co., 94 Cal. App. 4th 102, 110 (2001).  Plaintiffs must also allege that

24

1    Defendants had the specific intent to "to affect the market by inducing the purchase or sale of the

2    security." Id. (quotation omitted).  Section 25500 requires Plaintiffs to allege Defendants made

3    "knowingly false statement[s] . . . with the deliberate intent to manipulate the price of a

4    security." Id. at 111.  Plaintiffs do not dispute this statement of the law.

5          Plaintiffs point the Court to 24 pages of allegations that they claim are incorporated into

6    their § 25400 and § 25500 claim that show how "the Officer Defendants knowingly disregarded

7    WaMu Risk Management's internal reports, while at the same time disseminating false and

8    misleading statements to investors."  (Dkt. No. 110 at 26 (citation omitted).)  The allegations are

9    adequate.  Plaintiffs explain with detail that the "scheme to inflate loan volume was directed by

10   WaMu's senior management" and add details as to the Officer Defendants' knowledge and roles.

11   (¶ 71; ¶¶ 59-78.)  Plaintiffs also make allegations as to the Officer Defendants' collusion in

12   appraisal manipulation.  (¶¶ 79-90.)  Plaintiffs then allege that the Officer Defendants "caused

13   the Company's employees to deviate from the Company's underwriting standards when

14   originating loans" and that the Officer Defendants "should have substantially increased the

15   Company's Allowance accordingly, but did not." (¶ 98.)  As alleged, the Officer Defendants

16   thus knowingly concealed the true condition of the Company and took actions to induce

17   Plaintiffs to purchase the securities.  (¶ 100.)  Together these allegations show sufficient detail as

18   to the Officer's intentional acts to induce the sale of the securities Plaintiffs bought to avoid

19   dismissal.  The Court DENIES the motion to dismiss Plaintiffs' § 25400 and § 25500 claims

20   (Count IV).

21   D.     Count Five Lacks Particularity

22         The Officer Defendants argue that Count V must fail because Plaintiffs do not plead

23   specific facts showing the Officer Defendants materially assisted Goldman Sachs in preparing

24

1  false and misleading statements in the Offering Circulars in violation of § 25504.1 of the

2  California Corporations Code.  (Dkt. No. 107 at 18-19.)  The Court agrees.

3        Plaintiffs fail to explain where they have alleged the Officer Defendants materially

4  assisted Goldman Sachs.  They point to no specific allegations about the Officer Defendants'

5  assistance to Goldman Sachs and the Court can find none in the complaint.  Without any specific

6  and detailed allegations as to the Officer Defendants' material assistance, the claim is defective.

7  The bare-bones assertions in the count do not satisfy Rule 9(b).  The Court GRANTS the motion

8  on this issue and DISMISSES this count against the Officer Defendants only.  Goldman Sachs

9  does not challenge the sufficiency of this allegation against it.

10       Plaintiffs have had substantial time to plead and replead the allegations in support of this

11 claim and go to school on the companion cases and the extensive motion practice in the MDL

12 case.  While Defendants did not move expressly on this claim before, they raised numerous

13 concerns about the adequacy of Plaintiffs' California Corporations Code allegations.  It should

14 have been apparent to Plaintiffs that their allegations would merit close scrutiny.  Given

15 Plaintiffs' failure to add any particularized allegations as material assistance, further amendment

16 appears futile.  The Court dismisses the claim WITH PREJUDICE.

17                            **Conclusion**

18       Defendants have failed to show any serious defects in the new complaint.  The

19 allegations of reliance are sufficient to sustain Plaintiffs' fraud, negligent misrepresentation, §

20 10(b) and § 20(a) claims.  The Court DENIES the motions to dismiss these claims.  While the

21 Officer Defendants are guilty of filing successive motions to dismiss, the Court looks beyond

22 this defect and finds Plaintiffs' California Corporations Code claims against the Officer

23 Defendants to be sufficient as to Count IV, but not as to Count V.  Plaintiffs have not provided

24

ORDER DENYING IN PART AND GRANTING IN
PART DEFENDANTS' MOTION TO DISMISS- 10

1   sufficient allegation as to the Officer Defendants' material assistance in violation of § 25504.1.

2   The Court thus GRANTS in part and DENIES in part the Officer Defendants' motion.  The

3   Court DISMISSES Count V with prejudice.

4         The clerk is ordered to provide copies of this order to all counsel.

5         Dated this 3rd day of November, 2010.

6

7

8   _____
    Marsha J. Pechman
9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24