1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

In re Washington Mutual, Inc. Securities,
Derivative & ERISA Litigation

CASE NO. 08-md-1919 MJP

11

ORDER ON PLAINTIFFS' MOTION
TO STRIKE AND MOTION TO
DISMISS

12

IN RE WASHINGTON MUTUAL, INC.
SECURITIES LITIGATION

13
14

This Document Relates to:

15

Case No. C09-1756 MJP

16
17

    This matter comes before the Court on Plaintiffs Flaherty & Crumrine Preferred Income

18

Fund Incorporated's, Flaherty & Crumrine Preferred Income Opportunity Fund Incorporated's,

19

Flaherty & Crumrine/Claymore Preferred Securities Income Fund Incorporated's, Flaherty &

20

Crumrine/Claymore Total Return Fund Incorporated's, Flaherty & Crumrine Investment Grade

21

Fixed Income Fund's (collectively "Flaherty") motion to strike all Defendants' affirmative

22

defenses (Dkt. No. 823) and motion to dismiss the counterclaim filed by Defendants Goldman

23

Sachs & Co., Credit Suisse Securities (USA) LLC, and Morgan Stanley & Co., Incorporated

24

(collectively the "Initial Purchaser Defendants") (Dkt. No. 822.)  Having reviewed the motions,

1  the responses (Dkt. Nos. 836, 837, 838, 839), the replies (Dkt. Nos. 844, 845), and all related

2  papers, the Court GRANTS in part and DENIES in part the motion to strike and GRANTS in

3  part and DENIES in part the motion to dismiss.  The Court finds this matter suitable for decision

4  without oral argument.  All references to the docket are to Case No. 08-md-1919 MJP, unless

5  otherwise noted.

6                                         **Background**

7           Flaherty is a group of closed-end management investment companies.  (Second Amended

8  Complaint ("Compl.") ¶¶ 24, 144.)  Flaherty pursues claims against the Defendants under

9  California common and statutory law and federal law.  The Court recently ruled on several

10 motions to dismiss Flaherty's second amended complaint, denying the motions.  (Dkt. No. 623.)

11 Defendants have filed answers.  As part of their answer, the Initial Purchaser Defendants assert a

12 breach of contract counterclaim against Flaherty.  (Dkt. No. 811.)  The Initial Purchasers allege

13 in their counterclaim that Flaherty breached material terms of the offering circulars related to

14 Flaherty's purchase of WaMu securities.  (Id. at 38-41.)  The Initial Purchaser Defendants also

15 name Flaherty & Crumrine, Inc. ("FCI"), the investment manager to the Funds, as a counter-

16 defendant.  FCI is not a named plaintiff.

17                                          **Analysis**

18 A.      Motion to Strike

19         Flaherty asks the Court to strike essentially every affirmative defense levied by the

20 Defendants.  The Court agrees only in small part.

21         1.      Standard

22         Plaintiffs argue that the heightened pleading standard of Bell Atl. Corp. v. Twombly, 550

23 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) applies to affirmative defenses.

24

ORDER ON PLAINTIFFS' MOTION TO STRIKE
AND MOTION TO DISMISS- 2

1    The Court disagrees.  It is an open question in the Ninth Circuit whether Twombly and Iqbal

2    apply to affirmative defenses.  Flaherty relies heavily on one decision of the Northern District of

3    California in which the court found that the many courts have required affirmative defenses to

4    comply with the heightened standard.  Barnes v. AT&T Pension Ben. Plan, 718 F. Supp. 2d

5    1167, 1171-72 (N.D. Cal. 2010).  The case's analysis does not persuade the Court to apply Iqbal

6    and Twombly to affirmative defenses.  Iqbal and Twombly explain the minimum requirements

7    for asserting claims against a party who may or may not know the basis of the claims against it.

8    Affirmative defenses, on the other hand, offer legal reasons why, accepting the claims as true,

9    the defendant is not liable.  Detailed pleading is not necessary to give fair notice to the Plaintiff

10   under Rule 8(c) of the affirmative defense, given that the core factual circumstances are already

11   well known to the parties.  Wyshak v. City Nat'l Bank, 607 F.2d 724, 827 (9th Cir. 1979).  The

12   need for the affirmative defenses to be spelled out with great factual support is also unnecessary

13   given that an inappropriate or mischaracterized defense will generally not subject the plaintiff to

14   vexatious litigation, as a frivolous claim might.  Of course, affirmative defenses, like all

15   pleadings, must also satisfy Rule 11.

