# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation | Case No. 2:08-md-1919 MJP |
| | Lead Case No. C08-0387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS AND PROVIDING FOR NOTICE |
| This Document Relates to: ALL CASES | |

WHEREAS, a consolidated class action is pending in this Court entitled *In re Washington Mutual, Inc. Securities Litigation,* No. 2:08-md-1919 MJP, Lead Case No. C08-387 MJP (the "Action");

WHEREAS, (i) Lead Plaintiff Ontario Teachers' Pension Plan Board ("Lead Plaintiff"), on behalf of itself and the Class, (ii) Defendants Kerry K. Killinger, Thomas W. Casey, Stephen J. Rotella, Ronald J. Cathcart, David C. Schneider, John F. Woods, Melissa J. Ballenger, Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever and Willis B. Wood, Jr. (collectively, the "Individual Defendants")

ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS AND PROVIDING FOR NOTICE

Master No: 2:08-md-1919 MJP

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

and (iii) Washington Mutual, Inc. ("WMI"), have entered into the Stipulation and Agreement of Settlement with Individual Defendants and with Washington Mutual, Inc. dated June 30, 2011 (the "D&O/WMI" Stipulation") providing for the settlement and release of all Settled Claims against the Individual Defendants, WMI, and their respective Related Parties on the terms and conditions set forth in the D&O/WMI Stipulation, subject to approval of this Court (the "D&O/WMI Settlement");

WHEREAS, (i) Lead Plaintiff, on behalf of itself and the Class, and (ii) Defendants Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co. LLC), Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., UBS Securities LLC, J.P. Morgan Securities Inc., Barclays Capital Inc., Keefe, Bruyette & Woods, Inc., Cabrera Capital Markets, LLC, The Williams Capital Group, L.P., Citigroup Global Markets, Inc., Greenwich Capital Markets, Inc. (now known as RBS Securities Inc.), BNY Mellon Capital Markets LLC (successor to BNY Capital Markets, Inc.), and Samuel A. Ramirez & Company, Inc. (collectively, the "Underwriter Defendants") have entered into the Stipulation and Agreement of Settlement with the Underwriter Defendants dated June 30, 2011 (the "Underwriters Stipulation") providing for the settlement and release of all Settled Claims against the Underwriter Defendants, Banc of America Securities LLC, and their respective Related Parties on the terms and conditions set forth in the Underwriters Stipulation, subject to approval of this Court (the "Underwriters Settlement");

WHEREAS, (i) Lead Plaintiff, on behalf of itself and the Class, and (ii) Defendant Deloitte & Touche LLP ("Deloitte") have entered into the Stipulation and Agreement of Settlement with Deloitte & Touche LLP dated June 30, 2011 (the "Deloitte Stipulation") providing for the settlement and release of all Settled Claims against Deloitte and its Related Parties on the terms and conditions set forth in the Deloitte Stipulation, subject to approval of this Court (the "Deloitte Settlement");

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 2

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

WHEREAS, for the purposes of this Order, (i) the D&O/WMI Stipulation, the Underwriters Stipulation, and the Deloitte Stipulation shall be collectively referred to as the "Stipulations"; (ii) the D&O/WMI Settlement, the Underwriters Settlement, and the Deloitte Settlement shall be collectively referred to as the "Settlements"; (iii) the Individual Defendants, WMI, the Underwriter Defendants and Deloitte shall be collectively referred to as the "Settling Defendants"; (iv) the Settling Defendants and Lead Plaintiff shall be collectively referred to as the "Settling Parties"; and (v) unless otherwise defined herein, all other capitalized words contained herein shall have the same meanings as set forth in the respective Stipulations;

WHEREAS, in its Order on Class Certification dated October 12, 2010 (Docket No. 759) (the "October 12, 2010 Order"), this Court certified the Action to proceed as a class action on behalf of a class as defined in the Amended Complaint and modified by Orders of this Court dated May 15, 2009 (Docket No. 277), and October 27, 2009 (Docket No. 381);

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the Stipulations and approving notice of the proposed Settlements to Class Members as more fully described herein; and

WHEREAS, the Court having read and considered the Stipulations and the respective exhibits thereto, including the proposed (a) Notice; (b) Claim Form; (c) Summary Notice; and (d) Judgments and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 3

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Definition of the Certified Class** - The definition of the certified Class to be set forth in the Notice is:

