THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | CASE NO.: No. 2:08-md-1919 MJP<br>**DEFENDANT KERRY K. KILLINGER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br>**NOTE ON MOTION CALENDAR:** August 26, 2011<br>ORAL ARGUMENT REQUESTED |
|---|---|
| This Document Relates to:<br>*Michael M. Angello, et al. v. Killinger, et al.*<br>No. 11-cv-1336 MJP | |

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| BACKGROUND | 2 |
| I. PLAINTIFFS' CLAIMS ARE RELATED TO THE WAMU BANKRUPTCY AND BELONG IN FEDERAL COURT. | 4 |
| II. THE COURT SHOULD EXERCISE ITS LAWFUL JURISDICTION OVER PLAINTIFFS' CLAIMS. | 8 |
| III. THE COURT MAY ALSO HAVE JURISDICTION BASED ON DIVERSITY | 11 |
| CONCLUSION | 12 |

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-i-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

# TABLE OF AUTHORITIES

**CASES** **Page**

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ................................................................. 8

*Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566 (N.D. Cal. 2008) ................................................................................................................................. 9

*Carpenters Pension Trust for S. Cal. v. Ebbers*, 299 B.R. 610 (C.D. Cal. 2003) .............. 4

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) ............................................................ 4, 7

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982) ........................................................................ 9

*Home Ins. Co. v. Cooper & Cooper Ltd.*, 889 F.2d 746 (7th Cir. 1989) ............................ 7

*In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*, No. 02 CIV. 9804, 2003 WL 23018802 (S.D.N.Y. Dec. 23, 2003) ............................................................................. 9

*In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir. 1992) .............................................. 4

*In re Enron Corp.*, 296 B.R. 505 (C.D. Cal. 2003) ........................................................... 5

*In re Fietz*, 852 F.2d 455 (9th Cir. 1988) ................................................................... 4, 5, 6

*In re Masterwear Corp.*, 241 B.R. 511 (S.D.N.Y. 1999) ................................................... 5

*In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432 (S.D.N.Y. 2008) ................................... 9

*In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079 (N.D. Cal. 2003) .................. 9

*In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811 (C.D. Cal. 2001) ........................................... 5

*In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, 536 F. Supp. 2d 1377 (J.P.M.L. 2008) ............................................................................................................. 2

*In re Worldcom, Inc., Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003) .................................. 5, 9

*Kennilworth Partners II LP v. Crisman*, No. C-00-3218 VRM, 2001 WL 30534 (N.D. Cal. Jan. 3, 2001) ............................................................................................... 5

*Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, 399 B.R. 119 (E.D.N.Y. 2009) ...................................................................................................... 5

*Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813GLT(ANX), 2003 WL 22025158 (C.D. Cal. June 30, 2003) ........................................................... 4

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) .................................. 4, 6

KERRY KILLINGER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-ii-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

| | | |
|---|---|---|
| 1 | *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999 (9th Cir. 1997) | 8 |
| 2 3 | *Senorx, Inc. v. Coudert Bros.*, No. C-07-1075 SC, 2007 WL 1520966 (N.D. Cal. May 24, 2007). | 10 |
| 4 | *Spencer v. U.S. Dist. Court*, 393 F.3d 867 (9th Cir. 2004) | 8 |
| 5 | *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434 (2003) | 9 |
| 6 | *Winstar Holdings, LLC v. Blackstone Group, L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003 (S.D.N.Y. Dec. 10, 2007) | 10 |

**STATUTES**

| | |
|---|---|
| 28 U.S.C. § 1407 | 3 |

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-iii-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

# INTRODUCTION

Plaintiffs' motion to remand this case to California state court (Dkt. No. 4, hereinafter "Pltfs.' Mem.") is based on a misreading of the jurisdictional standards. Cases may be removed to federal court if they are "related to" a pending bankruptcy proceeding. A claim is "related to" a bankruptcy proceeding if it could have any "conceivable effect" on the bankruptcy estate.

Plaintiffs' claims here *will* have an effect on the bankruptcy estate of Washington Mutual, Inc. ("WaMu"), Mr. Killinger's former employer. WaMu filed for Chapter 11 bankruptcy in 2008, and that proceeding is still pending in bankruptcy court in Delaware. Pursuant to an order issued by the bankruptcy court, various insurers of WaMu have been advancing Mr. Killinger's litigation defense costs for various litigations. The defense costs will be covered and paid for by these same insurance policies (subject to bankruptcy court approval).

