# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation | Case No. 2:08-md-1919 MJP |
| MICHAEL M. ANGELLO and ROBERT J. ANGELLO, <br><br> Plaintiffs, <br><br> v. <br><br> KERRY KILLINGER, JOHN NGO, and DOES 1-100, <br><br> Defendants. | Individual Case No. C11-1336 MJP <br><br> ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiffs' motion to remand this case to the Superior Court of San Diego, California. (No. C11-1336 MJP, Dkt. No. 4.) Having reviewed the motion, Defendants' response (Dkt. No. 11), Plaintiffs' reply (Dkt. No. 12), and all related papers, the Court DENIES Plaintiffs' motion.

**Background**

Plaintiffs Michael and Robert Angello pursue claims under California state law against Kerry Killinger, John Ngo, and Does 1-100 for their alleged mismanagement of Washington Mutual, Inc. ("WaMu"). (No. C11-1336 MJP, Dkt. No. 1-2 at 3-12 ("Compl.").) Plaintiffs allege that Defendant Killinger "planned, implemented, and/or presided over" a change in

WaMu's "banking philosophy and policies" that lead to the bank's collapse. (Compl. ¶¶ 8-9.) Plaintiffs allege Defendant Ngo took "advantage of the sub prime market in return for bribes" and "set in motion the scheme and philosophy that enabled KILLINGER to in effect loot the company for his personal benefit." (Compl. ¶ 13 (emphasis in original).) Plaintiffs pursue claims for breach of fiduciary duty, fraudulent misrepresentation, unfair business practices, negligence, conspiracy, declaratory relief, and punitive damages.

Plaintiffs originally filed suit in the Superior Court of San Diego, California on March 10, 2011. (Id.) Defendants removed the case to the U.S. District Court for the Southern District of California on April 7, 2010, and then petitioned to have this case transferred to the WaMu multidistrict litigation ("MDL") proceedings pending in this Court. The Judicial Panel on Multidistrict Litigation transferred the matter to this Court and the Court consolidated it with MDL proceedings as a state court tag-along. (Dkt. Nos. 9, 10.)

Plaintiffs seek to remand their case back to the Superior Court of San Diego on the theory that the Court lacks jurisdiction, and that it should abstain from asserting jurisdiction under 28 U.S.C. § 1334(c) and 28 U.S.C. § 1452(b). (Dkt. No. 4.)

**Analysis**

A. <u>Jurisdiction</u>

Plaintiffs assert that the Court lacks jurisdiction because their claims are not "related to" the bankruptcy proceedings involving WaMu. <u>See</u> 28 U.S.C. § 1334(b); (Dkt. No. 4 at 4-6.) The Court disagrees.

Under 28 U.S.C. § 1334(b), the Court has original jurisdiction over all suits "arising in or related to cases under title 11." Section 1334(b) extends jurisdiction to suits that "could conceivably have any effect on the estate being administered in bankruptcy." <u>In re Feitz</u>, 852 F.2d 455, 457 (9th Cir. 1988) (quotation omitted). Even if the debtor is not named in the suit that is "related to" the bankruptcy proceeding, jurisdiction under § 1334(b) may exist. <u>See</u>

Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995) (noting that § 1334(b) applies to "suits between third parties which have an effect on the bankruptcy estate") (quotation omitted). Where the party has a right to indemnification from the debtor company, a suit against that party is generally "related to" the bankruptcy proceedings. See Carpenters Pension Trust v. Ebbers, 299 B.R. 610, 613 (Bankr. C.D. Cal. 2003). This right need not arise out of an unconditional contractual agreement. See In re Sizzler Rest. Int'l, Inc., 262 B.R. 811, 818-19 (Bankr. C.D. Cal. 2001.)

Plaintiffs' claims against Defendants fall squarely within this Court's jurisdiction under § 1334(b). First, WaMu is currently in bankruptcy proceedings. Second, Plaintiffs' allegations against Killinger are likely to affect the bankruptcy estate. Not only is WaMu contractually obligated to indemnify Killinger against allegations of fraud, but the bankruptcy court has already entered an order permitting WaMu to advance defense costs from WaMu's Director and Officers ("D&O") insurance policies to Killinger. (See No. 08-md-1919 MJP, Dkt. No. 384 at 3.) This satisfies jurisdiction under § 1334(b). See Ebbers, 299 B.R. at 613. Plaintiffs argue that because they have made a "small within limits offer to settle, the impact on the bankruptcy estate . . . is negligible." (Dkt. No. 4 at 6.) Plaintiffs ignore that the pertinent inquiry is whether Plaintiffs' claims have a conceivable effect on bankruptcy estate at the time of removal, regardless of whether it is a small or big effect. See Spencer v. U.S. Dist. Court, 393 F.3d 867, 871 (9th Cir. 2004). The Court DENIES the request to remand, as the case falls within the Court's jurisdiction pursuant to 28 U.S.C. § 1334(b).

B.  Abstention

Plaintiffs ask the Court to remand the case in the interest of comity and equity pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). Plaintiffs' request is unavailing.

Where Section 1334(c) is concerned, "[a]bstention can exist only where there is a parallel proceeding in state court." Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999,

1009 (9th Cir. 1997). This applies to both mandatory and permissive abstention. Id. at 1010. When the underlying state proceedings are removed to federal court, they are no longer considered pending in state court. See id. Here, Plaintiffs' action was removed to federal court, and there is no pending state court case. With no pendant state actions, § 1334(c) is inapplicable.

Plaintiffs' request to remand on the basis of equitable abstention and 28 U.S.C. § 1452(b) is unavailing. Seven factors are relevant to the Court's consideration. Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 572 (Bankr. N.D. Cal. 2008). Those factors are: (1) "the effect of the action on the administration of the bankruptcy estate"; (2) the extent to which issues of state law predominate and the difficulty of applicable state law; (3) comity; (4) "the relatedness or remoteness of the action to the bankruptcy case"; (5) the right to a jury trial; and (6) "prejudice to the party involuntarily removed from state court." Id.

The equities weigh against Plaintiffs' request for abstention. First, having a case outside the MDL seeking contribution from the WaMu estate weighs against abstention. Second, while Plaintiffs' claims are based on state law, they are not unusual or complex. See In re Diversified Contract Servs., Inc., 167 B.R. 591, 597 (Bankr. N.D. Cal. 1994). Third, Plaintiffs have not shown that comity is better served by remand. Fourth, the case is not entirely remote from the bankruptcy case, although it is not particularly related. Fifth, Plaintiffs have a right to jury in this Court. Sixth, Plaintiffs have not demonstrated any prejudice. The fact that counsel may have to travel to Seattle is not evidence of prejudice. On balance, these factors weigh against abstention. See Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("[F]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them."). The Court DENIES the request to remand on principles of equity and comity.

\\

**Conclusion**

Plaintiffs have not shown why the Court lacks jurisdiction under § 1334(b) or why abstention under § 1334(c) or § 1452(b) is proper. The Court DENIES Plaintiffs' motion to remand.

The Clerk is directed to send a copy of this order to Plaintiffs and all counsel of record.

DATED this 6th day of October, 2011.

Marsha J. Pechman
United States District Judge