The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES & ERISA LITIGATION | ) ) ) ) ) |

No.  2:08-md-1919 MJP

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:  ALL CASES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Lead Case No. C08-387 MJP

PLC-21, 22, 23

**REPLY BRIEF IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS AND APPROVAL OF PLAN OF ALLOCATION AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

NOTE ON MOTION CALENDAR
(Settlement Hearing Date):
November 4, 2011 at 9:00 a.m.

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

1   Lead Plaintiff Ontario Teachers' Pension Plan Board ("Lead Plaintiff") and Lead Counsel

2   respectfully submit this reply brief in further support of their motions for (i) final approval of the

3   proposed Settlements of this class action (the "Action"), which provide for a total recovery of

4   $208.5 million for the Class; (ii) approval of the proposed Plan of Allocation for the proceeds of

5   the Settlements; and (iii) an award of attorneys' fees and reimbursement of Litigation Expenses.[1]

6                              **PRELIMINARY STATEMENT**

7   Lead Plaintiff is pleased to advise the Court that, while over 1.1 million copies of the

8   Notice were mailed to potential Class Members advising them of, among other things, the terms

9   of the three proposed Settlements, the Plan of Allocation and the Fee and Expense Application,

10  only a ***single*** objection to ***one*** of the three proposed Settlements was received.   A second

11  submission, which was designated as an "objection," is really a request for the same relief

12  obtained in the Settlements for additional shares purchased in the months following the close of

13  the Class Period – a testament to the benefits that the Settlements confer on the Class.

14  Additionally, there were no objections to the Plan of Allocation, and the sole objection to the

15  attorneys' fees and expense application, as discussed below, does not dispute the propriety of the

16  requested amounts – stating that Plaintiffs' Counsel "worked hard for every penny" of the

17  request – but argues that the fee should not come out of the Settlement Amount.   This reaction of

18  the Class is strong evidence that the outcome achieved in this litigation is in the best interests of

19  the Class, that the proposed Plan of Allocation is equitable, and that Lead Counsel's fee request

20  is reasonable.   In addition, there are only 123 requests for exclusion, which represents an opt-out

21  rate of approximately only 0.01% of the persons to whom Notice was sent.   This very small opt-

22  out rate provides further support for the fairness of the proposed Settlements.

23

24  _____

25  [1] Unless otherwise noted, capitalized terms have the meaning set forth in the Declaration of
    Hannah Ross in Support of Lead Plaintiff's Motions for Final Approval of Class Action

26  Settlements and Approval of Plan of Allocation and Lead Counsel's Motion for an Award of
    Attorneys' Fees and Litigation Expenses (ECF No. 887) ("Ross Decl.") or in the Stipulations of

27  Settlement (ECF Nos. 874-1, 874-2 and 874-3).

28  REPLY BRIEF IN FURTHER SUPPORT OF                    Bernstein Litowitz Berger & Grossmann LLP
    SETTLEMENTS, PLAN OF ALLOCATION AND                  1285 Avenue of the Americas
    AWARD OF FEES & EXPENSES [PLC-21, 22, 23]            New York, NY  10019
    Master No: 2:08-md-1919 MJP                          (212) 554-1400

1    Pursuant to the Court's Order Preliminarily Approving Proposed Settlements and

2  Providing for Notice dated July 21, 2011 (ECF No. 875), the Court-appointed Claims

3  Administrator, the Garden City Group, Inc. ("GCG") began disseminating copies of the Notice

4  of (I) Pendency of Class Action and Proposed Settlements, (II) Settlement Fairness Hearing and

5  (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and the

6  Proof of Claim and Release ("Claim Form") to potential Class Members on August 10, 2011.

7  *See* Affidavit of Jennifer M. Keough dated September 21, 2011 (ECF No. 887-3) ("Keough

