UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION, | No. 2:08-md-1919 MJP<br>Lead Case No. C08-387 MJP |
| This Document Relates to: ALL ACTIONS | |

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH DELOITTE & TOUCHE LLP

WHEREAS, Lead Plaintiff Ontario Teachers' Pension Plan Board ("Lead Plaintiff"), on behalf of itself and the Class, and Defendant Deloitte & Touche LLP ("Deloitte" or "Settling Defendant") entered into the Stipulation and Agreement of Settlement with Defendant Deloitte & Touche LLP dated June 30, 2011 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Settling Defendant on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, in its Order on Class Certification dated October 12, 2010, this Court certified the Action to proceed as a class action;

WHEREAS, in the Preliminary Approval Order, this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the

Class or to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 4, 2011 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against Settling Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 30, 2011; and (b) the Notice and the Summary Notice, both of which were filed with the Court on September 25, 2011.

3. **Notice:** The Court finds that the distribution of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7) and § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims:**  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, including the release of the Settled Claims as against the Released Defendant Parties, and the dismissal with prejudice of claims against Settling Defendant), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiff and the Class.  The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims against Settling Defendant by Class Members and Lead Plaintiff are hereby dismissed on the merits and with prejudice as against Settling Defendant, upon the Effective Date.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Settling Defendant, Lead Plaintiff and all Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns. The persons and entities listed on Exhibit 1 annexed hereto have submitted requests for exclusion from the Class that were accepted by the Court, thus they are not members of the Class and they are not bound by the terms of the Stipulation and this Judgment.

7. **Releases:** The releases as set forth in Paragraphs 3 and 4 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Lead Plaintiff and each of the other members of the Class on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim as against every Released Defendant Party covered by this Judgment, and shall forever be enjoined from prosecuting any or all Settled Claims against any such Released Defendant Party; and

(b) Settling Defendant, and each of the other Released Defendant Parties covered by this Judgment, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Defendant Parties' Claims as against Lead Plaintiff, Lead Counsel, Liaison Counsel, every other Class Member and each of their respective

attorneys and shall forever be enjoined from prosecuting any or all of the Released Defendant Parties' Claims against Lead Plaintiff, Lead Counsel, Liaison Counsel, every other Class Member and each of their respective attorneys.

8. **Bar Order:** Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against Settling Defendant or (b) by Settling Defendant against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation (the "Bar Order").

9. **Judgment Reduction:** Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Settling Defendant for common damages; or (b) the amount paid by or on behalf of Settling Defendant to the Class or Class Member for common damages.

10. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

11. **No Admissions:** This Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, or any matters arising in connection with settlement negotiations, proceedings, or agreements;

(a) shall not be offered or received against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Defendant Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties;

(b) shall not be offered or received against any of the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against the Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

(c) shall not be offered or received against any of the Released Defendant Parties, or against the Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties, or against the Lead Plaintiff or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and/or this Judgment; provided, however, that the Settling Defendant, any other Released

Defendant Party, Lead Plaintiff and the other Class Members may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d) shall not be construed against any of the Released Defendant Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

12. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation and the Class Distribution Order; and (e) the Class Members for all matters relating to the Action.

13. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiff and Settling Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Settling Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment as against Settling Defendant. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Settling Defendant pursuant to Federal Rule of Civil Procedure 54(b).

16. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 4th day of November, 2011.

Marsha J. Pechman
United States District Judge