1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

IN RE WASHINGTON MUTUAL, INC.
SECURITIES LITIGATION

This document relates to: ALL ACTIONS

CASE NO. 08-md-1919 MJP

Lead Case No. C08-387 MJP

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES

15

16

17

18

19

20

21

22

23

24

This matter came on for hearing on November 4, 2011 (the "Settlement Hearing") on Lead Counsel's motion to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all members of the Class who were reasonably identifiable, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Seattle Times* and the national edition of *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees

ORDER AWARDING ATTORNEYS' FEES AND
EXPENSES- 1

and Litigation Expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the respective stipulations of settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members, and the Defendants.

2. Notice of Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded attorneys' fees in the amount of 21% of total of the Settlement Funds, which sum the Court finds to be fair and reasonable, and $5,347,015.07 in reimbursement of litigation expenses, which expenses shall be paid to Lead Counsel from the Settlement Funds. As provided for in the stipulations of settlement, the award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution and settlement of the Action. Fees shall be allocated only based on actual legal work performed by Plaintiffs' Counsel to advance this litigation, at rates that do not exceed the top rate billed by counsel for Plaintiffs based in Seattle.

4. The Court finds a reduction of the fee request by 1.5% to be reasonable and justified in light of the Court's review of Plaintiffs' counsel's performance, the benefit to the Class, the risks of litigation, and the lodestar cross-check. At oral argument on Plaintiffs' fee petition, the Court laid out several reasons why it is not convinced that Plaintiffs' counsel's work necessarily produced unequivocal benefits for the Class. These reasons largely focused on Plaintiffs' unsuccessful efforts in their first consolidated complaint and the first round of motions

ORDER AWARDING ATTORNEYS' FEES AND
EXPENSES- 2

1   to dismiss.  The Court also explained that the fee award cannot be justified as reasonable where

2   the lodestar cross-check is based on hourly rates exceeding the rate of Bradley Keller, Plaintiffs'

3   counsel located in Seattle.  Throughout this complex case, Mr. Keller served as the counsel

4   designated to speak for the Plaintiffs and he has added immeasurable benefit to the Class and the

5   settlement by artfully navigating a large team of out-of-district lawyers through the rigors of

6   litigating before this Court.  This case is located Seattle and all of the parties knew that this is

7   where the case was to be tried.  Although the case was part of an MDL, the member cases were

8   joined to the Seattle-based filing.  The parties were cautioned at the start of litigation that the

9   Court would evaluate any fee request based upon the rates of local advocates of exceptional

10   quality and not based upon rates from outside the District.  The Court has been made aware that

11   local Seattle rates vary, but it is abundantly clear that they do not come close to matching the

12   rates proposed by Bernstein Litowitz Berger & Grossman.[1]  In performing the lodestar cross-

13   check, the Court is to determine the reasonable hourly rate of counsel based on the prevailing

14   market rates charged by attorneys of comparable skill and experience in the relevant community.

15   See Blum v. Stetson, 465 U.S. 886, 895 (1984).  The Court determines that the benchmark for

16   quality and experienced counsel in this community does not exceed $525 an hour.  The Court

17   therefore caps the reasonable hourly rate for any attorney at no greater than Mr. Keller's hourly

18   rate of $525.  The Court is particularly convinced that the partner rates claimed by Bernstein

19   Litowitz Berger & Grossman (ranging from $700 to $975 an hour) are excessive.  Based on the

20   Court's calculations with rates capped at $525 an hour, the unmodified lodestar is

21   $36,631,085.25.  In considering the lodestar multiplier, the Court finds that a multiplier of 1.2 is

22   reasonable and properly reflects the risk of non-payment and the challenges Plaintiffs' counsel

23   faced in pursuing this contingency-based case.  This produces a modified lodestar figure slightly

24   north of 21% of the Settlement Funds.  The lodestar confirms that an award of 21% of the

---

[1] The Court was provided a spreadsheet comparing billing rates that will be separately filed as an exhibit to this order.

ORDER AWARDING ATTORNEYS' FEES AND
EXPENSES- 3

1    Settlement Funds is reasonable and adequate to reward Plaintiffs' counsel for the tangible benefit

2    produced for the Class and the risks they undertook.

3        5.       In making this award of attorneys' fees and reimbursement of expenses to be paid

4    from the Settlement Funds, the Court has considered and found that:

5            (a)      The Settlements have created funds totaling $208.5 million in cash that

6    have been funded into escrow accounts pursuant to the terms of the respective stipulations of

7    settlement and have been earning interest, and that numerous Class Members who submit

8    acceptable Proof of Claim Forms will financially benefit from the Settlements that occurred

     because of the efforts of Plaintiffs' Counsel;

9            (b)      The fee sought by Lead Counsel has been reviewed and approved as fair

10   and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that

11   was substantially involved in all aspects of the prosecution and resolution of the Action;

12           (c)      Over 1.1 million copies of the Notice were disseminated to potential Class

     Members stating that Lead Counsel would apply for attorneys' fees in the amount of 22.5% of

13   the Settlement Funds and reimbursement of litigation expenses in an amount not to exceed $5.8

14   million, and no substantive objections to the amount of fees and expenses requested were filed;

15           (d)      Plaintiffs' Counsel have conducted the litigation and achieved the

16   Settlements with skill, perseverance and diligent advocacy;

17           (e)      The Action involves complex factual and legal issues and was actively

18   prosecuted for over three years;

19           (f)      Had Plaintiffs' Counsel not achieved the Settlements there would remain a

     significant risk that Lead Plaintiff and the other members of the Class may have recovered less or

20   nothing from the Defendants;

21           (g)      Plaintiffs' Counsel have devoted over 94,000 hours, with a lodestar value

22   of approximately $38.5 million at Plaintiffs' Counsel's normal billing rates and approximately

23   $26 million at Seattle rates, to achieve the Settlements; and

24

ORDER AWARDING ATTORNEYS' FEES AND
EXPENSES- 4

(h)     The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

6.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments.

7.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order.

8.     In the event that the Settlements are terminated or the Effective Date of the Settlements otherwise fails to occur, this order shall be rendered null and void to the extent provided by the Stipulations.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 4, 2011.

_____
Marsha J. Pechman
United States District Judge

ORDER AWARDING ATTORNEYS' FEES AND
EXPENSES- 5