THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | Case No. 2:08-md-1919 MJP |
| | **DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT** |
| This Document Relates to: Angello, et al. v. Killinger, et al. <br><br> No. 11-cv-1336 MJP | **NOTE FOR MOTION CALENDAR** <br> January 13, 2012 |
| | **ORAL ARGUMENT REQUESTED** |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT KERRY KILLINGER'S
MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT .........................................................................................................................4

I.   PLAINTIFFS LACK STANDING TO BRING CLAIMS FOR BREACH OF FIDUCIARY DUTY OR NEGLIGENCE. ...................................................................4

II.  PLAINTIFFS DID NOT AND CANNOT PLEAD A FRAUD CLAIM. ...................5

III. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW. .............................................................................7

    A.   Plaintiffs Have No Standing to Pursue A Section 17200 Claim. ............................8

    B.   Plaintiffs Have No Standing To Bring a UCL Based on Mr. Killinger's Management of WMI. ............................................................................................9

    C.   Section 17200 Does Not Apply To Securities Transactions. ................................10

    D.   Plaintiffs' UCL Claim Is Fatally Vague. ................................................................10

IV.  PLAINTIFFS' REMAINING CLAIMS SHOULD BE DISMISSED. ......................12

CONCLUSION ....................................................................................................................12

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT KERRY KILLINGER'S
MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

i

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Avikian v. WTC Fin. Corp.*, 98 Cal. App. 4th 1108 (2002) ................................................................. 5

*Bader v. Anderson*, 179 Cal. App. 4th 775 (2009) ................................................................. 5, 10

*Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322 (2004) ........................... 11

*Betz v. Trainer Wortham & Co., Inc.*, No. C 03-0321 SI, 2011 WL 1990565 (N.D. Cal. May 23, 2011) ................................................................. 10

*Bowen v. Ziasun Technologies, Inc.*, 116 Cal. App. 4th 777 (2004) ............................................. 10

*Bradstreet v. Wong*, 161 Cal. App. 4th 1440 (2008) ................................................................. 9

*California School Boards Assoc. v. State Board of Education*, 186 Cal. App. 4th 1298 (2010) ................................................................. 12

*Cel-Tech Commc'ns Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999) ..................... 11

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ................................................................. 6

*Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118 (N.D. Cal. 2002) ..................................................... 12

*Daro v. Superior Court*, 151 Cal. App. 4th 1079 (2007) ............................................................. 7

*Everest Investors 8 v. Whitehall Real Estate Limited Partnership XI*, 100 Cal. App. 4th 1102 (2002) ................................................................. 12

*Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997 (2005) .............................. 8

*Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) ..................................................... 12

*Heald v. National City Mortgage,* No. 11CV904 JLS (NLS), 2011 WL 5513226 (S.D. Cal. Nov. 10, 2011) ................................................................. 11

*In re Charles Schwab Corp. Sec. Litig.*, 264 F.R.D. 531 (N.D. Cal. 2009) ................................... 9

*In re GlenFed Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ............................................................... 6

*Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612 (1993) ....................................................... 11

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ..................................... 8, 9

*Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116 (2000) ......................................................... 8

*Loewen v. Galligan*, 130 Or. App. 222 (1994) ............................................................................. 4

*McLeod v. Estes*, No. 19152-4-III, 2001 WL 497080 (Wash. Ct. App. May 10, 2001) ................ 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

ii

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

| | | |
|---|---|---|
| 1 | *Mieuli v. DeBartolo*, No. C-00-3225 JCS, 2001 WL 777091 (N.D. Cal. May 7, 2001) | 10 |
| 2 | *Mirkin v. Wasserman*, 5 Cal. 4th 1082 (1993) | 6 |
| 3 | *People v. McKale*, 25 Cal. 3d 626 (1979) | 11 |
| 4 | *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) | 12 |
| 5 | *San Francisco Residence Club, Inc., v. Amado,* 773 F. Supp. 2d 822 (N.D. Cal. 2011) | 10 |
| 6 | *Schuster v. Gardner*, 127 Cal. App. 4th 305 (2005) | 5 |
| 7 | *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303 (N.D. Cal 1997) | 11 |
| 8 | *Small v. Fritz Cos.,* 30 Cal. 4th 167 (2003) | 6, 7 |
| 9 | *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434 (2003) | 5 |
| 10 | *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142 (C.D. Cal. 2005) | 9 |

**STATUTES**

Cal. Bus. & Prof. Code § 17203 .......................................................................................... 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

iii

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kerry Killinger hereby respectfully moves to dismiss Plaintiffs' Complaint. In support thereof, Mr. Killinger provides the following memorandum.