16         The Court therefore rejects application of Iqbal and Twombly and DENIES Flaherty's

17   request to strike every affirmative defense as failing the plausibility standard.

18         2.    Misclassified Affirmative Defenses

19         Flaherty seeks dismissal of the eighteen different affirmative defenses that it claims are

20   not properly asserted as defenses or that lack any factual basis.  Flaherty is correct, but the Court

21   does not strike the defenses.

22         Rule 12(f) grants the Court discretion to "strike from a pleading an insufficient defense or

23   any redundant, immaterial, impertinent, or scandalous matter."  The moving party bears the

24   burden of showing that a challenged defense is insufficient.  See LaFleur v. Sunbeam Prods.,

1 Inc., No C09-425 MJP, 2010 WL 1734845, at *3 (W.D. Wash. Apr. 28, 2010).  A motion to

2 strike should not be granted unless "it is clear that the matter to be stricken could have no

3 possible bearing on the subject matter of the litigation."  In re New Century, 588 F. Supp. 2d

4 1206, 1220 (C.D. Cal. 2008).  The function of Rule 12(f) is "to avoid the expenditure of time and

5 money that must arise from litigating spurious issues by dispensing with those issues prior to

6 trial. . . ."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993) (quotation omitted)

7 overruled on other grounds, 510 U.S. 517 (1994).  "A defense which demonstrates that plaintiff

8 has not met its burden of proof is not an affirmative defense."  Zivkovic v. S. Cal. Edison Co.,

9 302 F.3d 1080, 1088 (9th Cir. 2002).

10   The affirmative defenses Flaherty seeks dismissed are: (1) failure to state a claim; (2)

11 lack of standing; (3) failure to plead with particularity; (4) no misrepresentations; (5) lack of

12 alleged knowledge, (6) lack of reliance; (7) lack of materiality; (8) no causation; (9) no loss

13 causation; (10) no injury/economic loss' (11) no attorneys' fees; (12) no control person liability;

14 (13) no knowledge of facts supporting control; (14) speculative damages; (15) no false or

15 misleading statements attributable to Defendants; (16) lack of fraudulent conduct; (17) improper

16 venue; and (18) lack of sale of securities in California.  (Dkt. No. 141 at 9.)

17   All eighteen of these highlighted defenses are improperly presented as affirmative

18 defenses.  Affirmative Defenses 1, 2, 3, and 17 are simply Rule 12(b) attacks to the adequacy of

19 the pleadings, not avoidances or affirmative defenses.  They are improperly set out as affirmative

20 defenses.  Affirmative Defenses 4, 5, 6, 7, 8, 9, 10, 12, 13, 15, 16, and 18 are simply general

21 denials, not affirmative defense.  See Zivkovic, 302 F.3d at 1088.  Affirmative Defenses 11 and

22 14 are also not affirmative defenses, but challenges to the remedies Plaintiffs seek.  The Court

23 DENIES the request to strike these defenses, however.  Though improperly pleaded, these

24

ORDER ON PLAINTIFFS' MOTION TO STRIKE
AND MOTION TO DISMISS- 4

1   affirmative defenses are related to the litigation and are not immaterial, impertinent or

2   scandalous.   The Court will simply consider them not as affirmative defenses, but as general

3   denials or objections.

4         Flaherty also seeks dismissal of Defendants' reservation of additional affirmative

5   defenses. (Dkt. No. 141 at 10.)  Though this is not an affirmative defense, the Court does not

6   strike it.  In order to pursue an affirmative defense not specifically pleaded, Defendants will need

7   to seek leave to amend their answer.  The reservation is not a substitute.

8         3.     Immaterial Affirmative Defenses

9         Flaherty entreats the Court to strike as immaterial six affirmative defenses.   The Court

10   agrees in part.

11         An "[i]mmaterial' matter is that which has no essential or important relationship to the

12   claim for relief or the defenses being pleaded." Fantasy, Inc., 984 F.2d at 1527.