> All persons and/or entities who purchased or otherwise acquired the following securities issued by WMI and its subsidiaries: WMI common stock; Floating Rate Notes offered in WMI's August 2006 Offering (CUSIP 939322AW3); the 7.250% Notes offered in WMI's October 2007 Offering (CUSIP 939322AY9); the 7.75% Series R Non-Cumulative Perpetual Convertible Preferred Stock offered in WMI's December 2007 Offering (CUSIP 939322814); and Washington Mutual Capital Trust 2001's 5.375% Trust Preferred Income Equity Redeemable Securities (PIERS) Units, maturing 7/1/2041 ("Capital Trust Unit Preferred") (CUSIP 939322848) (collectively, the "WMI Class Securities") during the period from October 19, 2005 to July 23, 2008 (the "Class Period"), and were damaged thereby. Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any other person who was an officer or director of WMI, Deloitte, any of the Underwriter Defendants, Lehman, or BOA during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged in the Action; (vi) TPG Capital and other purchasers of equity securities issued by WMI in connection with the $7 billion capital issuance pursuant to the agreements entered into by and among TPG Capital and WMI and other investors, announced by the Company on April 8, 2008 (the "TPG Deal"), to the extent that such purchasers exercised distinct rights and diligence opportunities afforded them in connection with the TPG Deal; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party, provided that any Investment Vehicle (as defined in the Stipulations) shall not be deemed an excluded person or entity by definition. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

2. **Preliminary Approval of Settlements** – The Court hereby preliminarily approves the Settlements, as embodied in the respective Stipulations, as being fair, reasonable and adequate as to Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 4

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

3. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 4, 2011 at 9:00 a.m. at the United States Courthouse, 700 Stewart Street, Courtroom 14206, Seattle, Washington, for the following purposes: (a) to determine whether the proposed Settlements on the terms and conditions provided for in the Stipulations are fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether the Judgments substantially in the form attached as Exhibit B to each of the Stipulations should be entered dismissing the Action with prejudice against the respective Settling Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable and should be approved by the Court; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlements. Notice of the Settlements and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

4. The Court may adjourn the Settlement Hearing and approve the proposed Settlements with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to the Class.

5. **Retention of Claims Administrator and Manner of Notice** – Lead Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below. Notice of the Settlements and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than twenty-one (21) calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form,

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 5

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

1  substantially in the forms attached hereto as Exhibits "1" and "2", respectively, to be mailed by first-class mail to all members of the Class at the address of each such Class Member as set forth in the records of WMI (to the extent that Lead Counsel is able to obtain such records), or its transfer agent, or who otherwise may be identified through further reasonable effort;

(b) WMI, the Individual Defendants and their respective counsel shall use their reasonable best efforts to assist Lead Counsel in obtaining the Company's transfer records, consisting of the Class Period WMI Class Securities' holders' names and addresses in electronic form (at no cost to the Settlement Funds, Lead Counsel or the Claims Administrator) in order to identify and provide notice to the Class;

(c) not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in form attached hereto as Exhibit "3", to be published once each in *The Seattle Times* and the national edition of *The Wall Street Journal*; and to be transmitted once over *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Settling Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6. **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits "1", "2", and "3", respectively; and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 6

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Action, the effect of the proposed Settlements (including the releases contained therein) and of their right to object to the proposed Settlements, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), § 78u-4(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7. **Broker and Nominee Procedures** – Brokers and other nominees who purchased or acquired WMI Class Securities during the Class Period for the benefit of another person or entity shall be requested to forward the Notice and Claim Form (together, the "Notice Packet") to all such beneficial owners within fourteen (14) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such brokers or nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds in accordance with the provisions of the Stipulations.

8. **Participation in Settlements** – Class Members who wish to participate in the Settlements and receive a distribution from the Net Settlement Funds must complete and submit the

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 7

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Funds to the Class. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlements.

9. Each Proof of Claim submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Proof of Claim or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Funds; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulations and the Settlements

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 8

and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgments and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be fully and forever barred from commencing, maintaining or prosecuting any of the Settled Claims against each and all of the Released Defendant Parties as defined in the respective Stipulations, as more fully described in the Notice.

11. **<u>Exclusion From the Class</u>** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-five (25) calendar days prior to the Settlement Hearing, to: *In re Washington Mutual, Inc. Securities Litigation,* c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 91310, Seattle, WA 98111-9410; (b) each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *In re Washington Mutual, Inc. Securities Litigation,* No. 2:08-md-1919 MJP, Lead Case No. C08-387 MJP"; (iii) state the number of each WMI Class Security (in terms of shares, notes or units) that the person or entity requesting exclusion purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; (iv) state whether the person or entity requesting exclusion sold or disposed of any: WMI common stock between July 23, 2008 and October 20, 2008, inclusive; units of Capital Trust Unit Preferred between July 23, 2008 and October 21, 2008, inclusive; and/or Floating Rate Notes, 7.250% Notes or Series R Preferred Stock on or after July 23, 2008, and if so, state the number of shares, units or notes sold, the date(s) of such sale(s) and the amount of money received for each such sale; and (v) be signed by the person or entity requesting

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 9

exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlements or any other orders or judgments in the Action and shall have no right to receive any payment out of any of the Net Settlement Funds.

13. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class in this or any other proceeding; (b) shall be fully and forever barred from requesting exclusion from the Class; (c) shall be bound by the provisions of the Stipulations and Settlements, all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgments and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be fully and forever barred from commencing, maintaining or prosecuting any of the Settled Claims, as defined in the respective Stipulations, against any of the Released Defendant Parties, as defined in the respective Stipulations and covered by the Judgments entered, as more fully described in the Notice.

14. **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Counsel for the respective Settling Defendants as set forth in Paragraph 15 below such that it is received no later than twenty

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 10

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

(20) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15. Any Class Member who does not request exclusion from the Class may file written objections to the proposed Settlements, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlements, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed written objections with the Court and served copies of such objections in the manner provided in the Notice such that it is received no later than twenty-five (25) calendar days prior to the Settlement Hearing on each of the following:

> Hannah G. Ross, Esq.
> Bernstein Litowitz Berger & Grossmann LLP
> 1285 Avenue of the Americas
> New York, NY 10019
>
> Lead Counsel for Lead Plaintiff and the Class

and on counsel for the relevant Settlement(s) as follows:

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 11

Ronald Berenstain, Esq.
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle Washington, 98101-3099

Representative Counsel for the
Individual Defendants

Jonathan C. Dickey, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Counsel for the Underwriter Defendants

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street
San Francisco, CA 94111

Counsel for Deloitte & Touche LLP

Representative Counsel for the Individual Defendants shall provide copies of any such objections and supporting papers to counsel for the other Individual Defendants and WMI with respect to the D&O/WMI Settlement.

16. Any objections, filings and other submissions by the objecting Class Member must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's attention and documents sufficient to prove the number of WMI Class Securities (in terms of shares, notes and units) that the objecting Class Member purchased and sold during the Class Period, as well as the dates and prices of each such purchase and/or sale, and with respect to WMI common stock sold between July 23, 2008 and October 20, 2008 inclusive, Capital Trust Unit Preferred sold between July 23, 2008 and October 21, 2008 inclusive, and Floating Rate Notes, 7.250% Notes or Series R

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 12

Preferred Stock sold on or after July 23, 2008, state the number of shares, units or notes sold, the date(s) of such sale(s) and the amount of money received for each such sale.

17. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the proposed Settlements, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlements, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlements, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18. **Stay** – Consistent with the Court's April 6, 2011 Order (Docket No. 864) and until otherwise ordered by the Court, the Court stays all proceedings in the Action involving the Settling Defendants other than proceedings necessary to carry out or enforce the terms and conditions of the respective Stipulations. Pending the Settlement Hearing, the Court enjoins Lead Plaintiff and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Settled Claims, as defined in the respective Stipulations, as against each and all of the Released Defendant Parties, as defined in the respective Stipulations.

19. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement Funds shall be paid as set forth in the respective Stipulations without further order of the Court.

20. **Settlement Funds** – The contents of the Settlement Funds held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in*

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Master No: 2:08-md-1919 MJP
Page 13

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the respective Stipulations and/or further order(s) of the Court.

21. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Funds, to pay from the Settlement Funds any Taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the respective Stipulations.

22. **Termination** – If any of the Settlements is terminated, or is not approved, or the Effective Date does not occur as to any of the Settlements, this Order shall become null and void as to that Settlement (or Settlements) and shall be without prejudice to the rights of Lead Plaintiff, the Class Members and the affected Settling Defendants, all of whom shall be restored to their respective positions, as provided for in the relevant Stipulation(s).

23. **Use of this Order** –This Order, the proposed Settlements, the Stipulations and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the respective proposed Settlements; (b) shall not be described as, construed as, interpreted as or offered or received against the respective Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission of wrongdoing by the respective Settling Defendants as to any liability, negligence or fault, on their part or the validity of any claim by Lead Plaintiff or the merits of any of

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 14

their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiff or any other Class Member as evidence of any infirmity in the claims of said Lead Plaintiff and the Class or that the damages recoverable from the respective Settling Defendants would not have exceeded the respective Settlement Amounts.

24. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlements, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty (40) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25. The Court retains jurisdiction to consider all further applications arising out of the proposed Settlements.

SO ORDERED this 21st day of July, 2011.

_____
Marsha J. Pechman
United States District Judge

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS AND PROVIDING
FOR NOTICE

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Master No: 2:08-md-1919 MJP
Page 15