All of plaintiffs' arguments in favor of remand are misplaced and legally insufficient. Plaintiffs identify a series of hypothetical future outcomes for this action and assert that each would not affect WaMu's bankruptcy estate. However, whether a lawsuit could have a "conceivable effect" on a bankruptcy estate is to be gauged as of the time of removal, not at some future hypothetical endpoint.

Indeed, for these same reasons, this Court has already denied nearly identical motions to remand in two other cases in this WaMu MDL: Order on Motion to Remand, *Solton v. Killinger*, No. 08-MD-1919 JMP (W.D. Wash. Nov. 2, 2009) (Dkt. No. 384) ("*Solton* Order") and Order Denying Oregon Plaintiffs' Motion to Remand, *Sweet v. Killinger*, No. 08-MD-1919 JMP (W.D. Wash. Feb. 17, 2010) (Dkt. No. 453) ("*Sweet* Order"). In both instances, this Court found that the WaMu bankruptcy estate will be impacted due to advancement of defense costs by WaMu insurance policies or directly by WaMu pursuant to indemnification agreements. In both rulings, this Court rejected arguments that the claims might not impact the bankruptcy estate if certain conditions are satisfied in the future, because the potential impact is to be assessed at the time of removal, not at some hypothetical future endpoint. The same reasoning applies with equal force here, and the Court should deny Plaintiffs' motion to remand on this basis alone.

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-1-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

This Court may also have jurisdiction over this action based on diversity of citizenship, which would represent a separate and independent basis for denying Plaintiffs' motion to remand. The only claims that are still at issue are those of Plaintiffs, who are California citizens, against Mr. Killinger, who is a citizen of Washington. The inclusion of Mr. Ngo as a defendant should be ignored. There is no alleged connection between Mr. Ngo, who was a lower level employee in a branch office of WaMu, and Mr. Killinger. Nor is Mr. Ngo alleged to have ever come into contact with Plaintiffs. Indeed, it is hard to understand why Mr. Ngo was added as a defendant here other than as a transparent attempt to defeat diversity jurisdiction. Tellingly, more than four months after this lawsuit was commenced, Mr. Ngo has still not been served with Plaintiffs' complaint. Although the Court need not reach the issue, the existence of diversity jurisdiction is a further basis to deny Plaintiffs' motion.

## BACKGROUND

On November 1, 2007, New York Attorney General Andrew Cuomo filed suit against an independent appraisal company for allegedly "conspiring" with WaMu to inflate home appraisals. Days later, a series of putative class actions were filed against WaMu and certain WaMu officers alleging violations of sections 10(b) and 20(a) of the Exchange Act concerning, among other things, WaMu's appraisal practices and various aspects of the company's performance and accounting in light of the alleged "conspiracy." These lawsuits were followed by a series of state-law-based shareholder derivative actions and ERISA class actions, all of which made substantially similar factual allegations.

On November 28, 2007, WaMu filed a motion with the MDL Panel to centralize these lawsuits in this Court. The Panel granted WaMu's motion on February 21, 2008 and centralized all WaMu-related litigation "arising from alleged misrepresentations or omissions concerning WaMu's financial condition with respect to its subprime home loan portfolio" before this Court. *In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, 536 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008). The Panel ruled that centralization was necessary and appropriate in order to "eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-2-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

certification; and conserve the resources of the parties, their counsel and the judiciary." *Id.* (citing 28 U.S.C. § 1407). The centralized lawsuits are now pending under the consolidated caption *In re Washington Mutual Securities, Derivative & ERISA Litigation*, No. 08-MD-1919 MJP (W.D. Wash.).

Following WaMu's September 26, 2008 bankruptcy filing, additional lawsuits were filed in the state courts of California and Oregon and thereafter removed to federal court as "related to" WaMu's bankruptcy. These cases include *Solton v. Killinger*, No. CV09-1481 (N.D. Cal.) ("*Solton*"); *City of Buenaventura v. Killinger*, No. CV09-1980 (N.D. Cal.) ("*Ventura*"); *Sweet v. Killinger*, No. 16-09-17620 (Or.) ("*Sweet*"); and *Flaherty & Crumrine Preferred Income Fund v. Killinger*, No. 2:09-7992 (C.D. Cal) ("*Flaherty*"). The Panel issued orders transferring each of these cases to the MDL. In both *Solton* and *Sweet*, the plaintiffs filed motions to remand their cases back to state court. This Court denied both motions. *See Solton* Order; *Sweet* Order.