8  Aff."), at ¶¶ 2-4.  As of October 26, 2011, a total of 1,128,748 copies of the Notice and Claim

9  Form had been mailed to potential Class Members.  *See* Supplemental Affidavit of Jennifer M.

10  Keough dated October 28, 2011 ("Keough Suppl. Aff."), submitted herewith, at ¶ 2.

11    The Notice informed Class Members of the terms of the proposed Settlements and the

12  proposed Plan of Allocation, and that Lead Counsel would be applying to the Court for an award

13  of attorneys' fees in the amount of 22.5% of the Settlement Funds and reimbursement of

14  litigation expenses in an amount not to exceed $5.8 million.  The Notice apprised Class Members

15  of their right to object to any aspect of the proposed Settlements, the Plan of Allocation and/or

16  the request for attorneys' fees and reimbursement of litigation expenses, their right to exclude

17  themselves from the Class, and the deadline of October 10, 2011 for filing objections or receipt

18  of requests for exclusion.  *See* Notice (Keough Aff. Exhibit A) at p. 3 and ¶¶ 82, 88-89.

19  Additionally, the Summary Notice – which informed readers of the proposed Settlements, how to

20  obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim

21  Forms, objections and requests for exclusion – was published in *The Seattle Times* and the

22  national edition of *The Wall Street Journal*, and was transmitted over the *PR Newswire* on

23  August 23, 2011.  *See* Keough Aff. at ¶ 8.

24

25

26

27

1
2

**I.    THE CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENTS, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEE AND EXPENSE AWARD**

3
4
5
6
7
8

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers in support of the proposed Settlements, the proposed Plan of Allocation, and the application for attorneys' fees and reimbursement of litigation expenses (ECF Nos. 884, 885, 886 and 887) demonstrate why approval of each motion is warranted.  Now that the time for objecting or requesting exclusion from the Class has passed, the reaction of the Class powerfully supports that conclusion.

9

**A.    The Class's Reaction Supports Approval Of The Settlements**

10
11
12
13
14
15
16
17
18
19

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement . . . are favorable to the class members."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); s*ee also City of Roseville Employees' Ret. Sys. v. Micron Tech., Inc.*, 2011 WL 1882515, at *5 (D. Idaho. Apr. 28, 2011) ("the fact that only one class member objected to the fairness of the proposed settlement weighs heavily in favor of approval"); *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009) ("The positive response to the Settlement by the Class . . . supports final approval"); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8 (W.D. Wash. Mar. 26, 2001) (fact that "class members overwhelmingly support the settlement . . . support[ed] a finding of fairness under Rule 23").

20
21
22
23
24
25
26
27

Here, despite the mailing of over 1.1 million Notices to potential Class Members, only two objections or statements that were styled as an objection have been received.  The first, from Angela Marsteiner, concerns only the proposed D&O/WMI Settlement and contends that the $105 million obtained in that Settlement is inadequate in light of the large number of shares of WaMu common stock that may have been affected by the conduct alleged in the Action.  (*See* Reply Declaration of Hannah Ross ("Reply Decl."), submitted herewith, Ex. 1.)  However, as set forth in Lead Plaintiff's motion for final approval of the Settlements, in light of the risks of the litigation and, in particular, the serious risks that the Class might not be able to recover a

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                    3

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

judgment as large as the $105 million settlement from these Defendants even if Lead Plaintiff prevailed at trial – as a result of the bankruptcy of WaMu, the limited resources of the Individual Defendants, and the rapid depletion of their D&O Insurance – the result achieved in the D&O/WMI Settlement is not just reasonable, but a highly positive result for Class Members.