**INTRODUCTION**

Plaintiffs inherited Washington Mutual, Inc. ("WMI") common stock from their parents in 2005 and held that stock through WMI's bankruptcy in 2008. In March 2011, nearly two-and-a-half years after WMI filed for bankruptcy, Plaintiffs filed this lawsuit against Mr. Killinger. They allege, in a purely conclusory fashion, that Mr. Killinger somehow induced them into retaining their WMI shares and is liable for the decline in value of those shares. This Court has already addressed and dismissed similar "holder" claims in this MDL based on strict pleading requirements. Plaintiffs' bare-bones Complaint, consisting entirely of 37 paragraphs, does not come close to meeting these requirements. More importantly, the few "substantive" allegations Plaintiffs do include demonstrate that they either lack standing or cannot satisfy required elements of their claims. All of Plaintiffs' claims should therefore be dismissed.

First, Plaintiffs assert claims directly against Mr. Killinger for breach of fiduciary duty and negligence, asserting that he mismanaged WMI. Notwithstanding that Plaintiffs have pled no supporting facts, Plaintiffs lack standing to bring these claims. Any claim alleging that corporate officers mismanaged the company belongs to the corporation, not shareholders. In dismissing nearly identical claims in *Sweet v. Killinger*, this Court explained that "a shareholder asserting a claim that a corporate officer defrauded or mismanaged the corporation must demonstrate that the shareholder suffered a 'special injury' distinct from the injury suffered by all shareholders." Order Granting Motion to Dismiss, *Sweet v. Killinger*, No. 2:09-cv-01718 MJP (W.D. Wash. July 15, 2010) (Dkt. No. 89) ("*Sweet* Order") at 4. Just as in *Sweet*, Plaintiffs here allege only that the value of their WMI stock declined, an injury shared by all WMI stockholders.

Second, Plaintiffs assert a claim under California law for fraud, claiming that Mr. Killinger made misleading statements regarding WMI's lending strategy and financial performance. However, Plaintiffs do not even attempt to plead this claim with the particularity required under

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

1

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs do not identify any statement that they claim was misleading, let alone with the specificity that Rule 9(b) requires.

Moreover, as this Court held in two other MDL cases against Mr. Killinger, plaintiffs seeking to pursue a fraud claim under California law must plead facts showing that they *actually relied* on specific alleged misrepresentations in deciding to hold their stock. To satisfy the reliance requirement in a "holder" claim, Plaintiffs must identify when they saw or heard the alleged misstatement, how they heard or read the statement, and when and how many shares they would have sold had they possessed truthful information. Plaintiffs here not only fail to provide these required facts, but *affirmatively disclaim* reliance in their Complaint. They allege that they did not wish to sell their WMI stock, but instead wanted to keep it as a tribute to their parents. Comp., ¶ 7. Plaintiffs' own allegations, therefore, refute their fraud claim.

Third, Plaintiffs assert a claim for unfair business practices under Section 17200 of the California Business and Professions Code. That provision allows claims seeking injunctive relief or restitution based on certain "unlawful, unfair or fraudulent business" acts or practices. This claim fails for the same reasons as the fraud claim, but even if Plaintiffs could allege any specific facts, this statute cannot afford Plaintiffs any relief. Decisions interpreting Section 17200 make clear that it does not apply to securities transactions and does not provide a vehicle for shareholders to allege that the corporation was mismanaged. Moreover, Plaintiffs cannot invoke Section 17200 because Plaintiffs do not seek either restitution or an injunction, and even if they had sought such remedies, Plaintiffs would not be eligible to receive them from Mr. Killinger.

Thus, each of Plaintiffs' claims should be dismissed with prejudice. Despite the fact that the governing standards were long settled, and indeed applied by this Court to similar claims against Mr. Killinger well before Plaintiffs sued, Plaintiffs have not come close to satisfying these standards. Indeed, amendment would be futile as the allegations which do appear in the Complaint demonstrate Plaintiffs have no claim.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

2

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# BACKGROUND

Plaintiffs filed this action against Mr. Killinger, John Ngo,[1] and unnamed defendants on March 10, 2011 in the Superior Court of California, County of San Diego. Mr. Killinger timely removed the case to the U.S. District Court for Southern District of California on April 4, 2011 and promptly thereafter notified the Judicial Panel on Multidistrict Litigation (the "JPML") of the suit. JPML transferred the case to this Court on August 9, 2011, and this Court denied Plaintiffs' motion to remand on October 6, 2011.