13         Flaherty attacks the Officer Defendants' fifteenth and twenty-fourth and Defendant

14   Killinger's eighteenth and thirty-first affirmative defenses.  The Defendants assert here that

15   Flaherty had no reasonable grounds to believe that the statements contained in the registration

16   statement were true.  As Flaherty points out, it has not made any claims related to the registration

17   statements.  These defenses are therefore immaterial.  Defendants respond that they made a

18   semantic error, and intended to write "offering circulars." (Dkt. No. 836 at 4.)  The Court

19   STRIKES these defenses and GRANTS LEAVE to amend them.  See Wyshak, 607 F.2d at 826

20   (leave to amend an affirmative defense should be freely given so long as there is no prejudice to

21   the moving party).

22         Flaherty correctly seeks dismissal of the Initial Purchaser Defendant's third affirmative

23   defense that venue is improper because of a binding arbitration agreement.  (Dkt. No. 141 at 10.)

24

1    The Initial Purchaser Defendants cannot point to any such agreement, but instead argue that the

2    defense "is material because a binding arbitration agreement <u>might</u> be discovered that would

3    require the Court to compel arbitration." (Dkt. No. 839 at 25 (emphasis added).)  Defendants

4    lack any basis in fact for their pleading, which treads dangerously close to violating Rule 11.

5    Defendants cannot simply assert hypothetical defenses.  The Court STRIKES this affirmative

6    defense.

7        Flaherty seeks dismissal of the Initial Purchaser's fourth affirmative defense attacking a

8    cause of action for aiding and abetting.  (Dkt. No. 823 at 11.)  Flaherty claims that this is

9    immaterial.  However, Defendants explain that Flaherty does appear to pursue such a claim and

10   that an affirmative defense is proper unless Flaherty removes it from its complaint.  The Court

11   finds this defense material and DENIES the request to strike it.

12       Defendants are given 7 days from entry of this order to file amended affirmative defenses

13   for which leave has been granted.

14   B.    Motion to Dismiss Counterclaim

15       Plaintiffs seek to dismiss the Initial Purchaser's counterclaim on the theory that the Court

16   has already found invalid the contractual provision sought to be enforced.  The Court agrees in

17   part.

18       1.    Standard

19       To survive a motion to dismiss, the counterclaim must have "facial plausibility [which

20   exists] when the pleaded factual content allows the court to draw the reasonable inference that

21   the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940

22   (2009).  In reviewing the counterclaim, the Court must assume the facts to be true and construe

23

24

ORDER ON PLAINTIFFS' MOTION TO STRIKE
AND MOTION TO DISMISS- 6

1  them in the light most favorable to the nonmoving party.  <u>Cervantes v. United States</u>, 330 F.3d

2  1186, 187 (9th Cir. 2003).

3          The Initial Purchasers argue that New York or Delaware law should apply to their

4  counterclaim.  Without having expressly performed a choice of law analysis, the Court has held

5  that California law applies to Flaherty's claims.  (Dkt. No. 623 at 8-9.)  The Court finds no

6  reason to revisit its opinion.  Flaherty alleges that it purchased the securities in California, filed

7  suit in California and pursues claims based on California law.  There is not a single allegation in

8  the counterclaim that points to any other occurrence outside of California that might vary the

9  analysis.  The Court continues to apply California law.

10          2.      <u>Counterclaim May Proceed only on Limited Grounds</u>

11          Flaherty argues that the counterclaim must be dismissed because it is based on the void

12  contractual provision that required Flaherty to waive any reliance on the issuing statements.

13  Flaherty is largely correct.  At least one portion of the counterclaim is based on a different

14  contractual provision that permits the Initial Purchasers to pursue their counterclaim.

15          In the Court's order on Defendants' first motions to dismiss Flaherty's complaint, the

16  Court found that under California law, the disclaimer of reliance in the offering circulars are void

17  under California law.  (Dkt. No. 623 at 9.)  The Initial Purchaser Defendants now seek to use that

18  same provision against Flaherty as one basis for their breach of contract counterclaim.  The

19  Court's prior opinion forecloses this.  Defendants' only responsive argument is that the Court

20  must construe the facts in the light most favorable to them.  (Dkt. No. 839 at 14.)  This does

21  nothing to alter the legal framework that binds Defendants.  The key provision to the majority of

22  the Initial Purchasers' counterclaim is void under California law and cannot serve as the basis for

23  a counterclaim.