On March 10, 2011, Plaintiffs filed this action in the Superior Court for the County of San Diego. Mr. Killinger removed this case to the United States for the Southern District of California on April 7, 2011. Notice was provided to the Panel on April 8, 2011, and the Panel issued a conditional transfer order, CTO-6, on April 13, 2011. Plaintiffs filed the present motion with the Southern District of California on April 15, 2011. On May 2, 2011, Plaintiffs later filed a motion with the Panel to vacate CTO-6. On August 9, 2011, the Panel denied Plaintiffs' motion to vacate and ordered this case transferred to this Court. The Panel noted that this Court could resolve Plaintiffs' pending motion to remand.[1]

---

[1] Mr. Killinger submits this opposition to plaintiffs' motion to remand pursuant to the scheduling order entered by Judge Anello of the Southern District of California on April 20, 2011 (Dkt. No. 7). Under that order, Mr. Killinger's opposition to Plaintiffs' motion to remand is due no later than ten days from August 9, the date the MDL Panel issued its final order transferring this case. Also, Plaintiffs' reply is due seven days after the filing of this opposition. Accordingly, Plaintiffs' motion to remand has been noted for consideration on August 26, 2011.

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-3-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

# ARGUMENT

## I. PLAINTIFFS' CLAIMS ARE RELATED TO THE WAMU BANKRUPTCY AND BELONG IN FEDERAL COURT.

Removal of this case to federal court is based on 28 U.S.C. §§ 1334(b) and 1452(a), which permit removal of claims "related to" pending Chapter 11 proceedings. This action is "related to" the WMI bankruptcy proceedings because its outcome "'could conceivably have an[] effect on the estate being administered in bankruptcy.'" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis omitted) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("The test . . . is whether [the litigation's] outcome might have any 'conceivable effect' on the bankrupt estate."). An action is "related to" a bankruptcy proceeding even when the claims are between third parties. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308-310 (1995) (resolving a circuit split by holding that a dispute between parties other than the debtor may be "related to" bankruptcy although the debtor has no interest in the property over which the parties are in dispute).

This case *will* have an effect on the WaMu bankruptcy. As this Court explained in denying a nearly identical motion to remand in *Solton*, "[n]ot only is WaMu contractually obligated to indemnify these defendants against allegations of fraud, but the bankruptcy court has already entered an order permitting WaMu to advance defense costs from WaMu's Director and Officers ('D&O') insurance policies to these defendants. This satisfies jurisdiction under § 1334(b)." *See Solton* Order at 3 (internal citations omitted). This Court denied another remand motion in *Sweet* for the same reason. *See Sweet* Order at 3.

This Court's rulings in *Solton* and *Sweet* are consistent with the conclusions reached by a host of other courts. *See, e.g., Carpenters Pension Trust for S. Cal. v. Ebbers*, 299 B.R. 610, 612-13 (C.D. Cal. 2003) (denying motion to remand and finding potential for indemnification claims against bankruptcy estate sufficed for "related to" jurisdiction); *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813GLT(ANX), 2003 WL 22025158, at *1 (C.D. Cal.

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-4-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

June 30, 2003) (claims of contribution and indemnification, even where contingent, established "related to" jurisdiction); *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003) (finding that indemnification agreements between distributing banks and originating company were enough to make claims against banks "related to" the bankruptcy of the originating company); *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 321 (S.D.N.Y. 2003) ("Because the effect of contribution claims on the bankruptcy estate is at the very least 'conceivable,' the . . . action is related to the bankruptcy and subject to the jurisdiction of this Court."); *Kennilworth Partners II LP v. Crisman*, No. C-00-3218 VRM, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001) (case is "related to" a bankruptcy where "any recovery by plaintiff would be subject to defendants' indemnification claims under [the bankrupt corporation's] bylaws and claims for coverage under the [bankrupt] company's directors and officers insurance policy."); *In re Sizzler Rests. Int'l, Inc.*, 262 B.R. 811, 818-19 (C.D. Cal. 2001) (employee indemnification provides an adequate basis for "related to" jurisdiction even though indemnification was conditioned on a subsequent proceeding); *In re Masterwear Corp.*, 241 B.R. 511, 516-17 (S.D.N.Y. 1999) ("related to" jurisdiction exists where defendants "may ultimately be entitled to recover some or all of their legal fees and expenses from [the bankrupt corporation] under [its] by-laws."); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, 399 B.R. 119, 122-23 (E.D.N.Y. 2009) (finding bankrupt corporation's duty to indemnify defendants supported "related to" jurisdiction for purposes of removal).