The other submission that was styled as an objection, from James Newman (Reply Decl. Ex. 2), does not contest the fairness or adequacy of any of the Settlements. Instead, Mr. Newman would like to have the end of the Class Period extended to September 25, 2008 and the amounts of the Settlements "increased proportionately" so that additional losses that he and others incurred on purchases from July 23, 2008 to September 25, 2008, the date of WaMu's bankruptcy, would be compensated in the same manner as Class Period purchases. This objection does not in any way suggest that the Settlements are not fair, reasonable, or adequate – indeed, it suggests the opposite. Mr. Newman would like to obtain *the same recovery* obtained in the Settlements for the additional period that he proposes should be certified. However, the boundaries of the Class Period, as set forth in the Complaint, the motion for Class Certification, and the Court's Order certifying the Class, were based on Lead Plaintiff's extensive investigation into the law and facts (*see* Ross. Decl. ¶¶ 31-39) and reflect the period as to which Lead Plaintiff, in good faith, believed claims could be asserted. While additional information regarding the alleged misrepresentations may have been disclosed after the close of the Class Period, that fact alone does not mean that a claim could be supported for that period. Indeed, if the litigation had proceeded, Defendants would have continued to argue, as they did in their motions to dismiss and at class certification, that the alleged misstatements were fully disclosed in late 2007 and that the Class Period should therefore be *shortened*. While we understand that Mr. Newman would like to obtain the recovery achieved for the Class with respect to his post-Class Period purchases, that does not equate to the Class having a sustainable claim for that period.

Two other communications were received from holders of WaMu securities that, though not styled as objections nor submitted in accordance with the instructions for objections set forth in the Notice, might be construed as such and Lead Counsel is therefore bringing them to the

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                          4

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

Court's attention.  The first, by Annette Lynes-Meeks, is primarily a request for assistance in filing a proof of claim.  (Reply Decl. Ex. 3)  Ms. Lynes-Meeks, whose only purchases of WMI Class Securities occurred before the Class Period, also wrote, "I object: The dates of purchase should not stop any moneys paid to me."  (*Id*. at p. 4)  But, as noted with respect to Mr. Newman's objection, Lead Plaintiff determined the appropriate Class Period here and the Court approved it.  Shares purchased prior to the start of the Class Period were not impacted by the misrepresentations alleged in this Action.  Accordingly, as Lead Counsel explained to Ms. Lynes-Meeks by letter, it would be inappropriate to allow her, or others similarly situated, to participate in the Settlements.  (Reply Decl. Ex. 3)

The second such communication, from Eric Jann, was submitted by email to the Court. (Reply Decl. Ex. 4)  Mr. Jann does not expressly object to the Settlements, but rather expresses dissatisfaction with results of the litigation, asking "what does this accomplish for society?" (*Id.*) As detailed in Lead Plaintiff's opening papers, the Settlements totaling $208.5 million in cash provide very tangible and substantial financial benefits to Class Members.  Lead Plaintiff further submits that the benefits of class litigation like this accrue to all investors by helping to deter fraud at other public companies.  *See, e.g.*, Jared N. Jennings, et al., "The Deterrence Effects of SEC Enforcement and Class Action Litigation" (June 20, 2011), *available at* http://ssrn.com/abstract=1868578 (finding statistically significant deterrence effects on fraudulent reporting by publicly traded companies as the result of private class actions).

There have been no objections at all to the $85 million Underwriters Settlement or the $18.5 million Deloitte Settlement, nor have *any* institutional shareholders objected to any of the three Settlements.  In sum, the very small number of objections received and the lack of merit of those few objections strongly supports approval of the Settlements.  *See, e.g., Pelletz*, 255 F.R.D. at 543-44 (finding that the "positive response to the Settlement by the Class – evidenced by a very small percentage of . . . objections" supported final approval where three objections were received out of an estimated 140,000 class members); *Omnivision*, 559 F. Supp. 2d at 1043 (fact that only three objections were received out of 57,600 potential class members supported the

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                          5

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

approval of the settlement "[b]y any standard"); *Hughes*, 2001 WL 34089697, at *8 (where nine objections were submitted from a class of about 37,000, this indicated that "class members overwhelmingly support the settlement" and "support[ed] a finding of fairness under Rule 23").