The Complaint alleges that Plaintiffs' parents owned stock in Home Savings and Loan of America before it was acquired by WMI in 1998. Comp., ¶ 6. Upon the acquisition by WMI, Plaintiffs' parents received shares of WMI common stock. *Id.*, ¶ 7. Plaintiffs inherited that stock in 2005, each receiving 756 shares. *Id*. Plaintiffs "were quite reluctant to touch this stock as a tribute to their father, the straight laced banker." *Id.* Indeed, Plaintiffs continued to hold their shares of WMI until WMI's bankruptcy in September 2008.

Plaintiffs allege in a very general manner that Mr. Killinger implemented an overly risky lending strategy at WMI, but the Complaint does not allege any facts, let alone specific facts, showing why or how Mr. Killinger could plausibly be responsible for any of Plaintiffs' losses. Instead, Plaintiffs provide a few passing references to a speech by United States Senator Carl Levin, some news articles regarding the Senate investigation of the financial crisis, and editorials. The Complaint does not identify any statements by Mr. Killinger that were misleading or any specific action by him that caused Plaintiffs not to sell their WMI stock.

---

[1] There are no allegations in the Complaint connecting Mr. Killinger with Mr. Ngo or explaining why (other than to defeat removal) Mr. Ngo was added as a defendant. It does not appear that Plaintiffs have ever made any attempt to serve Ngo with a summons or complaint.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

3

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# ARGUMENT

## I. PLAINTIFFS LACK STANDING TO BRING CLAIMS FOR BREACH OF FIDUCIARY DUTY OR NEGLIGENCE.

In their First Cause of Action, Plaintiffs allege that Mr. Killinger breached his fiduciary duties to WMI shareholders by adopting an overly risking lending strategy and selling "toxic financial products" which were "very, very bad for [the] company and its shareholders." Comp., ¶ 16. Plaintiffs claim that these breaches injured them by reducing the value of the WMI stock they held. *Id.* In their Fourth Cause of Action, Plaintiffs also assert a direct claim for negligence against Mr. Killinger based on the same theory and factual allegations. *Id.*, ¶ 33.

Plaintiffs lack standing to pursue these claims directly against Mr. Killinger because they are derivative and must be brought, if at all, in the name of the corporation. In *Sweet*, this Court dismissed breach of fiduciary duty and negligence claims against Mr. Killinger based on nearly identical allegations. *Sweet* Order at 4. As the Court explained, claims alleging that a "corporate officer defrauded or mismanaged the corporation" belong to the corporation and ordinarily cannot form the basis for a lawsuit by a shareholder directly against the officer. *Id.* A shareholder has standing to bring a direct claim based on allegations of mismanagement only if the shareholder can demonstrate that it suffered a "special injury" that is distinct from the injury suffered by all shareholders. *Id.* "'A special injury is established where there is a wrong suffered by the shareholder not suffered by all shareholders generally or where the wrong involves a contractual right of the shareholders, such as the right to vote.'" *Id.* (quoting *Loewen v. Galligan*, 130 Or. App. 222, 228 (1994)). Where the Plaintiffs' injury is merely a decline in stock value, there is no special injury – and thus no standing to bring a direct claim – because this is an injury suffered by all shareholders. *Id.* The Court dismissed the *Sweet* claims because the shareholder-plaintiffs merely alleged a decline in the value of their WMI stock. *Id.*

In fact, the only distinction between the *Sweet* case and Plaintiffs' Complaint is that the former involved Oregon law and Plaintiffs seek to invoke California law. This is a distinction without a difference because California law is identical to Oregon on this issue. "Under

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

4

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

California law, 'a shareholder cannot bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock . . . .'" *Schuster v. Gardner*, 127 Cal. App. 4th 305, 312 (2005) (quoting Friedman, Cal. Practice Guide: Corporations, ¶6:601.1, p. 6-128.1). *See also Bader v. Anderson*, 179 Cal. App. 4th 775, 788 (2009) (shareholders could not maintain direct claims against corporate officers based on bonus payments and stock option grants because any claims belonged to the corporation; the shareholders' alleged injury – reduction in stock value – was incidental); *Avikian v. WTC Fin. Corp.*, 98 Cal. App. 4th 1108, 1111, 1115-16 (2002) (plaintiffs could not maintain direct action against corporate officers based on alleged mismanagement and self-dealing because their injury – loss in value of investments in company – were suffered by all investors generally).[2]