24

1       Defendants successfully argue that part of their breach of contract counterclaim is based

2   on a provision in the contracts that has not been determined to be void.  That is, the offering

3   circulars required Flaherty to represent that they were qualified institutional purchasers.  (Dkt.

4   No. 839 at 13; Dkt. No. 811 at 39 (Counterclaim ¶ 12).)  According to the counterclaim, Flaherty

5   breached this term.  Defendants are permitted to pursue this breach of contract claim.  Flaherty

6   makes no substantive argument against Defendants' position.  On this very narrow portion of the

7   counterclaim the Court permits the Initial Purchaser Defendants to proceed.

8       3.      No Fee Shifting

9       Flaherty argues the counterclaim's request for relief for attorneys' fees violates the

10  American Rule prohibiting attorneys' fees unless a contractual provision expressly allows.

11  Flaherty is correct.

12      In the absence of a rule, statute, or contract authorizing the award, each party must bear

13  its own attorneys' fees.  Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison

14  Indus., 84 F.3d 1186, 1192 (9th Cir. 1996).  Under California law, the provision of attorneys'

15  fees must be express in the contract that is alleged to have been breached.  Cal. Civ. Code §

16  1717; Carroll v. Hanover Ins. Co., 266 Cal. App. 2d 47, 50, 71 Cal. Rptr. 868 (1968) (requiring

17  an express provision to shift attorneys' fees to permit any deviation from the American Rule).

18      The Initial Purchaser Defendants point to no provision permitting the recovery of

19  attorneys' fees.  The Court therefore holds that no attorneys' fees can be recovered from Flaherty

20  on the breach of contract counterclaim.  This does not necessarily mean that the counterclaim

21  itself must be dismissed.  Aside from attorneys' fees, the Initial Purchaser Defendants seek an

22  award of the relief requested and "such other and further relief as the Court deems just and

23  proper."  (Dkt. No. 811 at 40.)  The Initial Purchaser Defendants are given leave to amend their

24

1    counterclaim to set forth any valid basis for relief they may seek.  Any amendment must be filed

2    within 7 days of entry of this order.

3           4.     <u>Proper Party</u>

4           Flaherty argues that Flaherty & Crumrine, Inc. ("FCI"), is improperly joined as a counter-

5    defendant.  The Court disagrees.

6           Rule 13(a) permits counterclaims against the opposing party if the claim arises out of the

7    same transaction or occurrence at the opposing party's claim and that it does not require adding a

8    new party over whom the Court has no jurisdiction.  Rule 13(h) states that "Rules 19 and 20

9    govern the addition of a person as a party to a counterclaim."

10           FCI is properly joined.  The core facts of the counterclaim relate to the same transactions

11    at issue in Flaherty's claims.  As the investment manager to the Plaintiffs and a related entity,

12    FCI has a substantial nexus to the claims at issue.  The Court has finds that is has jurisdiction

13    over FCI.   Joinder of FCI as a counter-defendant is proper.

14    **Conclusion**

15           The Court GRANTS in part and DENIES in part Flaherty's motion to strike.  While

16    many of the affirmative defenses are improperly characterized, the Court does not strike them.

17    The Court strikes only those affirmative defenses that are immaterial or for which Defendants

18    lack a factual basis.  Leave to amend is granted in a limited fashion as set forth above.

19           The Court GRANTS in part and DENIES in part the motion to dismiss.  In very large

20    part, the heart of the Initial Purchaser Defendants' counterclaim cannot be pursued.  Defendants

21    may only pursue the claim that Flaherty breached its representation that it was a qualified

22    institutional purchaser.  They may pursue this claim against FCI.  However, given the lack of any

23    agreement shifting fees, the Initial Purchaser Defendants cannot obtain attorneys' fees if they are

24

successful on their counterclaim.  They are given leave to amend the "relief requested" portion of their counterclaim to clarify what relief they seek.

Any amended pleadings for which Defendants have leave to file must be filed within 7 days of entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of March, 2011.


Marsha J. Pechman
United States District Judge