Plaintiffs' arguments in favor of remand are both inapposite and incorrect. Plaintiffs argue that their claims would have only a minor effect on the WaMu bankruptcy estate. *See* Pltfs.' Mem. at 4-5. In assessing "related to" jurisdiction, however, courts do not measure the size or degree of the effect once it is identified. As the cases cited above demonstrate, once a *conceivable* effect is found, "related to" jurisdiction exists and removal is proper. Removal and, ultimately, consolidation of bankruptcy-related lawsuits is necessary to ensure efficient resolution of bankruptcies. *Fietz*, 852 F.2d at 457. Plaintiffs' proposed rule, *i.e.*, that smaller claims be permitted to proceed in various state courts even though they will impact the

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-5-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

bankruptcy estate, would disrupt efficient resolution of bankruptcies.

Indeed, the very cases Plaintiffs cite show that this case belongs in federal court. Contrary to Plaintiffs' assertion (Pltfs.' Mem. at 5), the Ninth Circuit in *Fietz* rejected a rule similar to that Plaintiffs propose. In *Fietz*, the Ninth Circuit, adopted the definition of "related to" previously articulated by the Third Circuit in *Pacor*, *i.e.*, that an action is related to a bankruptcy if it could conceivably have any effect on the bankruptcy estate. *See Fietz*, 852 F.2d at 457. The Ninth Circuit in *Fietz* declined to follow other courts which, at the time, had variations of the rule that might "deny jurisdiction in cases where the dispute is 'conceivably' related to the bankruptcy estate, but that relationship is remote." *Id.* Instead, it held that "related to" jurisdiction is to be broadly construed: "We reject any limitation on this definition; to the extent that other circuits may limit jurisdiction where the *Pacor* decision would not, we stand by *Pacor*." *Id.* The Ninth Circuit in *Fietz* ultimately found that there was no "related to" jurisdiction because the bankruptcy proceeding had concluded and could not be reopened. *Fietz*, 852 F.2d at 458. By contrast, the WaMu bankruptcy proceeding continues.

Plaintiffs' attempt to limit the reach of *Pacor* also fails. Plaintiffs contend that *Pacor* is inapposite because the court held claims against Manville's insurers were not related to Manville's bankruptcy. Pltfs.' Mem. at 4. This is not accurate. In fact, *Pacor* involved a product liability claim by a worker against an asbestos distributor. 743 F.2d at 986. The distributor sought removal, claiming that because it could eventually bring a claim against Manville, the asbestos manufacturer, the product liability case could affect the Manville bankruptcy. *Id.* at 994. The court concluded that the products liability action was not related to the Manville bankruptcy because Manville was not a party, there was no indemnification agreement between Manville and the distributor, and a verdict against the distributor would not otherwise trigger indemnification by Manville. *Id.* at 995. The distributor had not even filed a proof of claim in the Manville bankruptcy. *Id.* at 995-996. The court contrasted this with cases involving indemnification agreements, noting that indemnification by a bankrupt party was a sufficient basis to find "related to" jurisdiction. *Id.* Here, there is no dispute that Mr. Killinger

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-6-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

has an indemnification agreement with WaMu, and unlike the distributor in *Pacor*, Mr. Killinger has filed a proof of claim for indemnification with the bankruptcy.