The number of requests for exclusion received also supports approval of the Settlements. Here, 124 total requests for exclusion were received (one of which was subsequently withdrawn). *See* Keough Suppl. Aff. at ¶ 4. Of these, 17 affirmatively indicate that the requestor is not a Class Member (and, thus, need not opt out) and another 23 did not provide any information about Class Period purchases of WMI Class Securities and, therefore, we cannot determine whether those persons are Class Members.[2] While some of the requests did not provide all the information called for in the Notice, the Notice and Preliminary Approval Order specifically provide that non-complying requests can be accepted by the Court.[3] We note that, with respect to one request for exclusion, *i.e.*, the request submitted by Koch Companies Public Sector, LLC on behalf of Koch Industries, Inc. and affiliated companies, which does not provide any transaction information and for which no additional information was provided in response to a letter from Lead Counsel (*see* Reply Decl. Ex. 5), Lead Counsel has been informed that the Individual Defendants other than Ballenger object to the acceptance of this request.

Compared to the number of Notices mailed to potential Class Members, the requests for exclusion received represent an opt-out rate of only about 0.01%, which represents a highly favorable reaction by the Class. *See, e.g., Pelletz*, 255 F.R.D. at 543-44 (119 opt outs from a

---

[2] In reviewing the requests for exclusion that provide information on Class Period purchases, Lead Counsel broadly interpreted the requests to include all shares that were purchased during the Class Period, whether damaged or not. Under this broad construction, the number of shares represented by these "opt outs" is less than 0.02% of the 1.433 billion shares of common stock that Lead Plaintiff's damages expert estimated were affected by the conduct at issue in the Action. No purchasers of the Offering Securities, *i.e.*, Class Members who have a claim against the Underwriter Defendants and Deloitte, submitted any requests for exclusion.

[3] *See, e.g.*, Notice at ¶ 82 ("A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.").

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                    6

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

1   class of 110,000 to 140,000 members, a rate of 0.1% – ten times the rate in this Action –

2   represented "a very small percentage" and supported approval of the settlement); *Hughes*, 2001

3   WL 34089697, at *8 (fact that "less than 1% of the class opted out" was an indication of the

4   approval of the class); *see also Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir.

5   2004) (affirming approval of settlement with 500 opt-outs from class of 90,000 members, a rate

6   of 0.5%).

7      Further evidencing the support of the Class for the proposed Settlements, and in marked

8   contrast to the number of objections and opt-out requests received, the Claims Administrator has

9   already received 52,998 Claim Forms.   *See* Keough Suppl. Aff. at ¶ 2.   This is particularly

10   noteworthy as the deadline for submitting Claim Forms is not until December 8, 2011, and it is

11   the experience of Lead Counsel that the great majority of claim forms are received on or close to

12   the deadline.

13      **B.      The Class's Reaction Supports Approval Of The Plan Of Allocation**

14      With respect to the motion for approval of the proposed Plan of Allocation, courts give

15   great weight to the views of experienced counsel.   *See* Lead Plaintiff's Motion for Approval of

16   Plan of Allocation (ECF No. 884) at 3.   However, courts also consider the class's reaction to a

17   proposed plan of allocation.   Here, there were no objections to the Plan of Allocation.   The

18   reaction of the Class thus provides additional strong support for approval of the Plan.   *See, e.g.,*

19   *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that

20   there has been no objection to this plan of allocation favors approval").

21      **C.      The Class's Reaction Supports Approval Of Lead Counsel's Motion**
      **For An Award Of Attorneys' Fees And Litigation Expenses**

22

23      Finally, with respect to Lead Counsel's motion for an award of attorneys' fees and

24   reimbursement of litigation expenses, the reaction of the Class also strongly supports approval.