The *Sweet* decision is directly on point. Just as in that case, Plaintiffs here claim that as a proximate result of Mr. Killinger's alleged actions, the value of their WMI stock declined. Comp., ¶ 16. They point to no other injury. A stock price decline is an injury suffered by all WMI shareholders, and therefore, Plaintiffs have no standing to pursue these claims against Mr. Killinger. Accordingly, Plaintiffs' fiduciary duty and negligence claims should be dismissed.

## II. PLAINTIFFS DID NOT AND CANNOT PLEAD A FRAUD CLAIM.

Plaintiffs' California law fraud claim, their Second Cause of Action, should be dismissed because Plaintiffs failed to plead any of the requisite facts. This Court has articulated the standard that a plaintiff must satisfy in order to sufficiently plead fraud under California law in two prior decisions in this MDL. *See* Order Granting the Director Defendants' and Deloitte & Touche LLP's Motions to Dismiss, *Solton v. Killinger*, No. 08-MD-1919 MJP (W.D. Wash. April 28, 2010) (Dkt. No. 581) ("*Solton* Order") at 10-11; Order Granting In Part and Denying In Part Defendants'

---

[2] As WMI is incorporated in Washington, Washington law should govern. *See State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 442 (2003). The result would still be the same under Washington law. *See, e.g., McLeod v. Estes*, No. 19152-4-III, 2001 WL 497080, at *3 (Wash. Ct. App. May 10, 2001) ("This means that even if the stockholder has suffered indirect harm, such as a diminution in the value of his or her corporate shares due to a wrong done to the corporation by a third party, the stockholder still does not have an individual right of action.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

5

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  Motions to Dismiss, *Flaherty v. Killinger*, No. 2:09-cv-01756-MJP; 08-MD-1919 JMP (W.D.
2  Wash. June 21, 2010) (Dkt. No. 97) ("*Flaherty* Order") at 8-9.
3        Rule 9(b) imposes a heightened pleading standard, requiring that "the circumstances
4  constituting fraud or mistake . . . be stated with particularity." Under Rule 9(b), a plaintiff must
5  plead his claim with "particularized allegations of the circumstances constituting fraud," which
6  should include "[t]he time, place, and content of an alleged misrepresentation" in addition to "the
7  circumstances indicating falseness." *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir.
8  1994) (emphasis omitted). "'[C]onclusory allegations of fraud . . . punctuated by a handful of
9  neutral facts'" are insufficient. *Id.* at 1548 (citation omitted). Ultimately, "[t]he plaintiff must set
10 forth what is false or misleading about a statement, and why it is false." *Id.* Rule 9(b) permits the
11 plaintiff to plead intent and knowledge generally, but the plaintiff still has the obligation to "'set
12 forth facts from which an inference of scienter could be drawn.'" *Cooper v. Pickett*, 137 F.3d 616,
13 628 (9th Cir. 1997) (quoting *GlenFed*, 42 F.3d at 1546).
14       Plaintiffs do not come close to satisfying Rule 9(b). Plaintiffs do not even identify any
15 statements that they claim were false or misleading. Instead, they merely allege in a purely
16 conclusory fashion that Mr. Killinger engaged in fraud. Comp., ¶¶ 20-21. This is plainly
17 insufficient, and Plaintiffs' fraud claim should be dismissed on this basis alone.
18       Beyond this, however, Plaintiffs' Complaint demonstrates that Plaintiffs cannot allege a
19 fraud claim. As this Court held in *Solton* and *Flaherty*, a plaintiff seeking to pursue a claim for
20 fraud under California law must allege facts showing that the Plaintiffs actually relied upon the
21 alleged misstatements. *See Solton* Order at 10-11; *Flaherty* Order at 7-8. *See also Mirkin v.*
22 *Wasserman*, 5 Cal. 4th 1082, 1088 (1993) (a cause of action for fraud requires the plaintiff to allege
23 that "he or she actually relied on the misrepresentation."). Where, as here, the plaintiff is seeking to
24 pursue a "holder" claim, the plaintiff must allege "specific reliance on the defendants'
25 representations: for example, that if the plaintiff had read a truthful account of the corporation's
26 financial status the plaintiff would have sold the stock, how many shares the plaintiff would have
27 sold, and when the sale would have taken place." *Small v. Fritz Cos.,* 30 Cal. 4th 167, 192 (2003)