Plaintiffs also misquote and misread *Celotex*. Plaintiffs claim that it stands for the proposition that there must be a "direct and substantial adverse effect on [the debtor's] ability to undergo a successful reorganization." Pltfs.' Mem. at 5. However, in the passage the Plaintiffs quote, the Supreme Court was itself *describing a factual conclusion by the bankruptcy court*: "The Bankruptcy Court found that allowing respondents – and 227 other bonded judgment creditors – to execute immediately on the bonds would have a direct and substantial adverse effect on Celotex's ability to undergo a successful reorganization." *Celotex*, 514 U.S. at 310. Moreover, the Supreme Court noted that in granting federal jurisdiction over matters "related to" a bankruptcy proceeding, Congress intended "a grant of some breadth." *Id.* at 307-08. It also noted that the federal courts of appeal – including the Ninth Circuit – had all adopted the *Pacor* "conceivable effect" standard or a slight variation on it (*id.* at 308 n.6) and expressed agreement with that approach. *Id.* at 308. Far from supporting Plaintiffs, therefore, *Celotex* demonstrates that this Court has jurisdiction over Plaintiffs' claims.

Finally, Plaintiffs' reliance on *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746 (7th Cir. 1989) is misplaced. Plaintiffs' interpretation of *Home Insurance* – that it requires an action "necessarily have a financial effect" on a bankruptcy estate before it can be removed – is contrary to the governing Ninth Circuit "conceivable effect" standard and for that reason alone should not be followed. Even assuming *arguendo* that the Seventh Circuit's standard applied here, removal would still be the correct result. The Bankruptcy Court has already entered orders permitting advancement from applicable D&O insurance policies for Mr. Killinger's defense. It thus will have a financial effect on the WaMu bankruptcy.

Plaintiffs also make a series of arguments in an effort to show that several hypothetical future outcomes of their case will not have any "conceivable effect" on the WaMu bankruptcy, *e.g.*, if Plaintiffs show intentional misconduct at trial, then there can be no indemnification and no federal jurisdiction; if Plaintiffs win a judgment, Mr. Killinger can sue WaMu's insurance

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-7-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

carriers for bad faith, and so on. Pltfs.' Mem. at 3, 5-6. In so arguing, Plaintiffs again misconstrue the "conceivable effect" standard. Whether there is a "conceivable effect" is to be measured at the time of removal, not at the time of some hypothetical outcome. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed."). Indeed, for this very reason this Court rejected nearly identical hypothetical arguments when it denied the motion to remand in *Solton*. *Solton* Order at 3.

As discussed above, the Bankruptcy Court has entered an order permitting advancement from the applicable directors' and officers' insurance policies. Advancement of Mr. Killinger's defense costs for this action and indemnification of any potential judgment will affect the bankruptcy estate.

## II. THE COURT SHOULD EXERCISE ITS LAWFUL JURISDICTION OVER PLAINTIFFS' CLAIMS.

Plaintiffs also argue that the Court should abstain from exercising its jurisdiction over their claims. Plaintiffs first rely on the abstention provisions of 28 U.S.C. § 1334(c)(1) (*see* Pltfs.' Mem. at 5), but those provisions are inapplicable. "Abstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). "When the underlying state proceedings are removed to federal court, they are no longer considered pending in state court." *Solton* Order at 4. With Plaintiffs' action removed to federal court, there is no parallel state court proceeding, and Section 1334 has no application.

Plaintiffs next invoke equitable abstention under 28 U.S.C. § 1452(b). *See* Pltfs.' Mem. at 6. "Abstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citation omitted). As this Court explained in both *Solton* and *Sweet*, the court will examine a number of factors in considering equitable abstention. *Solton* Order at

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-8-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

4-5; *Sweet* Order at 4. The relevant factors here "are: (1) 'the effect of the action on the administration of the bankruptcy estate'; (2) the extent to which issues of state law predominate and the difficulty of applicable state law; (3) comity; (4) 'the relatedness or remoteness of the action to the bankruptcy case"; (5) the right to a jury trial; [] (6) 'prejudice to the party involuntarily removed from state court'"; and [7] whether there is evidence of forum shopping. *Solton* Order at 4 (quoting *Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 572 (N.D. Cal. 2008)).