25      Only one person objected to the request for attorneys' fees or expense reimbursement and

26   it is clear that the gravamen of this objection is to the amount of the D&O/WMI Settlement, and

27   not to the amount requested in the fee and expense application.   Ms. Marsteiner's objection

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                    7

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

(Reply Decl. Ex. 1) states that she does "not approve of . . . the attorneys' fees and reimbursement of expenses," because she believes that the attorneys' fees and expenses should be paid by Defendants *in addition to* the Settlement Funds and not from the Settlements Funds. It is well established, however, that in a common fund case, class counsel is to be compensated from the common fund. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). Ms. Marsteiner does not argue that the fees or expenses requested are excessive – on the contrary, she states that she believes that "the attorneys have worked hard for every penny of this request." Accordingly, Ms. Marsteiner's concern regarding the requested fees and expenses is correctly viewed, not as an objection to the amount of the fees requested, but as an extension of Ms. Marsteiner's belief, discussed above, that the overall consideration under the D&O/WMI Settlement should be larger.

The reaction of class members to a fee and expense request should be considered by the Court and the absence of objection "supports the requested award." *Omnivision*, 559 F. Supp. 2d at 1048; *see also In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (where only one class member objected to the fee request, the court found this "a strong, positive response from the class, supporting an upward adjustment" of the fee award); *Heritage Bond*, 2005 WL 1594403, at *21 ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlements, the Plan of Allocation, and the request for attorneys' fees and reimbursement of expenses.

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                  8

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

| | |
|---|---|
| Dated:  October 28, 2011 | Respectfully submitted,<br><br>BERNSTEIN LITOWITZ BERGER &<br>   GROSSMANN LLP<br><br>By: /s/ *Hannah Ross*<br>Hannah Ross (*pro hac vice*)<br>Katherine M. Sinderson (*pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York  10019<br>Tel:    (212) 554-1400<br>Fax:    (212) 554-1444<br>Email: hannah@blbglaw.com<br>         katherine@blbglaw.com<br><br>***Counsel for Lead Plaintiff***<br>***Ontario Teachers' Pension Plan Board and***<br>***Lead Counsel for the Class***<br><br>BYRNES & KELLER LLP<br>Bradley S. Keller, WSBA# 10665<br>Jofrey M. McWilliam, WSBA# 28441<br>1000 Second Avenue, Suite 3800<br>Seattle, Washington  98104<br>Tel:    (206) 622-2000<br>Fax:    (206) 622-2522<br>Email: bkeller@byrneskeller.com<br>         jmcwilliam@byrneskeller.com<br><br>***Liaison Counsel for the Class*** |

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                    9

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses on the Court's Electronic Mail Notice list.   Additionally, the foregoing was served by first-class mail on October 28, 2011 on the following:

Ms. Angela L. Marsteiner
83910 Charro Dr.
Indio, CA 92203

Mr. James Newman
49 Park Avenue
Hawthorne, NJ 07506

Ms. Annette Lynes-Meeks
703 Broadmoor Dr.
Mountain Home, AR 72653

And via e-mail on October 28, 2011 on Eric Jann at ericjann@comcast.net.

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

By:  /s/  Hannah Ross
Hannah Ross (pro hac vice)
Katherine M. Sinderson (pro hac vice)
1285 Avenue of the Americas
New York, New York  10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
Email: hannah@blbglaw.com
          katherine@blbglaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board*
*and Lead Counsel for the Class*

BYRNES & KELLER LLP
Bradley S. Keller, WSBA# 10665
Jofrey M. McWilliam, WSBA# 28441
1000 Second Avenue, Suite 3800
Seattle, Washington  98104
Tel:    (206) 622-2000
Fax:    (206) 622-2522
Email: bkeller@byrneskeller.com
          jmcwilliam@byrneskeller.com

*Liaison Counsel for the Class*

#591560

REPLY BRIEF IN FURTHER SUPPORT OF
SETTLEMENTS, PLAN OF ALLOCATION AND
AWARD OF FEES & EXPENSES [PLC-21, 22, 23]
Master No: 2:08-md-1919 MJP                    10

Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 554-1400