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT KERRY KILLINGER'S
MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP
    6    
**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  (emphasis omitted). "The plaintiff must allege actions, as distinguished from unspoken and
2  unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the
3  misrepresentations." *Id.* at 184; *see also Sweet* Order at 9-10 (finding that plaintiffs who had
4  alleged a "holder" claim had failed to allege reliance because they provided "no details about when
5  they read the statements, who gave them the statements, or even what statements were made to
6  them" or "about how many shares they would have sold or when the sale would have taken place
7  had they heard truthful information.").

8  Plaintiffs allege none of these required facts. Instead, they make a blanket and conclusory
9  allegation of reliance. Comp., ¶ 22 ("Plaintiffs reasonably relied upon the above misstatements and
10 non-disclosures by forbearing from the sale of said shares."). More importantly, the facts they do
11 allege show that Plaintiffs did not rely on any alleged misstatements. Plaintiffs allege in their
12 Complaint that after they inherited their shares of WMI stock, they "were quite reluctant to touch
13 this stock as a tribute to their father, the straight laced banker." Comp., ¶ 7. This allegation is fatal
14 to Plaintiffs' fraud claim as it demonstrates that Plaintiffs were not persuaded to keep their WMI
15 stock by anything Mr. Killinger said. To the contrary, they intended to keep their WMI stock as a
16 tribute to their father. Consequently, Plaintiffs do not – and cannot – allege that they relied on any
17 statements by Mr. Killinger. Their fraud claim should be dismissed.

### III. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW.

20 In their Third Cause of Action, Plaintiffs allege that Mr. Killinger violated California's
21 unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq* ("UCL"). The UCL is a
22 consumer protection statue designed to "'promot[e] fair competition in commercial markets for
23 goods and services.'" *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1092 (2007) (citation
24 omitted). There are a host of fatal defects with trying to assert a UCL claim here. Plaintiffs do
25 not meet the pleading requirements of a UCL action, nor even specify which of the UCL prongs
26 under which they are proceeding. Moreover, courts have refused to allow UCL claims to recover
27 damages – which is the only relief Plaintiffs seek – and instead have allowed UCL claims only

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT KERRY KILLINGER'S
MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

7

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

for injunctive relief or restitution.  Neither of those remedies is relevant here or included by Plaintiffs in their Prayer for Relief.  The UCL also does not apply to the internal management of a corporation or permit claims by shareholders alleging mismanagement or to securities transactions.

### A. Plaintiffs Have No Standing to Pursue A Section 17200 Claim.

Plaintiffs' Complaint makes clear they have no basis to proceed with a Section 17200 claim.  The only relief Section 17200 provides is equitable:  an injunction or restitution.  Cal. Bus. & Prof. Code § 17203.  As their Prayer for Relief makes clear, Plaintiffs seek neither.  Instead, Plaintiffs seek damages – the decline in value of their WMI stock – and disgorgement of bonuses paid to Mr. Killinger.  Comp., ¶ 37.  Neither damages nor disgorgement are permissible remedies under Section 17200.

California courts have long held that the equitable remedy of restitution is "the only monetary remedy" authorized by the UCL.  *See Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 128-29 (2000).  In *Kraus*, the California Supreme Court defined an order for "restitution" as one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person."  *Id.* at 126-27.  In *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003), the Court clarified that "[u]nder the UCL, an individual may recover profits unfairly obtained" only if those profits "represent monies given to the defendant or benefits in which the plaintiff has an ownership interest."  *Id.* at 1148.  Restitution "'includes two separate components.  The offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep.'"  *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005) (citations omitted).  In other words, it must be possible to trace the money from the plaintiff's pocket to the defendant's pocket, and the defendant must have wrongfully obtained that money from the plaintiff.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

8

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Plaintiffs' alleged losses – the decline in value of stock they continued to own – were not "acquired" by Mr. Killinger and thus are not "restitutionary." *See Korea Supply*, 29 Cal. 4th at 1149 ("Any award that plaintiff would recover from defendants would not be restitutionary as it would not replace any money or property that defendants took directly from plaintiff."); *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1461 (2008) ("Defendants cannot be required to return or restore to intervener something they never obtained."), *abrogated on other grounds by Martinez v. Combs,* 49 Cal. 4th 34 (2010); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (holding that party could not recover for decline in the value of its business pursuant to UCL). Mr. Killinger did not receive the value that Plaintiffs claim to have lost.