As in *Solton* and *Sweet*, balancing those factors favors retaining federal jurisdiction here. First, having multiple cases outside the consolidated action each seeking contribution from the WaMu estate weighs heavily against abstention. *See In re WorldCom*, 293 B.R. at 334 ("A remand would encourage a race for assets, a race that may deprive many victims of the alleged fraud of their fair share of any recovery."); *In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*, No. 02 CIV. 9804, 2003 WL 23018802, at *2 (S.D.N.Y. Dec. 23, 2003) ("Retaining the cases as a part of the multidistrict litigation will have some beneficial effect on the administration of the Adelphia estate"); *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 447 (S.D.N.Y. 2008) ("Given the 'scores' of other Refco-related actions consolidated by the MDL Panel and currently pending before this Court, [plaintiff] has advanced no persuasive reason why" his case should be remanded to state court). The reasoning of these cases is fully applicable here, and calls for a denial of Plaintiffs' motion. *See Solton* Order at 4-5; *Sweet* Order at 4.

Second, while Plaintiffs' claims are purportedly based on California state law, they are not unusual or complex.[2] Plaintiffs have alleged garden-variety claims for breach of fiduciary

---

[2] Plaintiffs incorrectly assume that California law applies here. Pltfs.' Mem. at 5. California conflict of law rules provide that the law of the state of incorporation governs the relationship between a corporation and its officers. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 442 (2003) (applying Illinois law to claims asserted against directors of company incorporated in Illinois) (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982)); *In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1086-87 (N.D. Cal. 2003) (applying Delaware law to breach of fiduciary duty claims against directors of Delaware corporation). Because WaMu is incorporated in Washington, Washington law governs here.

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-9-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

duty, negligence, misrepresentation, and unfair competition. The *Solton, Ventura,* and *Flaherty* cases each asserted California state law claims. They were removed to federal court and transferred to the MDL. Plaintiffs make no effort to explain why this Court is not equally able to apply California law here.

Third, contrary to Plaintiffs' assertions, the operative facts primarily occurred in Seattle. Plaintiffs' claims challenge the management of WaMu and statements made by WaMu executives. Indeed, Plaintiffs point to no acts, omissions, or statements in California.

Fourth, Plaintiffs have not shown that comity is better served by remand. *See Winstar Holdings, LLC v. Blackstone Group, L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007); *Senorx, Inc. v. Coudert Bros.*, No. C-07-1075 SC, 2007 WL 1520966, at *3 (N.D. Cal. May 24, 2007). Not only are there no novel questions of state law, but the case was removed promptly and before the state courts invested any time, resources or effort.

Fifth, as indicated above, this case is not remote to the WaMu bankruptcy proceeding. Plaintiffs' claims will affect the bankruptcy estate by giving rise to claims against that estate for indemnification of defense costs. Despite Plaintiffs' flat assertion that this can somehow be "severed" from the bankruptcy proceeding (Pltfs.' Mem. at 6), Plaintiffs never attempt to explain how this would be possible.

Sixth, Plaintiffs never argue that they might be deprived of a jury trial if this case remained in federal court.

Seventh, Plaintiffs have provided no evidence of forum shopping. The WaMu bankruptcy is ongoing. There is a pending MDL in Seattle to handle all claims which relate to that bankruptcy. Plaintiffs chose to ignore these factors and filed their case in California state court instead of the MDL. If anyone has engaged in forum-shopping, it is Plaintiffs.

As noted above, the Court concluded in both *Solton* and *Sweet* that on balance, these factors were sufficient basis on which to reject the plaintiffs' request that it abstain from taking the case. The Court should reach the same conclusion here.

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-10-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

## III. THIS COURT MAY ALSO HAVE JURISDICTION BASED ON DIVERSITY.

This Court may also have jurisdiction over this action based on diversity of citizenship, which would represent a separate and independent basis for denying Plaintiffs' motion to remand. *See* 28 U.S.C. §§ 1332 and 1441(a); *see also* Dkt. No. 1 at 5 n.1. Plaintiffs allege in their Complaint that they are both citizens of California. *See* Comp., ¶ 2. They allege that Mr. Killinger is a citizen of Washington. *Id.*, ¶ 5. Plaintiffs seek more than $75,000 in damages. They seek $68,000 in economic losses to the value of WaMu stock they owned plus an undisclosed amount of "economic, non-economic, supplemental, consequential and general damages including severe emotional distress, special damages and/or disgorgement." *Id.* at 9. Plaintiffs have consistently represented to Mr. Killinger in written correspondence that the total damages they are seeking is well in excess of $75,000.