Moreover, the disgorgement of Mr. Killinger's compensation that Plaintiffs want is not restitutionary because that compensation did not come from Plaintiffs, and they have no ownership interest in it. Disgorgement is distinct from restitution. It involves the "'surrender of all profits earned as result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice.'" *Korea Supply*, 29 Cal. 4th at 1145 (citation omitted). In *In re Charles Schwab Corp. Sec. Litig.*, 264 F.R.D. 531 (N.D. Cal. 2009), the plaintiffs in a UCL action sought disgorgement of compensation received by a Charles Schwab officer. The court rejected that claim. The officer "did not 'take' his compensation from plaintiffs through an unfair business practice, and plaintiffs never had an 'ownership interest' in Mr. Daifotis' compensation. Mr. Daifotis received compensation *from his employer*. The compensation does not qualify for restitution." *Id.* at 540. The same rationale applies here. Mr. Killinger received his compensation from his employer, WMI, not Plaintiffs. They have no claim on his compensation, and their Section 17200 should be dismissed.

**B. Plaintiffs Have No Standing To Bring a UCL Based on Mr. Killinger's Management of WMI**.

As noted above, Plaintiffs' Complaint is less than clear as to the basis for the UCL claim they seek to pursue. To the extent that they are attempting to base a UCL claim on their

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

9

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

allegations that Mr. Killinger mismanaged WMI, Plaintiffs' claim should also be dismissed for lack of standing to pursue that claim.

A Section 17200 claim that alleges an injury to the corporation with incidental general injuries to all shareholders – *e.g.*, a reduction in stock value – is derivative in nature and cannot be brought by shareholders directly against corporate officers or directors. *See Mieuli v. DeBartolo*, No. C-00-3225 JCS, 2001 WL 777091, at *15-16 (N.D. Cal. May 7, 2001) (dismissing plaintiffs' claims under Section 17200 because the action was derivative, rather than direct, in nature). The analysis is the same here as with Plaintiffs' fiduciary duty and negligence claims. *Id.* Thus, in *Bader*, the plaintiffs challenged bonuses, stock options, and other compensation provided by Apple to certain officers and directors. Plaintiffs, along with claims for breach of fiduciary duty, asserted a Section 17200 claim. The court concluded that all of these claims were derivative in nature because the injury, if any, was suffered by the corporation. 179 Cal. App. 4th at 840-41. Thus, shareholders had no standing to pursue direct claims, and the complaint was dismissed. *Id.*

Because the UCL was not meant to and does not permit plaintiffs to bring corporate mismanagement claims, Plaintiffs have no standing to bring such claims here. This is a further reason why Plaintiffs' UCL claim should be dismissed.

**C.     Section 17200 Does Not Apply To Securities Transactions**.

To the extent that Plaintiffs are attempting to use Section 17200 to allege a claim for securities fraud, that claim must also fail because Section 17200 does not apply to securities transactions. *Bowen v. Ziasun Technologies, Inc.*, 116 Cal. App. 4th 777, 790 (2004). Section 17200 was designed to protect consumers from deception and the effects of unfair competition; it was not intended to regulate securities transactions. *Id.* at 787-89. *See also Betz v. Trainer Wortham & Co., Inc.*, No. C 03-0321 SI, 2011 WL 1990565, at *6 (N.D. Cal. May 23, 2011) (Section 17200 does not apply to securities transactions); *San Francisco Residence Club, Inc., v. Amado,* 773 F. Supp. 2d 822, 833-34 (N.D. Cal. 2011) (same).

**D.     Plaintiffs' UCL Claim Is Fatally Vague**.

California Business and Professions Code Section 17200 prohibits unfair competition,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

10

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

which is defined as "any unlawful, unfair or fraudulent business act or practice." Because Section 17200 is written in the disjunctive, it establishes three varieties (or "prongs") of unfair competition – acts or practices that are unlawful, or unfair, or fraudulent. *See, e.g., Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 351 (2004).