Plaintiffs apparently have attempted to prevent removal to federal court on diversity grounds by joining Mr. Ngo, who Plaintiffs allege is a resident California. Id. at ¶ 5. However, it is not at all clear that Mr. Ngo is a proper party. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.2d 1203, 1206 (9th Cir. 2007) (an improperly joined defendant will not be considered in assessing diversity). It is not clear what cause of action Plaintiffs, who are holders of WaMu stock, could have against Mr. Ngo, a lower-level former WaMu employee. *See* Order Granting Defendants' Motion to Dismiss, *Sweet v. Killinger*, No. 08-MD-1919 JMP (W.D. Wash. July 15, 2010) (Dkt. No. 687) (dismissing fiduciary duty claims brought by shareholders directly against WaMu officers and directors). They do not identify any statement or action by Mr. Ngo on which they relied in deciding to retain their WaMu stock. *See* Order Granting the Director Defendants' and Deloitte & Touche LLP's Motions to Dismiss, *Solton v. Killinger*, No. 08-MD-1919 JMP (W.D. Wash. April 28, 2010) (Dkt. No. 581) (plaintiffs alleging misrepresentation claims must allege with particularity, among other things, misrepresentations and reliance); Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, *Flaherty & Crumrine Preferred Income Fund v. Killinger*, No. 08-MD-1919 JMP (W.D. Wash. June 21, 2010) (Dkt. No. 623) (same). Plaintiffs' complaint also never alleges any reasons why their claims against

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-11-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

Mr. Ngo were joined to their claims against Mr. Killinger. Indeed, they do not, because they cannot, allege that there is any connection at all between Mr. Ngo and Mr. Killinger, aside from the fact both once worked for WaMu.

Tellingly, Plaintiffs have never served Mr. Ngo with process. Under F.R.C.P. 4(m), Plaintiffs had 120 days from the date of their Complaint to effectuate service on Ngo or face having their claims against him be dismissed. The complaint was filed on March 10, 2011, or more than 150 days ago. It was removed to federal court on April 7, 2011, more than 120 days ago. Plaintiffs have filed no proof of service as to Mr. Ngo with any court, state or federal. Their claims against Mr. Ngo, therefore, should be dismissed and diversity jurisdiction would exist here.[3]

## CONCLUSION

For the reasons set out above, Mr. Killinger respectfully requests that this Court deny Plaintiffs' motion to remand.

Dated: August 19, 2011

/s/ Barry M. Kaplan
Barry M. Kaplan, WSBA #8661
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: bkaplan@wsgr.com

-and-

---

[3] If this Court does not deny Plaintiffs' remand motion on the grounds set forth in Sections I and II *supra*, and if this Court is not inclined to dismiss Mr. Ngo based on Plaintiffs' failure to effect service on him, Mr. Killinger respectfully requests the opportunity to submit additional briefing on the basis for diversity jurisdiction.

KERRY KILLINGER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-12-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL.: (206) 883-2500
FAX: (206) 883-2699

| | |
|---|---|
| 1 | |
| 2 | Jerome F. Birn, Jr., *(Pro Hac Vice)* |
| 3 | Daniel W. Turbow, *(Pro Hac Vice)* |
|   | **WILSON SONSINI GOODRICH & ROSATI** |
|   | Professional Corporation |
|   | 650 Page Mill Road |
|   | Palo Alto, CA 95304-1050 |
|   | Telephone: (650) 493-9300 |
|   | Facsimile: (650) 493-6811 |
|   | Email: jbirn@wsgr.com |
|   | Email: dturbow@wsgr.com |

*Attorneys for Defendant*
*Kerry Killinger*

KERRY KILLINGER'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-13-

WILSON SONSINI GOODRICH & ROSATI
701 FIFTH AVENUE, SUITE 5100
SEATTLE, WA 98104-7036
TEL: (206) 883-2500
FAX: (206) 883-2699

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2011, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all known counsel of record, and caused it to be served by overnight mail, postage prepaid upon the following:

Michael M. Angello
Attorney at Law
3122 North Mountain View Drive
San Diego, CA 92116

*Attorney for Plaintiffs*

No address is currently available for Defendant John Ngo.

/s/ Barry M. Kaplan
Barry M. Kaplan, WSBA #8661

CERTIFICATE OF SERVICE
CASE NO. 2:08-MD-1919 MJP;
CASE NO. 11-CV-668-MMA-(JMA)

-12-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699