A UCL complaint must identify the specific prong under which the plaintiff seeks recovery because the pleading requirements of each prong are separate and distinct. Specifically, actions under the "unlawful" prong must allege a specific law or laws that the defendant violated. *See, e.g., People v. McKale*, 25 Cal. 3d 626, 635 (1979); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 618-19 (1993). Similarly, claims under the "unfair" prong must identify a specific "violation of an antitrust law, or violat[ion of] the policy or spirit of one of those laws" by the defendant. *Cel-Tech Commc'ns Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 187 (1999). Moreover, under either of these UCL prongs, the plaintiff must provide facts showing that the defendant's conduct was illegal or unfair. Even under the relaxed pleading standards of Rule 8, Plaintiffs must at least provide facts rising to the level of "reasonable particularity." *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1316 (N.D. Cal 1997) (stating that parties alleging unfair or unlawful business practices "'must state with reasonable particularity the facts supporting the statutory elements of the violation.'") (citing *Khoury,* 14 Cal. App. 4th at 619). Further, allegedly fraudulent acts under the third UCL prong must be set forth with specificity as to the misrepresentation or misleading conduct. *See, e.g., Heald v. National City Mortgage,* No. 11CV904 JLS (NLS), 2011 WL 5513226, at *8-9 (S.D. Cal. Nov. 10, 2011) (applying Rule 9(b) to the plaintiffs Section 17200 claim).

Here, Plaintiffs merely allege that Mr. Killinger "committed the above and below referenced acts, which constitute illegal and unfair business practices upon the public in accordance with B & P section 17200 et seq." Comp., ¶ 29. Plaintiffs thus do not identify which of the UCL prongs under which they are attempting to proceed or provide any of the facts required to bring a UCL claim.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

11

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

| | |
|---|---|
| 1 | Indeed, it appears that Plaintiffs are simply trying to recast their other claims as claims |
| 2 | under Section 17200. This is forbidden, especially given that their other claims are fatally |
| 3 | defective. *See, e.g., Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (the |
| 4 | UCL "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in |
| 5 | other possible causes of action by recasting those causes of action as ones for unfair |
| 6 | competition."); *see also Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002) |
| 7 | (same). Accordingly, Plaintiffs' UCL claim should be dismissed. |

## IV. PLAINTIFFS' REMAINING CLAIMS SHOULD BE DISMISSED.

Plaintiffs' remaining claims for conspiracy (Fifth Cause of Action) and Declaratory Relief (Sixth Cause of Action) should also be dismissed because each depends on a viable substantive cause of action. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006) (civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed); *Everest Investors 8 v. Whitehall Real Estate Limited Partnership XI*, 100 Cal. App. 4th 1102, 1106 (2002) (conspiracy must be activated by commission of an actual tort); *California School Boards Assoc. v. State Board of Education*, 186 Cal. App. 4th 1298, 1313 n.11 (2010) (dismissing claim for declaratory relief because all underlying substantive claims had failed). As Plaintiffs' substantive causes of action fail, their conspiracy and declaratory relief claims should be dismissed as well.

## CONCLUSION

For all the reasons set forth herein, Defendant Kerry Killinger respectfully requests that the Court grant his motion to dismiss the Complaint. Dismissal here should be with prejudice because any amendment would be futile given the fundamental defects in Plaintiffs' claims. The Plaintiffs, as they have admitted, did not rely on any statements by Mr. Killinger and so cannot pursue a fraud claim. The injury they claim to have suffered – a decline in the value of their WMI stock – cannot support a claim against Mr. Killinger. Amendment of the Complaint would thus be futile.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

12

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Dated: December 7, 2011

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Barry M. Kaplan
    Barry M. Kaplan

Barry M. Kaplan (Bar. No. 128561)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: bkaplan@wsgr.com

Jerome F. Birn, Jr., (*Admitted Pro Hac Vice*)
Daniel W. Turbow (*Admitted Pro Hac Vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 95304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jbirn@wsgr.com
Email: dturbow@wsgr.com

*Attorneys for Defendant
Kerry Killinger*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KERRY KILLINGER'S MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

13

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2011, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all known counsel of record, and caused it to be served by overnight mail, postage prepaid upon the following:

Michael M. Angello
Attorney at Law
3122 North Mountain View Drive
San Diego, CA 92116

*Attorney for Plaintiffs*

No address is currently available for Defendant John Ngo.

    /s/ Barry M. Kaplan
Barry M. Kaplan, WSBA #8661

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT KERRY KILLINGER'S
MOTION TO DISMISS THE COMPLAINT
2:08-MD-1919 MJP

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699